ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com

MICHAEL D. NAPOLI, ESQ.
*PRO HAC VICE*
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4360
Facsimile:  (214) 720-8116
Email: michael.napoli@akerman.com

Attorneys for Defendant/ Counterclaim Plaintiff
TECUMSEH – INFINITY MEDICAL
RECEIVABLES FUND, L.P.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC, *dba* INFINITY HEATH CONNECTIONS<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant/Counterclaim Plaintiff<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, and ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br><br>Counterclaim Defendants. | Adversary Case No. 21-01167-abl<br><br><br><br>**TECUMSEH-INFINITY MEDICAL   RECEIVABLES FUND, LP'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**<br><br>Hearing Date (Scheduling Conf.):<br>Feb. 22, 2022<br>Hearing Time: 10:00 a.m.<br>Estimated Time: 30 mins. |

60961134;2

Defendant, Tecumseh–Infinity Medical Receivables Fund LP, by and through undersigned counsel, files its Answer, Affirmative Defenses and Counterclaim.

## ANSWER

1. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Adversary Complaint (ECF No. 1) (the "Complaint").

2. Defendant admits the allegation contained in paragraph 2 of the Complaint.

3. Defendant denies that any property implicated by Complaint is property of Debtor's estate. Defendant admits any remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. The documents are not attached to the Complaint and otherwise speak for themselves. The Defendant is without knowledge and therefore denies any remaining allegations set forth in paragraph 5 of the Complaint.

6. The UCC-1 is not attached to the Complaint and speaks for itself. The Defendant is without knowledge and therefore denies any remaining allegations set forth in paragraph 6 of the Complaint.

7. The documents are not attached to the Complaint and speak for themselves. The Defendant is without knowledge and therefore denies any remaining allegations set forth in paragraph 7 of the Complaint.

8. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 8 of the Complaint.

9. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 9 of the Complaint.

10. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 10 of the Complaint.

60961134;2

1  11.  The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 11 of the Complaint.

12.  The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 12 of the Complaint.

13.  The Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14.  Defendant admits that it had knowledge of the MLA, but denies the remaining allegations set forth in paragraph 14 of the Complaint.

15.  The Defendant is without knowledge as to the allegations in paragraph 15 of the Complaint and therefore denies same.

16.  The Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17.  The Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18.  The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 18 of the Complaint.

19.  The Defendant admits the allegations set forth in paragraph 19 of the Complaint.

20.  The Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.  The Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.  Plaintiff improperly alleges a legal conclusion which is denied.  Any remaining allegations in paragraph 22 of the Complaint are denied.

23.  Plaintiff improperly alleges a legal conclusion which is denied.  Any remaining allegations in paragraph 23 of the Complaint are denied.

24.  Plaintiff improperly alleges a legal conclusion which is denied. Defendant denies all remaining allegations in paragraph 24 of the Complaint.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

25. Plaintiff improperly alleges a legal conclusion which is denied. Defendant denies all remaining allegations in paragraph 25 of the Complaint.

26. Plaintiff improperly alleges a legal conclusion which is denied. Defendant denies all remaining allegations in paragraph 26 of the Complaint.

27. The Defendant denies the allegations set forth in paragraph 27 of the Complaint

28. The Defendant admits that it did not file any UCC-1 financing statement, but denies the remaining allegations set forth in paragraph 28 of the Complaint, as filing an UCC-1 is not required for perfection.

29. The Defendant admits the allegations set forth in paragraph 29 of the Complaint.

30. The Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. Plaintiff improperly alleges a legal conclusion which is denied. Defendant denies all remaining allegations in paragraph 31 of the Complaint.

32. The Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. Plaintiff improperly alleges a legal conclusion which is denied. Defendant denies all remaining allegations in paragraph 33 of the Complaint.

34. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 34 of the Complaint.

35. The responses set forth above are realleged and reaverred as if fully set forth herein.

36. The Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. The Defendant denies the allegations set forth in paragraph 37 of the Complaint.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

38. The Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. The responses set forth above are realleged and reaverred.

40. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 40 of the Complaint.

