1  Bart K. Larsen, Esq.
   Nevada Bar No. 8538
2  Kyle M. Wyant, Esq.
   Nevada Bar No. 14652
3  **SHEA LARSEN**
   1731 Village Center Circle, Suite 150
4  Las Vegas, Nevada 89134
   Telephone: (702) 471-7432
5  Fax: (702) 926-9683
   Email:  blarsen@shea.law
6          kwyant@shea.law

7  *Attorneys for HASelect-Medical Receivables
   Litigation Finance Fund International SP*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>    Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>    Defendant. | Adversary Case No. 21-01167-abl |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE<br><br>    Counter-Defendants. | |

**REPLY TO TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND LP'S COUNTERCLAIM**

Plaintiff HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP ("Plaintiff" or "HASelect"), by and through its counsel, Shea Larsen PC, hereby submits this Reply to Counterclaimant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND LP'S ("Counterclaimant" or "Tecumseh") Counterclaim as follows:

**GENERAL ALLEGATIONS**

1. In response to Paragraph 1 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

2. In response to Paragraph 2 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

3. In response to Paragraph 3 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

4. In response to Paragraph 4 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

5. In response to Paragraph 5 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

6. In response to Paragraph 6 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations. HASelect further denies allegations contained in Paragraph 6 of the Counterclaim on the basis that these allegations are improper legal conclusions.

7. In response to Paragraph 7 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as

such, denies those allegations. HASelect further denies allegations contained in Paragraph 7 of the Counterclaim on the basis that these allegations are improper legal conclusions.

8. In response to Paragraph 8 of the Counterclaim, HASelect denies the allegations set forth therein.

9. In response to Paragraph 9 of the Counterclaim, HASelect denies the allegations set forth therein.

10. In response to Paragraph 10 of the Counterclaim, HASelect denies the allegations set forth therein.

11. In response to Paragraph 11 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

12. In response to Paragraph 12 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

13. In response to Paragraph 13 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

14. In response to Paragraph 14 of the Counterclaim, HASelect denies the allegations set forth therein.

**FIRST CLAIM FOR RELIEF**

**(DECLARATORY RELIEF AGAINST TRUSTEE AND HASELECT)**

15. In response to Paragraph 15 of the Counterclaim, HASelect repeats and restates its responses to the foregoing paragraphs as if the same were set forth at length herein.

16. In response to Paragraph 16 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

17. In response to Paragraph 17 of the Counterclaim, HASelect states that it is without

sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

18. In response to Paragraph 18 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

19. In response to Paragraph 19 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

20. In response to Paragraph 20 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

21. In response to Paragraph 21 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

22. In response to Paragraph 22 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

23. In response to Paragraph 23 of the Counterclaim, HASelect admits that it has a perfected security interest in all of Debtor Infinity Capital Management, Inc.'s ("Debtor") personal property, including, but not limited to, the Collateral as defined in HASelect's Adversary Complaint. HASelect further admits that its security interest is senior and superior to the interests of Tecumseh in the Collateral.

24. In response to Paragraph 24 of the Counterclaim, HASelect denies the allegations set forth therein.

25. In response to Paragraph 25 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

26. In response to Paragraph 26 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full. HASelect also denies that Tecumseh is entitled to any relief relating to the Collateral at issue, and expressly denies each and every assertion in the wherefore clause contained in Paragraph 26 of the

Counterclaim.

## SECOND CLAIM FOR RELIEF

### (DECLARATORY RELIEF AGAINST TRUSTEE AND HASELECT)

27.     In response to Paragraph 27 of the Counterclaim, HASelect repeats and restates its responses to the foregoing paragraphs as if the same were set forth at length herein.

28.     In response to Paragraph 28 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

29.     In response to Paragraph 29 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

30.     In response to Paragraph 30 of the Counterclaim, HASelect states that it is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

31.     In response to Paragraph 31 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

32.     In response to Paragraph 32 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

33.     In response to Paragraph 33 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

34.     In response to Paragraph 34 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

35.     In response to Paragraph 35 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

36.     In response to Paragraph 36 of the Counterclaim, HASelect denies the allegations set forth therein.

37.     In response to Paragraph 37 of the Counterclaim, HASelect denies the allegations set forth therein.

38. In response to Paragraph 36 of the Counterclaim, HASelect admits that it has a perfected security interest in all of Debtor's personal property, including, but not limited to, the Collateral as defined in HASelect's Adversary Complaint. HASelect further admits that its security interest is senior and superior to the interests of Tecumseh in the Collateral.

