GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC, *dba* INFINITY HEATH CONNECTIONS<br><br>        Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>        Plaintiff,<br><br>v.<br><br>TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>        Defendant/Counterclaim Plaintiff<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, and ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br><br>        Counterclaim Defendants. | Adversary Case No. 21-01167-abl<br><br><br><br><br><br>**TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED FIRST AMENDED ADVERSARY COMPLAINT** |

Defendant Tecumseh–Infinity Medical Receivables Fund LP ("Tecumseh" or the "Defendant") submits its Answer and Affirmative Defenses to HASelect-Medical Receivables Litigation Finance Fund International SP's ("HASelect" or the "Plaintiff") First Amended Adversary Complaint (the "Complaint") (ECF No. 24).

## ANSWER

1. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Defendant admits the allegation contained in paragraph 2 of the Complaint.

3. Defendant denies that any property implicated by Complaint is property of Debtor's estate. Defendant admits any remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. The documents are not attached to the Complaint and otherwise speak for themselves. The Defendant is without knowledge and therefore denies any remaining allegations set forth in paragraph 5 of the Complaint.

6. The UCC-1 is not attached to the Complaint and speaks for itself. The Defendant is without knowledge and therefore denies any remaining allegations set forth in paragraph 6 of the Complaint.

7. The documents are not attached to the Complaint and speak for themselves. The Defendant is without knowledge and therefore denies any remaining allegations set forth in paragraph 7 of the Complaint.

8. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 8 of the Complaint.

9. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 9 of the Complaint.

10. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 10 of the Complaint.

11. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 11 of the Complaint.

12. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 12 of the Complaint.

13. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 13 of the Complaint.

14. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 14 of the Complaint.

15. The Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. The Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. The Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. The Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. The Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. The Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 21 of the Complaint.

22. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 22 of the Complaint.

23. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 23 of the Complaint.

24. The Defendant admits it entered into a Sub-Advisory Agreement with Infinity. The document is not attached to the Complaint and otherwise speaks for itself. Defendant therefore denies the remaining allegations set forth in paragraph 24 of the Complaint.

25. The Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 26 of the Complaint.

27. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 27 of the Complaint.

28. The documents are not attached to the Complaint and speak for themselves. The Defendant is without knowledge and therefore denies any remaining allegations set forth in paragraph 28 of the Complaint.

29. The Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. The documents are not attached to the Complaint and speak for themselves. The Defendant denies any remaining allegations set forth in paragraph 30 of the Complaint.

31. The Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. The Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. The Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. The Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35. The Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. The Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. The Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. The Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. The Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. The Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. The Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 42 of the Complaint.

43. The Defendant admits that it holds a Bank of America account. The Defendant denies any remaining allegations contained in Paragraph 43 of the Complaint.

44. The Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. The Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. The Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47. The Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 48 of the Complaint.

49. Plaintiff improperly alleges a legal conclusion which is denied. Any remaining

allegations in paragraph 49 of the Complaint are denied.

50. Plaintiff improperly alleges a legal conclusion which is denied. Any remaining allegations in paragraph 50 of the Complaint are denied.

51. Plaintiff improperly alleges a legal conclusion which is denied. Any remaining allegations in paragraph 51 of the Complaint are denied.

52. Plaintiff improperly alleges a legal conclusion which is denied. Any remaining allegations in paragraph 52 of the Complaint are denied.

53. The Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. The Defendant admits that it did not file any UCC-1 financing statement, but denies the remaining allegations set forth in paragraph 54 of the Complaint, as filing an UCC-1 is not required for perfection.

55. The Defendant admits the allegation contained in paragraph 55 of the Complaint.

56. The Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 57 of the Complaint.

58. The responses set forth above are realleged and re-averred as if fully set forth herein.

59. The Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60. The Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61. The Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62. The responses set forth above are realleged and re-averred as if fully set forth herein.

63. The Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. The Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65. The Defendant denies the allegations set forth in paragraph 65 of the Complaint.

66. The Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67. The Defendant denies the allegations set forth in paragraph 67 of the Complaint.

68. The Defendant denies the allegations set forth in paragraph 68 of the Complaint.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

69. The Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 70 of the Complaint.

71. The responses set forth above are realleged and reaverred as if fully set forth herein.

72. The Defendant denies the allegations set forth in paragraph 72 of the Complaint.

73. The Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74. The Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75. The Defendant denies the allegations set forth in paragraph 75 of the Complaint.

76. The Defendant denies the allegations set forth in paragraph 76 of the Complaint.

77. The Defendant denies the allegations set forth in paragraph 77 of the Complaint.

78. The Defendant denies the allegations set forth in paragraph 78 of the Complaint.

79. The Defendant denies the allegations set forth in paragraph 79 of the Complaint.

80. The Defendant denies the allegations set forth in paragraph 80 of the Complaint.

81. The Defendant denies the allegations set forth in paragraph 81 of the Complaint.

82. The Defendant denies the allegations set forth in paragraph 82 of the Complaint.

83. The Defendant denies the allegations set forth in paragraph 83 of the Complaint.

84. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 84 of the Complaint.

