CLARISSE L. CRISOSTOMO, ESQ., Bar No. 15526
Email: clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
*Attorney for Robert E. Atkinson, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br>v.<br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant, | Adv. No. 21-01167-abl<br><br>**AMENDED ANSWER AND COUNTERCLAIM** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Claimant,<br>v.<br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br><br>Counter-Defendants. | |
| ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br><br>Counter-Claimant,<br>v.<br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Defendant. | |

Counter-Defendant ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE ("**_Trustee_**"), by and through counsel, hereby answers the claims asserted by Counter-Claimant TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP ("**_Tecumseh_**") in its counterclaim (the "**_Tecumseh Counterclaim_**"), as follows:

## GENERAL ALLEGATIONS

1. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
2. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
3. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
4. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
5. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
6. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
7. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
8. Deny.
9. Deny.
10. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
11. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
12. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
13. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.
14. Deny.

**FIRST CLAIM FOR RELIEF**

15. The Trustee incorporates and repeats his responses to paragraphs 1 through 14 above as though set forth fully herein.

16. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.

17. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.

18. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.

19. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein, and denies on that basis.

20. Deny.

21. Deny.

22. Counter-Claimant's counterclaim speaks for itself. To any extent this allegation seeks a legal conclusion, the Trustee denies.

23. Plaintiff's complaint speaks for itself.

24. Plaintiff's complaint speaks for itself.

25. Admit that there is a dispute; deny that the Trustee is in doubt.

26. Admit.

The Trustee denies that Tecumseh is entitled to any relief relating to the disputed receivables at issue, and expressly denies each and every assertion in the 'wherefore' clause found below Paragraph 26 of the Tecumseh Counterclaim.

**SECOND CLAIM FOR RELIEF**

27. The Trustee incorporates and repeats his responses to paragraphs 1 through 26 above as though set forth fully herein.

28. This response is a legal argument, and requires no response. To any extent a response is required, the Trustee denies.

29. The Trustee is without sufficient information or knowledge to either admit or deny the allegation set forth therein and, as such, denies those allegations.

30. Deny.

31. The Bankruptcy Code speaks for itself.

-3-

32. This response is a legal argument, and requires no response. To any extent a response is required, the Trustee denies.

33. This response is a legal argument, and requires no response. To any extent a response is required, the Trustee denies.

34. This response is a legal argument, and requires no response. To any extent a response is required, the Trustee denies.

35. This response is a legal argument, and requires no response. To any extent a response is required, the Trustee denies.

36. Deny.

37. Deny.

38. Plaintiff's complaint speaks for itself.

39. Deny as to the word "improper"; otherwise, Plaintiff's complaint speaks for itself.

40. Admit that there is a dispute; deny that the Trustee is in doubt.

41. Admit.

The Trustee denies that Tecumseh is entitled to any relief relating to the disputed receivables at issue, and expressly denies each and every assertion in the 'wherefore' clause found below Paragraph 41 of the Tecumseh Counterclaim.

### THIRD CLAIM FOR RELIEF

42. The Trustee incorporates and repeats his responses to paragraphs 1 through 41 above as though set forth fully herein.

43. Deny.

44. This response is a legal argument, and requires no response. To any extent a response is required, the Trustee denies.

45. Admit.

46. This response is a legal argument, and requires no response.

47. This response is a legal argument, and requires no response. To any extent a response is required, the Trustee denies

48. This response is a legal argument, and requires no response. To any extent a response is required, the Trustee denies.

49. Deny.

50. Admit.

51. Admit that there is a dispute; deny that the Trustee is in doubt.

52. Admit.

The Trustee denies that Tecumseh is entitled to any relief relating to the disputed receivables at issue, and expressly denies each and every assertion in the 'wherefore' clause found below Paragraph 52 of the Tecumseh Counterclaim.

## **AFFIRMATIVE DEFENSES**

A. The first cause of action of the Tecumseh Counterclaim fails to state a claim for relief because it improperly, incompletely, or incorrectly pled the cause of action.

B. The second cause of action of the Tecumseh Counterclaim fails to state a claim for relief because it improperly, incompletely, or incorrectly pled the cause of action.

C. The third cause of action of the Tecumseh Counterclaim fails to state a claim for relief because it improperly, incompletely, or incorrectly pled the cause of action.

