GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116
Email: michael.napoli@akerman.com

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br><br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, and ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br><br>Counterclaim Defendants. | Adversary Case No. 21-01167-abl<br><br>**TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP'S ANSWER AND AFFIRMATIVE DEFENSES TO TRUSTEE'S COUNTERCLAIM** |

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61742093;2

| | |
|---|---|
| 1 | ROBERT E ATKINSON, CHAPTER 7 TRUSTEE, |
| 2 | |
| 3 | Counter Plaintiff, |
| 4 | v. |
| 5 | TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP, |
| 6 | Counter Defendant. |

Defendant Tecumseh–Infinity Medical Receivables Fund LP ("Tecumseh" or "Counter Defendant") submits its Answer and Affirmative Defenses to Counterclaim Plaintiff Robert E. Atkinson, Chapter 7 Trustee's ("Trustee" or "Counter Plaintiff") *Counterclaim against Tecumseh-Infinity Medical Receivables Fund, LP* (the "Counterclaim") (ECF No. 32).

**ANSWER**

1. Paragraph 1 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 1 of the Counterclaim are denied.

2. Paragraph 2 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 2 of the Counterclaim are denied.

3. Paragraph 3 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 3 of the Counterclaim are denied.

4. Paragraph 4 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 4 of the Counterclaim are denied.

5. Tecumseh admits the allegations contained in paragraph 5 of the Counterclaim.

6. Tecumseh admits the allegations contained in paragraph 6 of the Counterclaim.

7. Tecumseh admits the allegations contained in paragraph 7 of the Counterclaim.

8. Tecumseh admits the allegations contained in paragraph 8 of the Counterclaim.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61742093;2

9. Tecumseh denies the allegations contained in paragraph 9 of the Counterclaim.

10. Tecumseh denies the allegations contained in paragraph 10 of the Counterclaim.

11. Paragraph 11 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 11 of the Counterclaim are denied.

12. The documents are not attached to the Counterclaim and otherwise speak for themselves. Tecumseh denies any remaining allegations set forth in paragraph 12 of the Counterclaim.

13. The documents are not attached to the Counterclaim and otherwise speak for themselves. Tecumseh denies any remaining allegations set forth in paragraph 13 of the Counterclaim.

14. The documents are not attached to the Counterclaim and otherwise speak for themselves. Tecumseh denies any remaining allegations set forth in paragraph 14 of the Counterclaim.

15. The Sub-Advisory Agreement speaks for itself. Tecumseh denies any remaining allegations set forth in paragraph 14 of the Counterclaim.

16. The documents are not attached to the Counterclaim and otherwise speak for themselves. Tecumseh denies any remaining allegations set forth in paragraph 16 of the Counterclaim.

17. The documents are not attached to the Counterclaim and otherwise speak for themselves. Tecumseh denies any remaining allegations set forth in paragraph 17 of the Counterclaim.

18. Tecumseh denies that the Debtor has the right to receive payment on any of the Tecumseh Receivables.[1] Tecumseh denies all remaining allegations set forth in paragraph 18 of the Counterclaim.

---

[1] Capitalized terms not otherwise defined herein will take on the meaning ascribed to them in Tecumseh's Counterclaim (ECF No. 26).

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61742093;2

3

**FIRST CAUSE OF ACTION**

19. The responses set forth above are realleged and reaverred as if fully set forth herein.

20. Paragraph 20 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 20 of the Counterclaim are denied.

21. Paragraph 21 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 21 of the Counterclaim are denied.

22. Paragraph 22 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 22 of the Counterclaim are denied.

23. Paragraph 23 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 23 of the Counterclaim are denied.

24. Paragraph 24 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 24 of the Counterclaim are denied.

25. Paragraph 4 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 4 of the Counterclaim are denied.

26. Tecumseh denies the allegations contained in paragraph 26 of the Counterclaim.

27. Paragraph 27 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 27 of the Counterclaim are denied.

28. Paragraph 28 of the Counterclaim is a legal conclusion that does not require a response. To the extent a response is required, the allegations in paragraph 28 of the Counterclaim are denied.

29. Paragraph 29 of the Counterclaim is a legal conclusion that does not require a

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

1  response. To the extent a response is required, the allegations in paragraph 29 of the Counterclaim
2  are denied.

3      30.    Paragraph 30 of the Counterclaim is a legal conclusion that does not require a
4  response. To the extent a response is required, the allegations in paragraph 30 of the Counterclaim
5  are denied.

6      31.    Paragraph 31 of the Counterclaim is a legal conclusion that does not require a
7  response. To the extent a response is required, the allegations in paragraph 31 of the Counterclaim
8  are denied.

9      32.    Tecumseh denies that Trustee is entitled to any relief relating to the disputed
10 receivables at issue, and expressly denies each and every assertion in the 'wherefore' clause found
11 below Paragraph 32 of the Trustee's Counterclaim.

12     33.    Each and every allegation not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Tecumseh Receivables which are not property of the chapter 7 bankruptcy estate.

### SECOND AFFIRMATIVE DEFENSE

The Tecumseh Receivables are not property of the Debtor's estate and therefore are not subject to the Trustee's strong-arm powers under 11 U.S.C. § 544(a).

### THIRD AFFIRMATIVE DEFENSE

The Debtor possesses nothing more than bare legal title of Tecumseh Receivables as a purchase money resulting trust existed by operation of law pre-petition under South Carolina, by which Tecumseh Receivables were held in trust by Debtor for the benefit of Tecumseh, as provider of the purchase monies. The strong arm power of 11 U.S.C. § 544 "could not make the corpus of a valid resulting trust property of the bankruptcy debtor." *In re Torrez*, 63 B.R. 751, 755 (B.A.P. 9th Cir. 1986), *aff'd,* 827 F.2d 1299 (9th Cir. 1987) ("[u]nder California law a resulting trust is implied by operation of law whenever a party pays the purchase price for a parcel of land and places the title to that land in the name of another"); *see also Cage v. Kang (In re Kang),* 2013

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61742093;2

5

Bankr. LEXIS 844 (Bankr. S.D. Tex. Mar. 7, 2013) (resulting trust under Texas law prevails over section 544(a)(3)).

## FOURTH AFFIRMATIVE DEFENSE

Tecumseh was properly perfected prior to the Debtor's bankruptcy, and as such its interest in the Tecumseh Receivables may not be attacked under § 544(a).

Dated: January 28, 2022

Respectfully submitted,

GARMAN TURNER GORDON LLP

By: /s/ Gabrielle A. Hamm
Gerald M. Gordon, Esq.
William M. Noall, Esq.
Gabrielle A. Hamm, Esq.
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119

and

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

4872-1853-1339, v. 1

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

61742093;2

6