CLARISSE L. CRISOSTOMO, ESQ., Bar No. 15526
Email: clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone:  (702) 614-0600
*Attorney for Robert E. Atkinson, Trustee*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br>v.<br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant, | Adv. No. 21-01167-abl<br><br>**MOTION TO SUBSTITUTE PARTY AND RE-CAPTION CASE** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Claimant,<br>v.<br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br><br>Counter-Defendants. | |
| ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br><br>Counter-Claimant,<br>v.<br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Defendant. | |

Chapter 7 trustee ROBERT E. ATKINSON ("**_Trustee_**"), by and through counsel, hereby moves this Court to substitute HASelect-Medical Receivables Litigation Finance Fund International SP ("**_HASelect_**") in the place and stead of the bankruptcy estate, and re-caption this adversary case accordingly.

This motion is based on the Memorandum of Points and Authorities contained herein and the pleadings and papers on file in this adversary proceeding.

DATED:  February 28, 2022              **ATKINSON LAW ASSOCIATES LTD.**

                                              By:     /s/ Clarisse Crisostomo
                                              CLARISSE L. CRISOSTOMO, ESQ.
                                              Nevada Bar No. 15526
                                              *Attorney for Robert E. Atkinson, Trustee*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

1. This adversary proceeding was initiated on October 19, 2021.  [Adv. ECF #1.][1]

2. The Trustee is involved in two ways:

   - As a co-defendant (along with HASelect) against Tecumseh's counterclaim [*see* Adv. ECF #12]; and

   - As a Counter-Plaintiff in the Trustee's counterclaim against Tecumseh, seeking relief under Section 544 [*see* Adv. ECF #28].

3. Pursuant to recent court order [DE #184] ("**_Sale Order_**"), HASelect purchased certain assets ("**_Assets_**") on the terms found in the Asset Purchase Agreement ("**_APA_**") attached to the Sale Order.

4. The purchased Assets includes: (i) whatever interest the estate held, if any, in certain disputed receivables that are the subject matter of this adversary proceeding (the

---

[1] Citations to the docket of the main bankruptcy case are designated "DE #__".  Citations to the docket of the adversary case are designated "Adv. ECF #__".

-2-

"***Tecumseh Receivables***"), and (ii) all causes of action that could have been brought by the Trustee pursuant to Chapter 5 of the United States Bankruptcy Code for any matter relating to the Tecumseh Receivables. [Id. at pdf page 2.]

5. Section 1.04 of the APA states that upon court approval of the sale, the Trustee has no further obligation to prosecute or defend in this adversary case. [Id. at pdf page 9.]

6. As purchaser of the Assets, HASelect is the successor-in-interest to the estate's interests in the Assets and the claims.

7. On February 22, 2022, the Trustee filed a notice of consummation of the sale. [Adv. ECF #44.]

8. Given the outcome of the sale, it is appropriate to substitute HASelect in the place of the bankruptcy estate in this adversary proceeding.

## II.  LEGAL AUTHORITIES & ARGUMENT

9. Per FRCP Rule 25(c) (as made applicable by Fed. R. Bankr. P. 7025), a change in the status of the parties to the lawsuit occasioned by transfer of interest is addressed by the filing of a motion to substitute a party. Rule 25 provides as follows:

> (c) *Transfer of Interest*. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

10. Under FRCP Rule 25(d), a substitution order may be entered at any time.

11. Because the Sale Order transferred the Assets to HASelect, the proper party-in-interest to the Trustee's counterclaim against Tecumseh [Adv. ECF #28] is now HASelect.

12. Regarding Tecumseh's counterclaim [Adv. ECF #12]: Because the Sale Order released any obligation of the Trustee to defend, HASelect can simply be substituted in for the Trustee for this counterclaim. However, because HASelect is already a defendant to this counterclaim, procedurally the only necessary and expedient relief is that the Trustee can simply be removed as a party to this counterclaim.[2]

---

[2] Such removal would eliminate the odd outcome of HASelect being twice identified as a defendant to this counterclaim.

### III. RELIEF REQUESTED

13. By this motion, the Trustee requests the Court to approve the substitution of HASelect in the place of the bankruptcy estate in this adversary case for all purposes and to re-caption the case accordingly, and specifically:

- Removing the party ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE from the caption as Counter-Defendant for Tecumseh's counterclaim against the Trustee and HASelect; and
- Substituting HASelect as the Counter-Plaintiff to prosecute the Trustee's counterclaim against Tecumseh.

14. With respect to the case docket, the Clerk of the Court shall modify the case docket as follows:

- For Tecumseh's counterclaim against the Trustee and HASelect (filed in Adv. ECF #12), the party ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE shall be entirely removed as Counter-Defendant. Only HASelect shall defend this counterclaim.
- For the Trustee's counterclaim (filed in Adv. ECF #28), HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL LP (represented by Bart Larsen, Esq. of the law firm Shea Larsen) shall be substituted in as Counter-Plaintiff, in the place and stead of ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE.

15. For all filings made after the entry of any order approving this motion, the caption to this adversary case shall be:

|  |  |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>　　　　　　　　　Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>　　　　　　　　　Defendant, | Adv. No. 21-01167-abl<br><br>**[Pleading Title]** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>　　　　　　　　　Counter-Claimant,<br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>　　　　　　　　　Counter-Defendant. |  |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>　　　　　　　　　Counter-Claimant,<br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>　　　　　　　　　Counter-Defendant. |  |

# # # # #

DATED:  February 28, 2022　　　　　　**ATKINSON LAW ASSOCIATES LTD.**

　　　　　　　　　　　　　　　　　　　By: _____/s/ Clarisse Crisostomo_____
　　　　　　　　　　　　　　　　　　　CLARISSE L. CRISOSTOMO, ESQ.
　　　　　　　　　　　　　　　　　　　Nevada Bar No. 15526
　　　　　　　　　　　　　　　　　　　*Attorney for Robert E. Atkinson, Trustee*

-5-