GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116
Email: michael.napoli@akerman.com

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br><br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant. | Adversary Case No. 21-01167-abl<br><br>**TECUMSEH-INFINITY MEDICAL RECEIVABLE FUND, LP'S LIMITED OPPOSITION TO MOTION TO SUBSTITUTE PARTY AND RE-CAPTION CASE** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Claimant,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE<br><br>Counter-Defendants. | Hearing Date: April 5, 2022<br>Hearing Time: 10:00 a.m. |

ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,

        Counter-Claimant,

v.

TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,

        Counter-Defendant.

Defendant Tecumseh–Infinity Medical Receivables Fund LP ("**Tecumseh**") hereby submits this opposition (the "**Opposition**") to the motion of Robert E. Atkinson, Chapter[1] 7 trustee ("**Trustee**"), to substitute HASelect-Medical Receivables Litigation Finance Fund International SP's ("**HASelect**") in the place and stead of the bankruptcy estate in the above-captioned adversary proceeding.

The Opposition is made and based on the points and authorities provided herein, *Tecumseh-Infinity Medical Receivable Fund, LP's Motion to Dismiss all Claims for Lack of Subject Matter Jurisdiction* (the "**Motion to Dismiss**") filed contemporaneously herewith, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

## I. BACKGROUND

1. On February 8, 2022, the Court entered its *Order Approving Sale*, which approved the Trustee's sale to HASelect of (i) whatever interest the estate had in the Disputed Accounts, including proceeds; (ii) all claims and causes of action that could be brought by the Trustee or the estate against any third party relating to the Disputed Receivables, including causes of action under Chapter 5 of the Bankruptcy Code; and (iii) books and records related to the foregoing (the

---

[1] All references to "Chapter" and "Section" shall be to title 11 of the U.S. Code (the "**Bankruptcy Code**"); all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to "LR" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

"**Assets**") free and clear of all liens, claims, and encumbrances of any third party other than HASelect and Tecumseh. ECF No. 184.

2.  On February 22, 2022, the Trustee filed his notice of that the sale was consummated and the full purchase price was paid to the bankruptcy estate. ECF No. 190.

3.  As a result of consummation of the sale, the Trustee seeks to substitute HASelect in place of the Trustee as 1) defendant to Tecumseh's counterclaim and 2) counter-plaintiff with respect to the Trustee's counterclaim against Tecumseh under Section 544(a) of the Bankruptcy Code. In his Counterclaim, the Trustee seeks to avoid the alleged transfers of the Disputed Receivables, contending that Tecumseh's interest is not perfected under NRS 104.9310(1) and is subordinate to the rights of a judicial lien creditor under NRS 104.9317, and seeks to preserve the alleged transfers for the benefit of the estate under Section 551. See Trustee's Counterclaim [ECF No. 32], ¶¶ 22-31.

## II. LEGAL ARGUMENT

Rule 25(c) of the Federal Rules of Civil Procedure allows a court, on a motion, to order the transferee to be substituted in the action when an interest is transferred. Fed.R.Civ.P. 25(c). "The decision to grant or deny substitution under Rule 25(c) rests within the sound discretion of the court." Copelan, 95 F. Supp. 3d at 1235 (citing Bernal, 207 F.3d at 598).

Rule 25(c) does not permit substitution with respect to the Trustee's counterclaim in this case because "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." Copelan v. Techtronics Indus. Co., 95 F. Supp. 3d 1230, 1234-1235 (S.D. Cal. 2015) (citing In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000) (quoting Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.), 638 F.2d 1362, 1364 (5th Cir.1981))).

Here, substituting HASelect for the Trustee with respect to the Trustee's alleged avoidance claim is not a mere formality because HASelect is not simply stepping into the shoes of the Trustee to pursue the same claim. While HASelect seeks a determination that it holds a prior, perfected security interest in all of the Accounts, the Trustee's counterclaim seeks to displace HASelect by avoiding the alleged transfers to Tecumseh and preserving the avoided transfers for the benefit of

1  the estate under Section 551 of the Bankruptcy Code. See HASelect's Amended First Amended
2  Adversary Complaint [ECF No. 24], ¶ 60; Trustee's Counterclaim [ECF No. 32], p. 9.[2] The relief
3  requested by the Trustee, *i.e.*, preservation of avoided transfers for the benefit of the estate, is now
4  a nullity because HASelect is seeking relief solely for itself.

      Furthermore, HASelect's purchase of the estate's alleged avoidance claim does not confer standing upon HASelect to pursue it. As set forth in Tecumseh's Motion to Dismiss, HASelect does not have statutory standing to pursue the alleged avoidance claim because it is not doing so on behalf of the estate or all creditors. See Briggs v. Kent (In re Prof'l Inv. Properties of Am.), 955 F.2d 623, 626 (9th Cir. 1992) ("If a creditor is pursuing interests common to all creditors or is appointed for the purpose of enforcement of the plan, he may exercise the trustee's avoidance powers."); Duckor Spradling & Metzger v. Baum Trust (In re P.R.TC., Inc.), 177 F.3d 774, 782–83 (9th Cir. 1999) (a creditor may exercise a trustee's avoidance powers if allowing the creditor to exercise those powers will benefit the remaining creditors or the creditor is appointed for the purpose of enforcement of the plan); see also Texas Gen. Petroleum Corp. v. Evans (In re Texas Gen. Petroleum Corp.), 58 B.R. 357, 358 (Bankr. S.D. Tex. 1986) (creditor prosecuting the claims of the estate must act to the benefit of the estate as a whole).

      Because HASelect does not have standing to pursue the Trustee's alleged avoidance claim against Tecumseh, substitution of HASelect in place of the estate with respect to the Trustee's Counterclaim should be denied.

. . .

. . .

. . .

---

[2] Section 551 provides that avoided transfer "is preserved for the benefit of the estate but only with respect to property of the estate."

Dated: March 22, 2022.

Respectfully submitted,

GARMAN TURNER GORDON LLP

By: */s/ Gabrielle A. Hamm*
Gerald M. Gordon, Esq.
William M. Noall, Esq.
Gabrielle A. Hamm, Esq.
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119

and

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

4869-6780-8280, v. 2