CLARISSE L. CRISOSTOMO, ESQ., Bar No. 15526
Email: clarisse@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone:  (702) 614-0600
*Attorney for Robert E. Atkinson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br>Plaintiff,<br>v.<br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br>Defendant, | Adv. No. 21-01167-abl<br>**REPLY** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br>Counter-Claimant,<br>v.<br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br>Counter-Defendants. | |
| ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br>Counter-Claimant,<br>v.<br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br>Counter-Defendant. | |

Chapter 7 trustee ROBERT E. ATKINSON ("***Trustee***"), by and through counsel, hereby replies to the limited opposition [DE #61] ("***Opposition***") filed by defendant Tecumseh-Infinity Medical Receivable Fund, LP ("***Tecumseh***") to the Trustee's motion to substitute party and re-caption case [DE #45] ("***Motion***").

The Opposition argues that (i) Rule 25 prohibits substitution in this situation; and (ii) plaintiff HASelect-Medical Receivables Litigation Finance Fund International SP ("***HASelect***") cannot pursue the Trustee's counterclaim against Tecumseh because HASelect does not have statutory standing to avoid the alleged transfers to Tecumseh on behalf of the estate [*See generally* Opposition.]

For the reasons stated below, neither argument is valid because such arguments contain logical inconsistencies, and the case law cited in the Opposition is distinguishable from the present situation.

**A. Substitution is permitted when an interest in the lawsuit changes hands.**

As noted in the Opposition, Rule 25(c) of the Federal Rules of Civil Procedure allows a court, on a motion, to order the transferee to be substituted in the action when an interest is transferred. Fed.R.Civ.P. 25(c). "The decision to grant or deny substitution under Rule 25(c) rests within the sound discretion of the court." Copelan v. Techtronics Indus. Co., 95 F. Supp. 3d 1230, 1235 (S.D. Cal. 2015) (citing In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000). [Opposition at page 3, ¶¶ 14-17.]

The Trustee sold the estate's interests in certain assets including: (i) whatever interest the estate held, if any, in certain disputed receivables that are the subject matter of this adversary proceeding (the "***Tecumseh Receivables***"), and (ii) all causes of action that could have been brought by the Trustee pursuant to Chapter 5 of the United States Bankruptcy Code for any matter relating to the Tecumseh Receivables. [DE #184 at Exhibit 1.] Specifically, the assets transferred in the Asset Purchase Agreement ("***APA***") between the Trustee and HASelect included:

> "All claims and causes of action that could be brought by the Trustee or the Bankruptcy Estate against any third party relating in any way to the Tecumseh Receivables, pursuant to (i) chapter five of title 11 of the United States Code, or

(ii) all applicable or relevant state or federal laws (collectively, the "*Claims*"). For avoidance of doubt, the Claims include, but are not limited to, **all causes of action that could be brought by the Trustee pursuant to Sections 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, and 553** of the United States Bankruptcy Code for any matter relating in any way to the Tecumseh Receivables.".

Id. at pdf pg. 8 (emphasis added).

Accordingly, the Motion seeks to substitute HASelect in the place and stead of the Trustee, as HASelect is the successor-in-interest to the estate's interests in the assets and claims sold to HASelect.

The Opposition actually supports the Motion's purpose by stating, "Rule 25(c) is not designed to create new relationships among parties to a suit but **is designed to allow the action to continue unabated when an interest in the lawsuit changes hands**." Copelan, 95 F. Supp. 3d at 1234-1235.

In Copelan, the debtor failed to disclose a previously-filed personal injury lawsuit, resulting in the court closing the bankruptcy. Id. at 1234. When the debtor admitted in the personal injury lawsuit that he had filed for bankruptcy, the debtor's counsel re-opened the bankruptcy and moved for the bankruptcy trustee to substitute in for the debtor in the personal injury lawsuit. Id. The court found that the substitution was "merely formal", and so long as the factual allegations in the lawsuit as to the events or the participants are not altered by the substitution, substitution was appropriate. Id. at 1235 (citing Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997)). The substituted trustee would receive the same causes of action at issue that would have been applicable to debtor if no bankruptcy case had been filed. Id.

Analogously, HASelect's substitution in the stead of Trustee also does not alter the factual allegations in this case as to the events or the participants. As a result of the Trustee's sale of various Chapter 5 claims relating to the Tecumseh Receivables, HASelect is simply stepping into the shoes of the Trustee. The Trustee filed a counterclaim against Tecumseh under 11 U.S.C. §§ 544, 551. Because actions pursuant to sections 544 and 551 are a part of the assets sold to HASelect, it is appropriate for HASelect to take over the estate's interest in the counterclaim and litigate that claim against Tecumseh.

Rule 25(c) expressly approves substitution of parties upon a transfer of interest. Fed. R. Civ. Pr. 25(c) ("Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.")  In the bankruptcy context, the United States District Court, District of Nevada has approved the substitution of parties after the interest in a lawsuit transfers, so long as it does not alter the original complaint's factual allegations. In Hawkins v. United States, a bankruptcy trustee substituted in for debtor in her negligence claim against the United States for injuries sustained in an accident with a US Postal Service employee.  Because the substitution did not alter the original allegations, and the trustee desired to pursue the litigation on the debtor's behalf, the substitution was allowed. Hawkins v. United States, Case No. 2:17-cv-02994-MMD-NJK (D. Nev. 2020) (citing to Rule 25(c), Bernal, Covington Grain, and Copelan).

Accordingly, the Court may use its discretion to determine that HASelect's substitution is appropriate because the Trustee transferred his avoidance powers in this adversary case to HASelect and the substitution will not impact the original allegations in the complaint.

