Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:   blarsen@shea.law
             kwyant@shea.law

*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br><br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant. | Adversary Case No. 21-01167-abl |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Plaintiff,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE<br><br>Counter-Defendants. | Hearing Date: April 5, 2022<br>Hearing Time: 10:00 a.m. |

- 1 -

|   |
|---|
| ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE, |
| Counter-Claimant |
| v. |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP, |
| Counter-Defendant |

**HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S SUBSTANTIVE JOINDER TO TRUSTEE ROBERT E. ATKINSON'S REPLY IN SUPPORT OF MOTION TO SUBSTITUTE PARTY AND RE-CAPTION CASE**

HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), by and through its undersigned counsel, hereby joins in Chapter 7 Trustee Robert E. Atkinson's ("Trustee") *Reply in Support of Motion to Substitute Party and Re-Caption Case* [ECF No. 66], filed in response to Tecumseh-Infinity Medical Receivable Fund, LP's ("Tecumseh") *Limited Opposition to Motion to Substitute Party and Re-Caption Case* [ECF No. 61] (the "Opposition").[1]

This Joinder is made and based on the points and authorities provided herein, the pleadings and papers on file in the Bankruptcy Case as well as the Adversary Proceeding, judicial notice of which is hereby respectfully requested,[2] any exhibits attached hereto, and any oral argument that the Court will hear at the time of the Motion to Substitute [ECF No. 45].

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The premise of Trustee's Motion to Substitute is sound and simple. Because the Trustee has sold and transferred whatever rights the bankruptcy estate held with respect to the disputed

---

[1] Unless otherwise stated, all "Chapter" and "Section" references are to Title 11 of the U.S. Code (the "Bankruptcy Code"), all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and all references to "Local Rules" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada (the "Local Rules").

[2] This Court should take judicial notice of all materials appearing on the docket in the above-captioned Chapter 7 Bankruptcy Case and related adversary proceeding. *See* FRE 201(b); *see also U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case, and public records.") (cited by *In re Fikrou*, No. 19-13180-mkn, 2019 Bankr. LEXIS 2613, n. 2 (D. Nev. Bankr. Aug. 8, 2019)).

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Tecumseh Receivables[3] to HASelect subsequent to the filing of Tecumseh's Counterclaim [ECF No. 12] and the Trustee's Counterclaim [ECF No. 32], the Trustee reasonably seeks to avoid the costs and fees that would otherwise be incurred as a result of his continued participation in the Adversary Proceeding.

While substitution of parties under FRCP 25(c) is discretionary, this Court should exercise its discretion and allow the requested substitution because substituting the Trustee out of the Adversary Proceeding will facilitate the adjudication of the Adversary Proceeding and will allow the bankruptcy estate to avoid incurring unnecessary fees and costs. Tecumseh's argument that HASelect lacks standing to assert the rights and interests it purchased from the Trustee, as approved by this Court, are simply incorrect. Indeed, the Ninth Circuit Bankruptcy Appellate Panel and other Ninth Circuit courts have held numerous times—including as recently as two months ago—that a creditor that purchases a trustee's rights to pursue an avoidance actions has standing to pursue such actions for its own benefit and is not required to pursue such actions on behalf of the state or all creditors. In other words, the same argument that Tecumseh asserts in its Opposition has been repeatedly and thoroughly rejected by other Ninth Circuit courts. For these reasons, and as explained more fully below, the Trustee's Motion should be granted.

## II.    LEGAL ARGUMENT

### A.    Substitution Pursuant to FRCP 25(c) Is Appropriate Here.

Per FRCP Rule 25(c), a party who transferred rights or an interest to another may move to substitute that transferee in place of the original party who transferred said rights:

> (c) *Transfer of Interest*. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

Substitution under Rule 25(c) is appropriate in situations, such as this one, where rights are transferred after the commencement of litigation. *See, e.g.*, *Educational Credit Mgmt. Corp. v. Bernal (In re Bernal)*, 207 F.3d 595 (9th Cir. 2000) (finding that a party should have made a Rule 25(c) motion, rather than a Rule 24 or 19 motion). Whether to allow substitution is left to the trial

---

[3] *See* ECF No. 184.

