GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116
Email: michael.napoli@akerman.com

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical
Receivable Fund, LP*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 21-14486-abl |
| INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS, | Chapter 7 |
| Debtor. | |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, | Adversary Case No. 21-01167-abl |
| Plaintiff, | |
| v. | **DECLARATION OF GABRIELLE A. HAMM IN SUPPORT OF OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CERTAIN DISPUTED RECEIVABLES** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP, | |
| Defendant. | |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP, | |
| Counter-Claimant, | |
| v. | |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE, | Date:    May 26, 2022<br>Time:    9:30 a.m. |
| Counter-Defendants. | |

<div style="border:1px solid black">

ROBERT E. ATKINSON, CHAPTER 7
TRUSTEE,

               Counter-Claimant,

v.

TECUMSEH–INFINITY MEDICAL
RECEIVABLES FUND, LP,

               Counter-Defendant.

</div>

I, GABRIELLE A. HAMM, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1.     I am an attorney licensed to practice law in the State of Nevada and am an attorney at the law firm of Garman Turner Gordon LLP, attorneys for Defendant and Counterclaimant Tecumseh–Infinity Medical Receivable Fund, LP ("**Tecumseh**"). I am competent to testify to the matters asserted herein, of which I have personal knowledge.

2.     I make this Declaration in support of Tecumseh's opposition (the "**Opposition**")[1] to *Plaintiff HASelect-Medical Receivables Litigation Finance Fund International, SP's Motion for Partial Summary Judgment as to Certain Disputed Receivables* [ECF No. 53] (the "**Motion**") and pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

3.     Tecumseh argues in its Opposition that HASelect's Motion turns on a material and disputed question of fact: whether the Debtor purchased and then resold the Disputed Receivables to Tecumseh or acquired the Disputed Receivables on Tecumseh's behalf and for its benefit. In its HASelect contends in its Motion that the former is true, arguing that "[e]ach of the Sold Accounts was purchased by Infinity using funds paid from its operating account at Nevada State Bank prior to the sale or assignment of any interest in such Sold Account to Tecumseh and prior to the receipt of payment from Tecumseh,"[2] *i.e.*, that Tecumseh purchased receivables that were property of the Debtor and subject to HASelect's prior lien. Further, while HASelect contends that the Debtor sold the Disputed Receivables without HASelect's knowledge or consent and in violation of the Debtor's contractual obligations to HASelect,[3] there is evidence that HASelect consented to the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Opposition.

[2] Motion, at ¶ 35.

[3] Motion, at ¶ 13.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

1    sale of at least some of the Disputed Receivables in order to receive payment from the Debtor.

2    However, Tecumseh does not have the discovery necessary to respond to HASelect's factual

3    statements, including discovery regarding the dates of transactions with medical service providers

4    and discovery regarding HASelect's knowledge of Tecumseh's purchase of Disputed Receivables.

5         4.    The bulk of discovery remains to be completed, with the discovery period not

6    ending until September 30, 2022.[4] No depositions have been taken and document discovery is

7    substantially incomplete. As between the parties, HASelect has not yet provided responses or

8    produced documents in response to Tecumseh's *First Request for Production of Documents to*

9    *HASelect-Medical Receivables Litigation Finance Fund International, SP*, served on March 29,

10   2022, and Tecumseh is continuing to gather and produce documents in response to the document

11   request propounded by HASelect.

12        5.    With respect to third parties, multiple subpoenas to third parties pertaining to the

13   Debtor's accounting and financial records, internal receivables database, and email

14   correspondence remain outstanding in the Chapter 7 case, or, to the extent documents have been

15   produced to HASelect, they have not been produced to Tecumseh. These include subpoenas to the

16   following: (1) Xero Inc., the Debtor's accounting software company, for the Debtor's accounting

17   records;[5] (2) Tailor Made Servers, for information regarding the Debtor's data storage systems and

18   alteration or deletion of the debtor's electronically stored information;[6] (3) Nevada State Bank, for

19   the Debtor's banking records, which would include records of payments from Debtor's accounts

20   to the medical service providers;[7] (4) GPMicro, Inc., a non-debtor affiliate of the Debtor

21   purportedly in possession of the Debtor's emails;[8] and (5) individuals who provided IT services to

22   the Debtor, for information relating to the Debtor's records and electronically stored information.[9]

23

24

---

25   [4] ECF No. 49, at Page 7 of 10.

     [5] Case No. 21-14486-abl, ECF No. 207.

26   [6] *Id.*, ECF No. 206.

27   [7] *Id.*, ECF No. 142.

     [8] *Id.*, ECF No. 161.

28   [9] *Id.*, ECF No. 193 (subpoena to Robert Land) and ECF No. 204 (subpoena to Kevin Grimes).

6.      No witnesses have been deposed in this case. While 2004 examinations of Oliver Hemmers and Anne Pantelas took place in November of 2021, prior to the filing of HASelect's First Amended Complaint [ECF No. 21],[10] HASelect's counsel objected to questioning directed to the claims or defenses at issue in this adversary proceeding on the basis of the pending proceeding rule. Thus, Tecumseh has not had the opportunity to question the Debtor's principals regarding the process for purchasing the Disputed Receivables, payment to the medical providers, communications with HASelect, or other matters relating to the claims and defenses in this case. Tecumseh also requires the deposition of HASelect's representative.  However, I believe that depositions prior to the substantial completion of document discovery are premature.

7.      In order to gather necessary facts to support the Opposition to HASelect's Motion, Tecumseh must be allowed to complete pending discovery, propound additional discovery, and take depositions regarding Debtor's process for identifying receivables, negotiating a purchase price, and processing the sales with respect to the subject transactions, Debtor's general accounting practices and its handling and accounting of Tecumseh's funds and the payments made to medical providers, communications between the Debtor and medical providers regarding the subject receivables and payment for the receivables, Debtor's records regarding the transactions, and communications between the Debtor and HASelect relative to HASelect's knowledge of and acquiescence to Tecumseh's purchases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated April 29, 2022.

/s/ Gabrielle A. Hamm
GABRIELLE A. HAMM

---

[10] The First Amended Complaint was filed on December 10, 2021. The Amended First Amended Complaint [ECF No. 24] was filed on December 31, 2021 to correct the caption due to a Notice of Docketing Error.