41. The Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. The Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43. The Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44. The Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. The Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. The Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47. The Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. Each and every allegation not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Federal Rule of Civil Procedure 19, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7019, defines a "required party" as a person in whose "absence, the court cannot accord complete relief among existing parties" or a person whose own interests would be adversely affected if he were not joined. Fed. R. Civ. P. 19(a)(1). Plaintiff fails to name Robert E. Atkinson, the duly appointed chapter

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

7 trustee, as a party. Given that a dispute exists as to whether the Disputed Accounts are property of the chapter 7 bankruptcy estate, the chapter 7 trustee is an indispensable party in whose absence the bankruptcy court cannot accord complete relief.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the Disputed Assets which are not property of the chapter 7 bankruptcy estate.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for declaratory relief because it has a legal remedy, *to wit,* foreclosure of its alleged security interest in the Disputed Accounts. In a legal foreclosure action, the Court must determine the priority of liens.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for declaratory relief because such relief will not be useful and will be futile because the Court lacks jurisdiction over the Disputed Assets, and Plaintiff must bring a legal foreclosure action under the Uniform Commercial Code to determine the priorities of the parties in the Disputed Accounts.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for declaratory relief because the UCC-1 purporting to evidence perfection of Plaintiff's claimed interest in the Disputed Accounts is not attached to the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Debtor possesses bare legal title of the Disputed Accounts as a purchase money resulting trust existed by operation of law pre-petition under South Carolina, by which the Disputed Assets were held in trust by Debtor for the benefit of Tecumseh, as provider of the purchase monies. South Carolina law recognizes purchase money resulting trusts arise to effectuate the intent of the parties where one party pays for property, in whole or in part, that for a different reason is titled in the name of another. *Donnan v. Mariner*, 529 S.E.2d 754, 758 (S.C. App. 2000). Resulting trusts arise by

operation of law and may be proved by parol evidence. *Campbell v. Campbell*, 386 S.E.2d 305, 306 (S.C. App. 1989). A resulting trust may arise in personalty. *McDowell v. S.C. Dept. of Soc. Services*, 370 S.E.2d 878 (S.C. App. 1987).

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff was aware of the nature of the Defendant's business relationship with the Debtor and authorized payments to Tecumseh from the Debtor on account of certain receivables purchased by Tecumseh under the Sub-Advisor Agreement. Debtor and the Defendant relied upon such representations and Plaintiff's change in position—asserting that the Defendant does not own the medical receivables and that it was not authorized to receive payment on the Disputed Accounts (including the Overlap Receivables) —is detrimental to the Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff was aware of the nature of the Defendant's business relationship with the Debtor and authorized payments to Tecumseh on account of certain receivables purchased by Tecumseh under the Sub-Advisor Agreement. Through this conduct, the Plaintiff has waived any rights it might have to such payments.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff would be unjustly enriched—at the expense of the Defendant—should the Court declare the Disputed Accounts to be property of Chapter 7 bankruptcy estate and subject to the Plaintiff's lien.

### COUNTERCLAIM

Defendant/Cross Plaintiff, Tecumseh–Infinity Medical Receivables Fund, LP ("Tecumseh"), by and through undersigned counsel, asserts its counterclaim against Plaintiff/Cross Defendant, HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect") and Robert E. Atkinson, chapter 7 trustee ("Trustee") for the bankruptcy estate of Infinity Capital Management, Inc. ("Debtor") and alleges:

**GENERAL ALLEGATIONS**

1. Tecumseh is engaged in the business of purchasing certain receivables from medical providers.

2. The receivables arise from medical treatment provided to individuals injured in accidents and subsequently asserting personal injury claims (the "Plaintiff(s)").

3. Underinsured or indigent plaintiffs often assign their right to recover the cost of their medical care to a treating medical provider, securing such assignment with the proceeds of the plaintiff's personal injury claims (the "Settlement Proceeds").

4. At all times relevant hereto, Debtor held itself out as an expert in the personal injury medical receivables field.

5. On June 18, 2020, Tecumseh entered into a Sub-Advisory Agreement (as amended) ("Sub-Advisor Agreement") with Debtor.

6. The Sub-Advisor Agreement is governed by and interpreted under the laws of the state of South Carolina.

7. The Sub-Advisor Agreement called for Debtor to identify, underwrite and negotiate the purchase of receivables by Tecumseh from medical providers, subject to Tecumseh's approval.

8. Upon such approval, Tecumseh would make necessary arrangements to remit payment for the receivables directly to the medical providers.