39. In response to Paragraph 39 of the Counterclaim, HASelect denies the allegations set forth therein.

40. In response to Paragraph 40 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

41. In response to Paragraph 41 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full. HASelect also denies that Tecumseh is entitled to any relief relating to the Collateral at issue, and expressly denies each and every assertion in the wherefore clause contained in Paragraph 41 of the Counterclaim.

### THIRD CLAIM FOR RELIEF
### (DECLARATORY RELIEF AGAINST TRUSTEE AND HASELECT)

42. In response to Paragraph 42 of the Counterclaim, HASelect repeats and restates its responses to the foregoing paragraphs as if the same were set forth at length herein.

43. In response to Paragraph 43 of the Counterclaim, HASelect denies the allegations set forth therein.

44. In response to Paragraph 44 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

45. In response to Paragraph 45 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

46. In response to Paragraph 46 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

47. In response to Paragraph 47 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

48. In response to Paragraph 48 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

49. In response to Paragraph 49 of the Counterclaim, HASelect denies the allegations set forth therein.

50. In response to Paragraph 50 of the Counterclaim, HASelect admits the allegations set forth therein.

51. In response to Paragraph 51 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full.

52. In response to Paragraph 52 of the Counterclaim, HASelect states that it asserts improper legal conclusions, and HASelect denies the allegations contained therein in full. HASelect also denies that Tecumseh is entitled to any relief relating to the Collateral at issue, and expressly denies each and every assertion in the wherefore clause contained in Paragraph 52 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. The Counterclaim, in whole or in part, fails to state any claim against HASelect upon which relief can be granted.

2. Counterclaimant's claims are barred by virtue of its own unclean hands and inequitable conduct.

3. Counterclaimant's claims are barred by the doctrine of estoppel.

4. Counterclaimant's alleged damages either do not exist or were are caused by Counterclaimant's own conduct.

5. Counterclaimant's claims, each of them, are barred and precluded by HASelect's perfected security interest in the Tecumseh Receivables.

6. Counterclaimant does not have a perfected security interest in any of Debtor's assets, including, but not limited to, the Tecumseh Receivables.

7. Counterclaimant's claims for a resulting, express, constructive, or equitable trust cannot succeed as a matter of law because equitable claims are subordinate to and cannot overcome perfected security interests.

8. Counterclaimant's claims fail as a matter of law because Counterclaimant was on notice of HASelect's perfected security interest in the personal property of Debtor, including, but not limited to, the Tecumseh Receivables.

9. Counterclaimant was aware of Debtor's business relationship HASelect and HASelect's security interest in substantially all of Debtor's personal property prior to the inception of Counterclaimant's business relationship with Debtor.

10. Counterclaimant's claims are barred by Counterclaimant's own negligence.

11. Counterclaimant lacks the clear and convincing evidence necessary to establish a resulting, express, constructive, or equitable trust.

12. Counterclaimant's claims are barred because Debtor contributed money to purchase or held an ownership interest in the Tecumseh Receivables.

13. Counterclaimant's claims are barred by the doctrine of waiver.

WHEREFORE, HASelect prays for relief as follows:

1. Dismissal of the Counterclaim in its entirety;

2. An award of reasonable attorney's fees and costs to HASelect for the defense of this matter; and

3. For such other relief as the Court deems reasonable and proper.

Dated this 10th day of December 2021.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

# CERTIFICATE OF SERVICE

1. On December 10, 2021, I served the following document(s): **REPLY TO TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND LP'S COUNTERCLAIM**

2. I served the above document(s) by the following means to the persons as listed below:

    ☒ a. ECF System:

    CLARISSE L. CRISOSTOMO on behalf of Counter-Defendant ROBERT E. ATKINSON
    clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

    GERALD M GORDON on behalf of Counter-Claimant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    ggordon@gtg.legal, bknotices@gtg.legal

    MICHAEL D. NAPOLI on behalf of Defendant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    michael.napoli@akerman.com,
    cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com

    ARIEL E. STERN on behalf of Defendant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    ariel.stern@akerman.com, akermanlas@akerman.com

    ☐ b. United States mail, postage fully prepaid:

    ☐ c. Personal Service:

    I personally delivered the document(s) to the persons at these addresses:

    ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    ☐ d. By direct email (as opposed to through the ECF System):
    Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    ☐ e. By fax transmission:

    Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐     f.     By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 10, 2021.

By: /s/ *Bart K. Larsen, Esq,*