85. The responses set forth above are realleged and re-averred as if fully set forth herein.

86. The Defendant denies the allegations set forth in paragraph 86 of the Complaint.

87. The Defendant denies the allegations set forth in paragraph 87 of the Complaint.

88. The Defendant denies the allegations set forth in paragraph 88 of the Complaint.

89. The Defendant denies the allegations set forth in paragraph 89 of the Complaint.

90. The Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91. The Defendant denies the allegations set forth in paragraph 91 of the Complaint.

92. The Defendant denies the allegations set forth in paragraph 92 of the Complaint.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

93. The Defendant denies the allegations set forth in paragraph 93 of the Complaint.

94. The Defendant denies the allegations set forth in paragraph 94 of the Complaint.

95. The Defendant denies the allegations set forth in paragraph 95 of the Complaint.

96. The Defendant denies the allegations set forth in paragraph 96 of the Complaint.

97. The Defendant denies the allegations set forth in paragraph 97 of the Complaint.

98. The Defendant is without knowledge and therefore denies the allegations set forth in paragraph 98 of the Complaint.

99. Each and every allegation not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Federal Rule of Civil Procedure 19, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7019, defines a "required party" as a person in whose "absence, the court cannot accord complete relief among existing parties" or a person whose own interests would be adversely affected if he were not joined. Fed. R. Civ. P. 19(a)(1). Plaintiff fails to name Robert E. Atkinson, the duly appointed chapter 7 trustee, as a party. Given that a dispute exists as to whether the Tecumseh Receivables[1] are property of the chapter 7 bankruptcy estate, the chapter 7 trustee is an indispensable party in whose absence the bankruptcy court cannot accord complete relief.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the Tecumseh Receivables which are not property of the chapter 7 bankruptcy estate.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for declaratory relief because it has a legal remedy, *to wit,* foreclosure of its alleged security interest in the Tecumseh Receivables. In a legal foreclosure action, the Court must determine the priority of liens.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for declaratory relief because such relief will not be useful

---

[1] Tecumseh Receivables as defined in the Order Granting Motion to Abandon (ECF No. 97).

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

and will be futile because the Court lacks jurisdiction over the Tecumseh Receivables, and Plaintiff must bring a legal foreclosure action under the Uniform Commercial Code to determine the priorities of the parties in the Tecumseh Receivables.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for declaratory relief because the UCC-1 purporting to evidence perfection of Plaintiff's claimed interest in the Tecumseh Receivables is not attached to the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Debtor possesses bare legal title of the Tecumseh Receivables as a purchase money resulting trust existed by operation of law pre-petition under South Carolina, by which the Tecumseh Receivables were held in trust by Debtor for the benefit of Tecumseh, as provider of the purchase monies. South Carolina law recognizes purchase money resulting trusts arise to effectuate the intent of the parties where one party pays for property, in whole or in part, that for a different reason is titled in the name of another. *Donnan v. Mariner*, 529 S.E.2d 754, 758 (S.C. App. 2000). Resulting trusts arise by operation of law and may be proved by parol evidence. *Campbell v. Campbell*, 386 S.E.2d 305, 306 (S.C. App. 1989). A resulting trust may arise in personalty. *McDowell v. S.C. Dept. of Soc. Services*, 370 S.E.2d 878 (S.C. App. 1987).

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff was aware of the nature of the Defendant's business relationship with the Debtor and authorized payments to Tecumseh from the Debtor on account of certain receivables purchased by Tecumseh under the Sub-Advisor Agreement. Debtor and the Defendant relied upon such representations and Plaintiff's change in position—asserting that the Defendant does not own the medical receivables and that it was not authorized to receive payment on the Tecumseh Receivables (including the Overlap Receivables) —is detrimental to the Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff was aware of the nature of the Defendant's business relationship with the Debtor and authorized payments to Tecumseh on account of certain receivables purchased by Tecumseh under the Sub-Advisor Agreement. Through this conduct, the Plaintiff has waived any

rights it might have to such payments.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff would be unjustly enriched—at the expense of the Defendant— should the Court declare the Tecumseh Receivables to be property of Chapter 7 bankruptcy estate and subject to the Plaintiff's lien.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to assert Count III of the Complaint. Under Nevada law, conversion is "a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Edwards v. Emperor's Garden Rest.,* 130 P.3d 1280, 1287 (Nev. 2006). "[A] conversion imports an unlawful act, or an act which cannot be justified or excused in law." *Ferreira v. P.C.H. Inc.*, 774 P.2d 1041, 1043 (Nev. 1989).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from asserting a claim based upon a theory of unjust enrichment as Plaintiff has an express written contract with the Debtor.

Dated: December 27, 2021

Respectfully submitted,

GARMAN TURNER GORDON LLP

By: */s/ Gerald M. Gordon*
Gerald M. Gordon, Esq.
William M. Noall, Esq.
Gabrielle A. Hamm, Esq.
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119

and

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

|   |   |
|---|---|
| 1 | |
| 2 | ARIEL E. STERN, ESQ. |
|   | Nevada Bar No. 8276 |
| 3 | AKERMAN LLP |
|   | 1635 Village Center Circle, Suite 200 |
| 4 | Las Vegas, Nevada 89134 |
|   | Tel: (702) 634-5000 / Fax: (702) 380-8572 |
| 5 | Email: ariel.stern@akerman.com |
| 6 | *Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP* |

4873-4587-0599, v. 1

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

10