D. The second and third causes of action of the Tecumseh Counterclaim fails to state a claim because there was no mutual agreement between Debtor and Tecumseh to form a trust relationship, and therefore a resultant trust could not have formed under applicable law.

E. All causes of action of the Tecumseh Counterclaim fails to state a claim because Tecumseh cannot meet applicable evidentiary standards to prove their causes of action, *e.g.*, clear and convincing evidence.

F. One or more of Tecumseh's causes of actions fails to state a claim because some or all of the disputed receivables were not actually or properly transferred to Tecumseh, and were still owned by Debtor on the Petition Date.

G. Tecumseh's claims are barred by Tecumseh's own negligence and/or failure to exercise for its own protection the proper care and precautions which prudent persons under the same and similar circumstances would have exercised.

H. Tecumseh's claims are barred by Tecumseh's own unclean hands, including but not limited to failure to perfect their interest, lack of due diligence, and/or failure to accept the assignment/sale when proffered by Debtor.

I. Tecumseh's claims are barred because of Tecumseh's conduct (including omissions or failure to act) constitutes a waiver, including but not limited to failure to perfect

their interest, lack of due diligence, and/or failure to accept the assignment/sale when proferred by Debtor.

J. Tecumseh's damages are zero because all of the allegedly transferred receivables were fully secured by HASelect's perfected security interest.

K. One or more of Tecumseh's causes of actions fails to state a claim because the Sub-Advisor Agreement is not the operative contract relating to the transfer of assets. Instead, the operative contracts were one or more contracts styled as "Assignment and Bill of Sale", each of which was governed by Nevada law, and some or all of which were improperly executed in a manner that failed to actually convey title.

L. One or more of Tecumseh's causes of actions fails to state a claim because Debtor contributed money to purchase the disputed receivables, and/or or held an ownership interest in the disputed receivables for a period of time prior to any transfer that allegedly occurred.

M. One or more of Tecumseh's causes of actions fails to state a claim because Tecumseh never actually accepted any of the alleged assignments and sale.

The Trustee reserves the right to assert additional affirmative defenses that are deemed appropriate because of the discovery of new information.

# COUNTERCLAIM
## AGAINST TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP

Counter-Claimant Robert E. Atkinson, Chapter 7 Trustee, by and through counsel, hereby asserts his counterclaim against Counter-Defendant Tecumseh-Infinity Medical Receivables Fund, LP, and alleges:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (C), and (K).

3. If this adversary proceeding is determined to be noncore, or if this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b) but may not, as a constitutional matter, be adjudicated as such, the Trustee consents to the entry of final orders or judgments by the bankruptcy judge.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

**PARTIES**

5. Counter-Claimant ROBERT E. ATKINSON ("***Trustee***") is the chapter 7 trustee of the bankruptcy estate in the underlying bankruptcy case.

6. Counter-Defendant TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP ("***Tecumseh***") is a Delaware limited partnership.

**GENERAL ALLEGATIONS**

7. On September 15, 2021, debtor INFINITY CAPITAL MANAGEMENT, INC. ("***Debtor***") filed for chapter 7 bankruptcy in the District of Nevada, creating the underlying bankruptcy case.

8. Pre-petition, Debtor had a variety of accounts receivable, generally arising from Debtor's purchase of medical liens against personal injury claims, i.e., from medical treatment provided to individuals who were injured in accidents and had asserted personal injury claims against tortfeasors. The medical liens were typically established at the law firm retained by the injured party to prosecute the personal injury claim.

9. Pre-petition, Debtor assigned and sold, or attempted to assign and sell, some of its accounts receivable to Tecumseh.

10. Some or all of the accounts receivable sold to Tecumseh were not properly sold and assigned to Tecumseh, and title to those accounts receivable remained the property of Debtor on the Petition Date.

11. This counterclaim is brought to seek relief in the event that Tecumseh is able to prove, under applicable evidentiary standards, that a significant portion of the accounts receivable were in fact properly sold and assigned to Tecumseh prior to the Petition Date (the "***Transferred Accounts Receivable***").

12. The Transferred Accounts Receivable, if they exist, were transferred by Debtor to Tecumseh in one or more batches.

13. For each such batch, the instrument of conveyance was styled as "Assignment and Bill of Sale".

14. Each of the Assignment and Bill of Sale documents is, on its own terms, governed by Nevada law.

15. Tecumseh has alleged that the assignment and sale was made pursuant to a Sub-Advisory Agreement, which is governed by South Carolina law.