**B.  HASelect has standing to prosecute the Trustee's avoidance powers.**

The Opposition cites to Briggs v. Kent (In re Prof'l Inv.Properties of Am.), 955 F.2d 623 (9th Cir. 1992) for the proposition that HASelect does not have statutory standing to pursue the alleged avoidance claim "because it is not doing so on behalf of the estate or all creditors." [Opposition at p. 4, lines 6-8.]  That proposition is flawed because it does not distinguish between (i) authorization for a creditor to sue in the trustee's name; and (ii) an outright sale of those claims.

With the Court's approval, a creditor can recover "for the benefit of the estate" property that had been transferred by a debtor. 11 U.S.C. § 503(b)(3)(B) (a creditor's expenses for such recovery can be an allowed administrative expense); *see also* In re Maximus Computers, Inc. v. Wolkowitz, 278 BR 189 (9th Cir.BAP (Cal.) 2002) (referring to "§ 503(b)(3)(B) permission"). Such Court approval can include something less than a sale, such as an assignment, or simply allowing a creditor to sue in the trustee's name. In re Lahijani, 325 B.R. 282, 291 (B.A.P. 9th

Cir. 2005) ("On remand, the bankruptcy court should consider the alternative of permitting the objecting creditors **to sue in the name of the trustee**, but at their own risk and expense, to recover the property allegedly transferred by the debtor."). In such less-than-outright-sale circumstances, arguably such creditor should be pursuing interests common to all creditors, or at the very least recovering "for the benefit of the estate". 11 U.S.C. §§ 550, 551.

The issue with the Briggs and Duckor Spradling/PRTC cases cited in the Opposition is that they are both from the 1990s, and subsequent cases have refined and distinguished their holdings and dicta, particularly as it applies in the instance of an outright sale instead of a mere assignment or "sue in the name of the trustee"-type circumstances.

In Lahijani, a Ninth Circuit BAP decision from 2005, the BAP explicitly rejected the argument that all transfers of a trustee's avoidance powers require the transferee to exercise such powers for the benefit of all creditors:

> "We reject appellants' argument that the avoiding power causes of action should not have been sold to one who would not exercise the powers for the benefit of all creditors.
>
> The difficulty with this argument is that, under the law of the circuit, trustee avoiding powers may be transferred for a sum certain. *P.R.T.C.*, 177 F.3d at 781-82; *Briggs*, 955 F.2d at 625-26. **The benefit to the estate in such circumstances is the sale price**, which might or might not include a portion of future recoveries for the estate. **Thus, *P.R.T.C.* and *Briggs* do not mandate, as appellants contend, that the avoidance powers can only be sold to a creditor who agrees to pursue those avoidance powers for the benefit of all creditors**."
>
> In re Lahijani, 325 B.R. 282, 288 (B.A.P. 9th Cir. 2005) (emphasis added).

In this present case, the Trustee sold the Claims to HASelect for a sum certain, as unsecured funds for the benefit of the estate.[1] It is that sum-certain sale price which produced a benefit for the unsecured creditors of the estate.

---

[1] The sale agreement expressly states that the $100,000 sale price "shall be new money to the estate, unsecured, and shall be available for the Trustee to use for payment of allowed administrative expenses and general unsecured claims in the Bankruptcy Case." *See* Docket Entry #184 (Order Approving Sale) at Exhibit 1 (APA), page 2 of 6 at Section 1.02(a).

That upfront sale price is all that is needed, i.e. there is no requirement for ongoing benefit after sale consummation:

> "[P]ut[ting] the *prospect* of preference recoveries to work for the benefit of all creditors (including the unsecured creditors) *ex ante* by effectively selling them to the secured creditors in exchange for forbearance-and in the process facilitating a swift sale all around-the bankruptcy judge did not need to use them *ex post* a second time, for still another benefit to the estate; there was no further benefit to be had."

Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.), 464 B.R. 606, 613 (Bank. S.D.N.Y. 2012) (citing Mellon Bank, N.A. v. Dick Corp., 351 F.3d 290, 292 (U.S.C.A. 7th Circuit 2003).

Thus, under Lahijani and other more recent relevant case law, HASelect can prosecute the Trustee's Chapter 5 claims in its own name, and solely reap all the benefits of such prosecution.

Lastly, it should be noted that Section 1.04 of the Asset Purchase expressly intended the sale to terminate all of the Trustee's obligations to prosecute the AP Case:

> "After the Sale is consummated, **neither the Trustee nor the Bankruptcy Estate shall have any obligation to prosecute or defend any dispute** (in the AP Case or otherwise) regarding title to the Assets on the Petition Date."

[DE #184 at Exhibit 1, Section 1.04 of page 4 of 6 (emphasis added).]

By opposing HASelect's substitution in the place and stead of the Trustee for the Trustee's counterclaim, the Opposition is attempting to frustrate the stated purpose of the APA to end the Trustee's and the estate's participation in this matter.

**C. Conclusion**

For the reasons stated above and in the Motion, the relief sought in the Motion should be approved in full.

# # # # #

DATED: March 29, 2022　　　　　　　**ATKINSON LAW ASSOCIATES LTD.**

　　　　　　　　　　　　　　　　　　　By: _____/s/ Clarisse Crisostomo_____
　　　　　　　　　　　　　　　　　　　　　CLARISSE L. CRISOSTOMO, ESQ.
　　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 15526
　　　　　　　　　　　　　　　　　　　　　*Attorney for Robert E. Atkinson, Trustee*