- 3 -

court's sound discretion. *Id.* Courts in the Ninth Circuit allow for substitution of a party where the party has transferred its interest in the subject matter of the action. *See, e.g.*, *Ditech Fin. LLC v. Sommerset Park Homeowners Ass'n*, No. 2:16-cv-01811, 2019 U.S. Dist. LEXIS 61460 (D. Nev. Apr. 9, 2019) (granting a motion for substitution pursuant to Rule 25(c) when a party transferred and assigned its rights under a deed of trust).

The Tecumseh Receivables are the obvious subject matter of this Adversary Proceeding. Tecumseh does not dispute that rights and interest the Trustee has asserted in this adversary proceeding (as well as any additional rights and interest the Trustee could assert with respect to the disputed Tecumseh Receivables) have been transferred to HASelect. Rather, Tecumseh urges the Court to reject the substitution of HASelect for the Trustee because HASelect's position in seeking to avoid any interest Tecumseh may hold in the Tecumseh Receivables for its own benefit would differ from the Trustee's current effort to avoid Tecumseh's interest for the benefit of the bankruptcy estate.[4] Tecumseh, however, ignores the fact that HASelect would simply step into the Trustee's shoes to pursue the same avoidance action that the Trustee has already asserted. That HASelect would be doing so for its own benefit makes no difference. HASelect paid a substantial amount to purchase the bankruptcy estate's rights and interests in the Tecumseh Receivables. The obvious result of that transaction is that HASelect now stands to benefit from the rights and interests it purchased.

The Ninth Circuit has stated that a Court should grant a motion to substitute under Rule 25(c) when the substitution "would facilitate the conduct of the litigation." The Court should also take "into account the exigencies of the situation." *First American Sav. Bank, F.S.B. v. Westside Federal Sav & Loan Assoc.*, 639 F.Supp. 93 (W.D. Wash. 1986) (citing *McComb v. Row River Lumber Co.*, 177 F.2d 129 (9th Cir. 1949)). The Opposition does not address these requirements, nor does it even explain why substituting the Trustee out for HASelect would not facilitate the adjudication of the Adversary Proceeding.

Here, substituting HASelect in place of the Trustee will undoubtedly "facilitate the conduct

---

[4] Opposition, 3:24-28; 4:1-4.

- 4 -

of the litigation" because it will remove the Trustee as an unnecessary party. Moreover, HASelect purchased "[w]hatever interest the Bankruptcy Estate has in the Tecumseh Receivables" and "[a]ll claims and causes of action that could be brought by the Trustee or the Bankruptcy Estate against any third party relating to the Tecumseh Receivables."[5] Thus, leaving the Trustee in the Adversary Action would only create duplicative rights as HASelect purchased every claim and interest that the Trustee or bankruptcy estate could assert with respect to the Tecumseh Receivables. This would unnecessarily increase the fees and costs incurred by the estate in the Adversary Proceeding and, as a result, reduce distributions to creditors. Thus, the Court should exercise its discretion to approve the substitution of HASelect for the Trustee because doing so will preserve bankruptcy estate resources and avoid duplicative claims by HASelect and the Trustee in the Adversary Proceeding.

    **B.    HASelect Has Standing to Pursue the Claims and Interests It Purchased from the Trustee.**

Tecumseh's second argument in its Opposition is that HASelect lacks standing to pursue the claims it purchased from the bankruptcy estate and, thus, cannot be substituted for the Trustee. Tecumseh incorrectly argues that a creditor who purchases a trustee's rights to bring an avoidance action only has standing to pursue such an action if it does so for the benefit of all creditors, relying on *Briggs v. Kent (In re Prof'l Invs. Properties of Am.)*, 955 F.2d 623 (9th Cir. 1992) and *Duckor Spralding & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774 (9th Cir. 1999).[6] However, the Ninth Circuit Bankruptcy Appellate Panel and other courts in the Ninth Circuit have subsequently held that both *Briggs* and *P.R.T.C.* do not stand for such a proposition and that a creditor who purchases a trustee's rights to pursue avoidance actions for a fixed sum can do so for its sole benefit.

"[T]he Ninth Circuit Court of Appeals has held that a trustee or debtor in possession—outside of a plan of reorganization but with judicial approval—may sell or transfer its avoidance powers to a creditor and effectively confer standing on the creditor to pursue those claims." *See Brookview Apts., L.L.C. v. Hower (In re Weigh)*, 576 B.R. 189, 206-07 (C.D. Cal. 2017) (citing to *Briggs*,

---

[5] *See* [ECF No. 184] in the Bankruptcy Case.