9. Pursuant to the terms of the Sub-Advisor Agreement, in connection with each receivable approved for purchase by Tecumseh, Debtor was to obtain a lien from Plaintiffs in favor of Tecumseh and against the Settlement Proceeds, in an amount totaling the retail cost of all receivables provided to each Plaintiff.

10. Pursuant to the terms of the Sub-Advisor Agreement, in connection with each receivable approved for purchase by Tecumseh, Debtor was also to obtain a contract which involved an assignment of interest in a receivable between Tecumseh

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

and the medical service provider to evidence the sale of the receivable to Tecumseh by the medical service provider.

11. Through and including September 2021, Tecumseh approved and purchased receivables totaling approximately $26.7 million dollars (face amount) under the terms of its Sub-Advisor Agreement with Debtor (collectively, the "Tecumseh Receivables").

12. The purchase monies for all of the Tecumseh Receivables were paid by Tecumseh.

13. Debtor was responsible for servicing the Tecumseh Receivables on Tecumseh's behalf, and all collections and recoveries from the Tecumseh Receivables were deposited into Tecumseh's bank account.

14. At all times relevant hereto, Tecumseh owned the legal and equitable interests in the Tecumseh Receivables. Debtor did not hold or claim an ownership interest in the Tecumseh Receivables, and Debtor treated the Tecumseh Receivables as property belonging to and owned by Tecumseh.

## FIRST CLAIM FOR RELIEF
## (DECLARATORY RELIEF AGAINST TRUSTEE AND HASELECT)

15. Tecumseh realleges and reavers the allegations set forth in paragraphs 1 through 14 above.

16. Pursuant to the terms of the Sub-Advisor Agreement, Debtor was to (i) obtain a contract involving an assignment of interest in a receivable between Tecumseh and the medical service provider to evidence the sale of the receivable to Tecumseh by the medical service provider; and (ii) obtain an assignment of the lien against the Settlement Proceeds.

17. The Tecumseh Receivables purchased by Tecumseh under the Sub-Advisor Agreement have a face value of approximately $26.7 million dollars.

18. The purchase monies for the Tecumseh Receivables were paid by Tecumseh.

60961134;2

19. Debtor was responsible for servicing the Tecumseh Receivables on Tecumseh's behalf, and all collections and recoveries from the Tecumseh Receivables were deposited into Tecumseh's bank account.

20. Debtor did not hold or claim an ownership interest in the Tecumseh Receivables, and Debtor treated the Tecumseh Receivables as property belonging to and owned by Tecumseh.

21. To the extent necessary, Tecumseh's interest in the Tecumseh Receivables is perfected under the Uniform Commercial Code.

22. This is an action for entry of a declaratory judgment determining that the Tecumseh Receivables are owned legally and equitably by Tecumseh and, as such, the Tecumseh Receivables are not property of Debtor's bankruptcy estate.

23. Through its Complaint, HASelect claims a security interest in the Tecumseh Receivables and seeks entry of a declaratory judgment against Tecumseh finding that its claimed interest in the Tecumseh Receivables is superior to the interests of Tecumseh and that it is entitled to possession of the Tecumseh Receivables.

24. HASelect improperly concludes that the Tecumseh Receivables are property of the chapter 7 estate and that, as such, the Court has jurisdiction over the Tecumseh Receivables.

25. The parties are in doubt as to their rights and interests in the Tecumseh Receivables, and there is a genuine dispute as to whether the Tecumseh Receivables belong to the chapter 7 bankruptcy estate or Tecumseh.

26. By the terms and provisions of 28 U.S.C. §§ 2201, 2202 and Fed. R. Bankr. P. 7001(9) and 11 U.S.C. § 105, this Court is vested with the power to declare the rights and liabilities of the parties and to grant such other future relief as may be necessary.