16. For each of the Transferred Accounts Receivable, Debtor did not change or modify the medical lien at the law firm of the injured party.

17. For all of the Transferred Accounts Receivable, the medical lien remained in Debtor's name in the records of the law firm of the injured party.

18. For each of the Transferred Accounts Receivable, either Debtor or Tecumseh had the right to receive payment thereon ("***Rights to Payment***").

### FIRST CAUSE OF ACTION
[*AVOIDANCE OF UNPERFECTED LIEN*]
[11 U.S.C. §§ 544, 551; NRS § 104 [1]]

19. The Trustee repeats and re-alleges the allegations set forth in paragraphs 1 through 18 above, and thereby incorporates the same as if set forth fully herein.

20. Nevada's implementation of Article 9 the Uniform Commercial Code is codified at NRS § 104.9101 *et seq.* ("***Nevada UCC Article 9***").

21. The Transferred Accounts Receivable and/or the Rights to Payment are 'accounts', as that term is defined in NRS § 104.9102(2), and other applicable law (as applicable, "***Accounts***").

22. Pursuant to NRS § 104.9109(1)(c), the Nevada UCC Article 9 governs the Debtor's assignment and sale of the Accounts.

23. Because Nevada UCC Article 9 applies to assignment and sale of accounts, the perfection requirements of Article 9 governs such transactions.

24. The Debtor was located solely in Nevada. Pursuant to NRS § 104.9301(1) and other applicable law, the laws of Nevada therefore govern perfection of an interest in the Accounts.

25. Pursuant to NRS § 104.9310(1) and other applicable law, Tecumseh was required to file a financing statement to perfect its interests in the Accounts.

---

[1] To any extent that Tecumseh proves that South Carolina is the applicable state law for the assignment and sale of the receivables, then the phrase "and other applicable law" found in this counterclaim shall include (but not be limited to) the corresponding statutes found in South Carolina's codification of the Uniform Commercial Code (S.C. Code Ann § 36-1-101 *et seq.*).

-8-

26. By not filing a financing statement with the Nevada Secretary of State (or in any other State) prior to the Petition Date, Tecumseh failed to perfect interests in the Accounts. Therefore, its interest in the Accounts was unperfected on the Petition Date.

27. Pursuant to NRS § 104.9317 and other applicable law, the unperfected interests of Tecumseh in the Accounts is subordinate to the rights of a judicial lien creditor.

28. Pursuant to 11 U.S.C. § 544(a)(1), the Trustee has the rights and powers of a judicial lien creditor.

29. Pursuant to the strong-arm powers of 11 U.S.C. § 544(a), the unperfected interests of Tecumseh in the Accounts is subordinate to the rights of the Trustee, and the Trustee can avoid the transfer of any of the Accounts to Tecumseh.

30. Under applicable State and Federal bankruptcy law, when an outright buyer of accounts receivable failed to perfect its interest in a debtor's accounts by filing a financing statement, the buyer cannot prevail over the bankruptcy trustee, as lien creditor. *See, e.g.*, Valley Bank of Nevada v. City of Henderson, 528 F. Supp. 907 (D. Nev. 1981).

31. In addition, pursuant to 11 U.S.C. § 551, the Debtor may preserve this avoided transfer of the Accounts for the benefit of the estate.

WHEREFORE, the Trustee prays for judgment, in favor of the Trustee and against Tecumseh, as follows:

- Finding that the unperfected interests of Tecumseh in the Accounts is subordinate to the rights of the Trustee under 11 U.S.C. § 544;
- Avoiding the transfer of any of Debtor's property to Tecumseh that ever occurred, including but not limited to the Accounts; and
- Preserving this avoided transfer for the benefit of the estate, i.e., that the Accounts are property of the bankruptcy estate.

# # # # #

DATED: January 6, 2022                          **ATKINSON LAW ASSOCIATES LTD.**

By: _____/s/ Clarisse L. Crisostomo_____
CLARISSE L. CRISOSTOMO, ESQ.
Nevada Bar No. 15526
*Attorney for Robert E. Atkinson, Chapter 7 Trustee*