[6] *See* Opposition, 4:5-19.

- 5 -

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

*P.R.T.C.*, and *Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 288 (9th Cir. B.A.P. 2005)).

The Ninth Circuit Bankruptcy Appellate Pane has specifically rejected the very same argument that Tecumseh makes here. *In re Lahijani*, 325 B.R. at 288. In rejecting this argument, the court explained that *Briggs* and *P.R.T.C.* do not require that a creditor purchasing estate avoidance actions for a fixed amount pursue those actions on behalf of the estate because the estate has already benefited from the receipt of the purchase price.

> The difficulty with this argument is that, under the law of the circuit, trustee avoiding powers may be transferred for a sum certain. *P.R.T.C.*, 177 F.3d at 781-82; *Briggs*, 955 F.2d at 625-26. The benefit to the estate in such circumstances is the sale price, which might or might not include a portion of future recoveries for the estate. Thus, *P.R.T.C.* and *Briggs* do not mandate, as appellants contend that the avoidance powers can only be sold to a creditor who agrees to pursue those avoidance powers for the benefit of all creditors.

*Id.* Less than two months ago, the Ninth Circuit B.A.P. reaffirmed this holding that a creditor may pursue transferred Section 544 rights on its own behalf, rather than on behalf of all creditors. *See Binh Huu Do v. Eiler (In re Portland Injury Inst., LLC)*, BAP No. OR-21-1138-GTB, 2022 Bankr. LEXIS 253, *11-12 (9th Cir. BAP Jan. 27, 2022) (unpublished). Specifically:

> Finally, Dr. Do contends that under the holding of *P.R.T.C.*, the avoidance actions could be sold only to a third party who would pursue interests common to all creditors and would exercise the avoidance powers for the benefit of all creditors. We specifically rejected this argument in *Lahijani*:
>
>> We reject appellants' argument that the avoiding power causes of action should not have been sold to one who would not exercise the powers for the benefit of all creditors.

*Id.* The Ninth Circuit B.A.P. is not alone in holding as such. *See, e.g.*, *In re Weigh*, 576 B.R. at 206-07 ("Thus, for the purposes of a creditor-assignee's standing to pursue a bankruptcy avoidance action, it is sufficient that the estate benefit in some way from the assignment, not that any recovery on that action inure to the direct benefit of other creditors.").

Here, any requirement that the estate benefit from HASelect's pursuit of avoidance actions relating to the Tecumseh Receivables was conferred when HASelect paid $100,000 for the estate's rights and interests in the Tecumseh Receivables. Payment of such a fixed amount, with the

- 6 -

Bankruptcy Court's approval, undoubtedly benefited the bankruptcy estate and is sufficient to confer standing on HASelect to pursue the claims it purchased. *See In re Lahijani*, 325 B.R. at 288 ("the benefit to the estate in such circumstances is the sale price, which might or might not include a portion of future recoveries for the estate.").

### III.  CONCLUSION

For the foregoing reasons, the Trustee's Motion should be granted, and HASelect should be substituted for the Trustee to prosecute the Trustee's counterclaim against Tecumseh

DATED this 29th day of March 2022.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

- 7 -

# CERTIFICATE OF SERVICE

1. On March 29, 2022, I served the following document(s): **HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S SUBSTANTIVE JOINDER TO TRUSTEE ROBERT E. ATKINSON'S REPLY IN SUPPORT OF MOTION TO SUBSTITUTE PARTY AND RE-CAPTION CASE**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒    a.    ECF System:

   CLARISSE L. CRISOSTOMO on behalf of ROBERT E. ATKINSON
   clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

   GERALD M GORDON on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   ggordon@gtg.legal, bknotices@gtg.legal

   GABRIELLE A. HAMM on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   ghamm@Gtg.legal, bknotices@gtg.legal

   MICHAEL D. NAPOLI on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   michael.napoli@akerman.com,
   cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

   ARIEL E. STERN on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   ariel.stern@akerman.com, akermanlas@akerman.com

   ☐    b.    United States mail, postage fully prepaid:

   ☐    c.    Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐    d.    By direct email (as opposed to through the ECF System):
   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐    e.    By fax transmission:

   Based upon the written agreement of the parties to accept service by fax transmission or a

court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐     f.     By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 29, 2022.

By: /s/ *Bart K. Larsen, Esq,*