**WHEREFORE**, the Counter-Plaintiff, Tecumseh, demands judgment in its favor and against Counter Defendants, HASelect and the Trustee:

60961134;2

i. Declaring Tecumseh to be the legal and equitable owner of the Tecumseh Receivables, and finding that the Tecumseh Receivables are not property of Debtor's Chapter 7 bankruptcy estate and, thus, not subject to HASelect's all asset lien;

ii. Declaring that HASelect's claimed lien does not extend to or encumber the Tecumseh Receivables;

iii. Awarding Tecumseh its attorney's fees and costs; and

iv. Granting Tecumseh such further and additional relief as may be just and equitable

## SECOND CLAIM FOR RELIEF
## (DECLARATORY RELIEF AGAINST TRUSTEE AND HASELECT)

27. Tecumseh realleges and reavers the allegations set forth in paragraphs 1 through 26 above.

28. Pleading strictly in the alternative, this an action for entry of a declaratory judgment determining that: (i) a resulting trust arose pre-petition in favor of Tecumseh as to any Tecumseh Receivables titled in the name of Debtor, so that Debtor therefore possesses only bare legal title to same; and, as such, (ii) the Tecumseh Receivables are not property of Debtor's Chapter 7 bankruptcy estate.

29. Tecumseh paid for the Tecumseh Receivables it purchased from medical providers, and Tecumseh was contractually entitled to a direct assignment of all rights, title and interests in the purchased receivables from the medical provider.

30. Debtor never intended to acquire any ownership interest – legally or equitably – in the Tecumseh Receivables. A portion of the Tecumseh Receivables may be legally titled in the name of Debtor, despite the furnishing of the purchase monies by Tecumseh and Debtor's intent not to take any form of ownership in the Tecumseh Receivables.

31. Section 541(d) of the Bankruptcy Code provides,

> Property in which the debtor holds, as of the commencement of the case, **only legal title and not an equitable interest**, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as

to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d) (emphasis added).

32. Determining Debtor's rights and interests in any Tecumseh Receivables titled in the name of Debtor requires the application of the law of the State of South Carolina. *Butner v. United States*, 440 U.S. 48, 55 (1979) (property interests are created and defined by state law).

33. South Carolina recognizes purchase money resulting trusts arise to effectuate the intent of the parties where one party pays for property, in whole or in part, that for a different reason is titled in the name of another. *Donnan v. Mariner*, 529 S.E.2d 754, 758 (S.C. App. 2000).

34. Resulting trusts arise by operation of law and may be proved by parol evidence. *Campbell v. Campbell*, 386 S.E.2d 305, 306 (S.C. App. 1989).

35. A resulting trust may arise in personalty. *McDowell v. S.C. Dept. of Soc. Services,* 370 S.E.2d 878 (S.C. App. 1987).

36. By operation of law, Debtor holds any Tecumseh Receivables in a resulting trust for the sole benefit of Tecumseh, the purchase money resulting trust beneficiary.

37. The Tecumseh Receivables do not belong to Debtor's bankruptcy estate.

38. Through its Complaint, HASelect claims a security interest in the Tecumseh Receivables and seeks entry of a declaratory judgment against Tecumseh finding that its claimed interest in the Tecumseh Receivables is superior to the interests of Tecumseh and that it is entitled to possession of the Tecumseh Receivables.

39. HASelect improperly concludes that the Tecumseh Receivables are property of the chapter 7 estate and that, as such, the Court has jurisdiction over the Tecumseh Receivables.

40. The parties are in doubt as to their rights and interests in the Tecumseh Receivables, and there is a genuine dispute as to whether the Tecumseh Receivables belong to the chapter 7 bankruptcy estate or to Tecumseh by virtue of the resulting trust.

41. By the terms and provisions of 28 U.S.C. §§ 2201, 2202 and Fed. R. Bankr. P. 7001(9) and 11 U.S.C. § 105, this Court is vested with the power to declare the rights and liabilities of the parties and to grant such other future relief as may be necessary.

**WHEREFORE**, Counter-Plaintiff Tecumseh demands judgment in its favor and against Counter Defendants HASelect and the Trustee:

i. Declaring that a resulting trust arose pre-petition in favor of Tecumseh as to any Tecumseh Receivables titled in the name of Debtor so that Debtor therefore possesses only bare legal title to same and, as such, any such Tecumseh Receivables are not property of Debtor's Chapter 7 bankruptcy estate;

ii. Declaring that HASelect's claimed lien does not extend to or encumber the Tecumseh Receivables;

iii. Awarding Tecumseh its attorneys' fees and costs; and

iv. Granting Tecumseh such further and additional relief as may be just and equitable.

## THIRD CLAIM FOR RELIEF
## (DECLARATORY RELIEF AGAINST TRUSTEE AND HASELECT)

42. Tecumseh realleges and reavers the allegations set forth in paragraphs 1 through 14 above.

43. To the extent necessary, Tecumseh's interest in the Tecumseh Receivables is perfected under the Uniform Commercial Code.

44. Pleading strictly in the alternative, this an action for entry of a declaratory judgment determining that the Trustee's strong arm powers under 11

U.S.C. § 544 cannot make the corpus of a valid resulting trust — i.e. the Tecumseh Receivables — property of the chapter 7 bankruptcy estate.

45. The strong arm rights and powers are conferred on the Trustee by federal law. *See* 11 U.S.C. § 544.

46. The extent of the Trustee's rights as a judicial lien creditor, however, are measured by the substantive non-bankruptcy law of the jurisdiction governing the property in question. *See Robertson v. Peters (In re Weisman)* 5 F.3d 417, 420 (9th Cir. 1993) (Whether the trustee qualifies under section 544(a)(3) "is a question of federal law; state law determines whether the trustee's status will defeat the rights of persons against whom the trustee asserts its power.")

47. South Carolina recognizes purchase money resulting trusts arise to effectuate the intent of the parties where one party pays for property, in whole or in part, that for a different reason is titled in the name of another. *Donnan v. Mariner*, 529 S.E.2d 754, 758 (S.C. App. 2000). Resulting trusts arise by operation of law and may be proved by parol evidence. *Campbell v. Campbell*, 386 S.E.2d 305, 306 (S.C. App. 1989). A resulting trust may arise in personalty. *McDowell v. S.C. Dept. of Soc. Services,* 370 S.E.2d 878 (S.C. App. 1987).

48. The strong arm power of 11 U.S.C. § 544 can "not make the corpus of a valid resulting trust property of the bankruptcy debtor." *In re Torrez*, 63 B.R. 751, 755 (B.A.P. 9th Cir. 1986), *aff'd,* 827 F.2d 1299 (9th Cir. 1987) ("[u]nder California law a resulting trust is implied by operation of law whenever a party pays the purchase price for a parcel of land and places the title to that land in the name of another").

49. By operation of law, Debtor holds any Tecumseh Receivables in a resulting trust for the benefit of Tecumseh, the purchase money resulting trust beneficiary, and Debtor's bankruptcy estate has no interest in the Tecumseh Receivables.

50. Both HASelect and the Trustee have claimed the estate could possess an interest superior to that of Tecumseh pursuant to his strong-arm powers under 11

U.S.C. § 544. *See* Trustee's Opposition (Main Case, ECF No. 117) and Objection to Motion of Party In Interest Tecumseh – Infinity Medical Receivables Fund, LP to (1) Abandon Property; and (2) Lift the Automatic Stay (Main Case, ECF No. 118).

51. The parties are in doubt as to their rights and interests in the Tecumseh Receivables, and there is a genuine dispute as to whether the Tecumseh Receivables are subject to the Trustee's strong arm powers under 11 U.S.C. § 544.

52. By the terms and provisions of 28 U.S.C. §§ 2201, 2202 and Fed. R. Bankr. P. 7001(9) and 11 U.S.C. § 105, this Court is vested with the power to declare the rights and liabilities of the parties and to grant such other future relief as may be necessary.

**WHEREFORE**, Counter-Plaintiff Tecumseh demands judgment in its favor and against Counter Defendants HASelect and the Trustee:

i. Declaring that the 11 U.S.C. § 544 does not operate to make the Tecumseh Receivables property of the Chapter 7 bankruptcy estate;

ii. Awarding Tecumseh its attorney's fees and costs; and

iii. Granting Tecumseh such further and additional relief as may be just and equitable.

Dated: November 19, 2021          Respectfully submitted,

 */s/ Michael Napoli, Esq*
 ARIEL E. STERN, ESQ.
 Nevada Bar No. 8276
 1635 Village Center Circle, Suite 200
 Las Vegas, Nevada 89134

 MICHAEL D. NAPOLI, ESQ.
 *PRO HAC VICE*
 2001 Ross Avenue, Suite 3600
 Dallas, Texas 75201

 *Attorneys for Defendant/ Counterclaim Plaintiff*
 *TECUMSEH – INFINITY MEDICAL*
 *RECEIVABLES FUND, L.P.*

**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel.: (702) 634-5000 – Fax: (702) 380-8572