GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116
Email: michael.napoli@akerman.com

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

In re:

INFINITY CAPITAL MANAGEMENT, INC.,

    Debtor.

Case No. 21-14486-abl

Chapter 7

---

HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,

    Plaintiff,

v.

TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,

    Defendant.

TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,

    Counter-Claimant,

v.

HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,

    Counter-Defendant.

Adversary Case No. 21-01167-abl

**TECUMSEH–INFINITY MEDICAL RECEIVABLE FUND, LP'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DIRECT PURCHASE RECEIVABLES**

Hearing Requested

|   |
|---|
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, |
| Counter-Claimant, |
| v. |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP, |
| Counter-Defendant. |

Pursuant to LR 7056, Defendant and Counterclaimant Tecumseh–Infinity Medical Receivable Fund, LP ("**Tecumseh**") respectfully submits the following statement of undisputed facts in support of its *Motion for Partial Summary Judgment as to Direct Purchase Receivables* (the "**Motion**") [ECF No. 90].

| TECUMSEH'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | HASELECT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| The Debtor was in the business of purchasing receivables from medical providers, which receivables typically arose from medical treatment provided to individuals who were injured in accidents (the "Plaintiff(s)") who then asserted personal injury claims arising from the accidents (the "Receivables").<br><br>Both volumes of Rule 2004 Transcript of Oliver Hemmer's testimony are attached hereto as **Exhibit A**, ("Hemmer Dep. Vol."); <br><br>*See* Exhibit A, Hemmer Dep. Vol. I at 42:1-46:15; Vol. II at 175:7-179:3. |   |
| The Receivables were secured by liens against recovery on the personal injury claims; the Debtor only recovered on its Receivables |   |

| | |
|---|---|
| when Plaintiff's personal injury claims were settled.<br><br>*See* Exhibit A, Hemmer Dep. Vol. II at 44:20-47:3; Hemmer Dep. Vol. II at 176:8; Hemmer Dep. Vol. II at 180:4-183:8. | |
| The Debtor used proceeds of its loan from HASelect to purchase Receivables on its own account and to fund its operations.<br><br>*See* Exhibit A, Hemmer Dep. Vol. I at 108:12-109:1. | |
| Among other things, those Receivables legally and beneficially owned by the Debtor secured the HASelect loan.<br><br>*See* Exhibit A, Hemmer Dep. Vol. 108:12-109:1; Hemmer Dep. Vol. II at 168:17-169:5. | |
| HASelect asserts that is owed $16,000,543.00 as of September 14, 2021.<br><br>*See* Main Case, Proof of Claim No. 8-2. | |
| On October 15, 2021, the Trustee abandoned to HASelect collateral valued by the Debtor at approximately 10 million dollars.<br><br>*See* Main Case, ECF Nos. 12, 64, and 97. | |
| This Court has ruled that HASelect may also recover receivables totaling $3,734,397.25, and concluded that HASelect's position as a "lien creditor" under 11 U.S.C. § 544(a) was superior to any interest held by Tecumseh in those particular Receivables, and therefore, that any interest held by Tecumseh in such receivables was avoided pursuant to 11 U.S.C. § 544(a) | |

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | *See* Adv. Case, ECF No. 88. | |
| | The relationship between Tecumseh and the Debtor was governed by a June 2020 Sub-Advisory Agreement (the "Sub-Advisory Agreement").<br><br>*See* Declaration of Michael Belotz (the "Belotz Declaration") ¶ 5, submitted herewith; *see also* Sub-Advisory Agreement attached hereto as **Exhibit B.** | |
| | The Sub-Advisory Agreement generally provided that the Debtor would (i) assist Tecumseh with purchasing the Tecumseh Receivables "directly from the Medical Service Provider" and (ii) service and collect the Tecumseh Receivables.<br><br>*See* Exhibit B, Sub-Advisory Agreement, ¶ 3(b), (e); Belotz Decl. at ¶ 7. | |
| | The Sub-Advisory Agreement called for the Debtor to identify receivables for Tecumseh to purchase and to negotiate a purchase price on Tecumseh's behalf.<br><br>*See* Exhibit B, Sub-Advisory Agreement at ¶¶ 1(b), 3(a), 3(b). | |
| | The Debtor was also to arrange all of the paperwork necessary to "evidence the sale of the Receivable to [Tecumseh] by the Medical Service Provider."<br><br>*See* Exhibit B, Sub-Advisory Agreement at ¶ 3(d). | |
| | FTM Investments, Inc. ("FTM") would verify the receivable on behalf of Tecumseh, after which Tecumseh would the approve of the purchase. | |

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | *See* Belotz Decl., ¶ 10. | |
| | Tecumseh then paid the price agreed to by the medical provider along with the fee to the Debtor required by the Sub-Advisory Agreement.<br><br>*See* Belotz Decl., ¶ 10. | |
| | The process of purchasing a receivable began with a personal injury plaintiff being referred to the Debtor.<br><br>*See* Referral, attached hereto as **Exhibit C.** | |
| | Each plaintiff was then assigned a unique ClaimID number by the Debtor.<br><br>*See* Exhibit A, Hemmer Dep. Vol. I at 45:15-46:23. | |
| | Acting on behalf of Tecumseh, Debtor would provide a preauthorization letter to the medical provider prior to the performance of any authorized service by the provider to the Plaintiff.<br><br>*See* Preauthorization Letter, attached hereto as **Exhibit D.** | |
| | Subsequent to the provision of an authorized procedure, Tecumseh would provide payment in a previously agreed upon amount.<br><br>*See* Belotz Decl., ¶ 9-10. | |
| | The Debtor retained in its records an HCFA 1500 medical billing claim form (the "Claim Form") reflecting, among other things, the face amount of each Receivable, and transmitting the Claim Form to the Plaintiff's counsel of record.<br><br>*See* Claim Form, attached hereto as **Exhibit E.** | |

| | |
|---|---|
| Each Claim Form represented a distinct Receivable, affiliated with a unique BillID number.<br><br>*See* Exhibit A, Hemmer Dep. Vol. I at 45:15-46:23. | |
| Each receivable would receive its own unique BillID number, and the Debtor would maintain in its records a corresponding Claim Form, together with evidence of Tecumseh's contemporaneous payment.<br><br>*See* Exhibit A, Hemmer Dep. Vol. I at 45:15-46; Exhibit E, Claim Form. | |
| To facilitate the purchase of Tecumseh Receivables and collection of proceeds, Tecumseh opened an account with Bank of America (the "BofA Account"). Tecumseh funded the BofA Account with money from its investors.<br><br>Belotz Decl., ¶ 11 | |
| The receivables purchased by Tecumseh from and after October 29, 2020—4,190 receivables at a face amount of approximately $19,846,621.37 (the "Direct Purchase Receivables")—were paid for with transfers of purchase money directly from Tecumseh's BofA Account to the respective medical providers.<br><br>*See* Belotz Decl., ¶ 12; *see also* a detailed Reconciliation prepared by Tecumseh attached hereto as **Exhibit F,** and Tecumseh's collaborating BofA Bank Statements from October of 2020 through and including September of 2021, attached hereto as **Composite Exhibit G**. | |
| Tecumseh paid for the Direct | |

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | Purchase Receivables directly from its BofA Account to the medical providers.<br><br>*See* Belotz Decl., ¶ 13; *see also* Exhibit F (Reconciliation) and Composite Exhibit G. | |
| | Tecumseh paid the Debtor its servicing fee for its work in locating and servicing the Tecumseh Receivables monthly from the BofA Account.<br><br>*See* Belotz Decl., ¶ 13; *see also* Exhibit F (Reconciliation) and Composite Exhibit G. | |
| | As required by the Sub-Advisory Agreement, the Debtor maintained a log of the Tecumseh Receivables along with any collections on them.<br><br>Belotz Decl., ¶ 14. | |
| | Debtor made these records available to Tecumseh on a regular basis through an application known as "Case Manager."<br><br>Belotz Decl. ¶ 14. | |
| | In addition, Tecumseh maintained its own records related to the Tecumseh Receivables.<br><br>Belotz Decl. ¶ 14; *see also* Exhibit F (Reconciliation) and Composite Exhibit G. | |
| | The Debtor likewise created a Claim Form for each Direct Purchase Receivable purchased by Tecumseh.<br><br>Belotz Decl., ¶ 19; *see also* Claim Form, attached hereto as **Exhibit E** | |
| | The Debtor also maintained several binders, a segregated compilation of documents, evidencing Tecumseh's direct payments to medical providers and all | |

| | | |
|---|---|---|
| | corresponding Claim Forms for nearly all of the Direct Purchase Receivables.<br><br>*See* **Exhibit I** binders[1] | |
| | Each Claim Form represented a distinct receivable, affiliated with a unique BillID number.<br><br>*See* Exhibit A, Hemmer Dep. Vol. I at 45:15-46:23; *see also* Exhibit E, Claim Form. | |
| | In October 2020, Tecumseh purchased 92 receivables with a face value of $828,614.88 for a purchase price of $142,862.63 and paid the Debtor a fee of $28,572.52 from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In November 2020, Tecumseh purchased 266 receivables with a face value of $501,921.54 for a purchase price of $142,862.63 and paid the Debtor a fee of $28,572.52 from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In November 2020, Tecumseh purchased 266 receivables with a face value of $501,921.54 for a purchase price of $142,862.63 and paid the Debtor a fee of $28,572.52 – all paid from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In December 2020, Tecumseh purchased 441 receivables with a face value of $1,305,197.62 for a purchase price of $283,162.07 and | |

---

[1] The binders contain PII and HIPPA protected information. Contemporaneously with the filing of this Motion, Tecumseh will be seeking the Court's permission to submit such binders under seal of the Court.

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | paid the Debtor a fee of $56,692.44 – all paid from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In January 2021, Tecumseh purchased 430 receivables with a face value of $1,500,807.25 for a purchase price of $284,325.87 and paid the Debtor a fee of $56,865.78 – all paid from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In February 2021, Tecumseh purchased 323 receivables with a face value of $1,248,675.56 for a purchase price of $321,377.94 and paid the Debtor a fee of $64,588.45 – all paid from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In March 2021, Tecumseh purchased 412 receivables with a face value of $2,081,787.17 for a purchase price of $285,862.33 and paid the Debtor a fee of $46,100.85 – all paid from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In April 2021, Tecumseh purchased 425 receivables with a face value of $1,278,990.10 for a purchase price of $308,721.70 and paid the Debtor a fee of $33,371.64 – all paid from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In May 2021, Tecumseh purchased 582 receivables with a face value of $2,647,439.26 for a purchase price of $349,515.96 and paid the Debtor a fee of $69,903.19 – all paid from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and | |

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | Composite Exhibit G (Bank Statements). | |
| | In June 2021, Tecumseh purchased 533 receivables with a face value of $4,233,654.73 for a purchase price of $539,763.82 and paid the Debtor a fee of $98,999.89 – all paid from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In July 2021, Tecumseh purchased 245 receivables with a face value of $2,154,768.92 for a purchase price of $197,192.40 and paid the Debtor a fee of $29,861.69 – all paid from its BofA Account<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In August 2021, Tecumseh purchased 394 receivables with a face value of $1,751,688.53 for a purchase price of $199,942.76 and paid the Debtor a fee of $31,348.54 – all paid from its BofA Account.<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | In September 2021, Tecumseh purchased 47 receivables with a face value of $313,075.81 for a purchase price of $102,827.82 – all paid from its BofA Account<br><br>*See* Exhibit F (Reconciliation) and Composite Exhibit G (Bank Statements). | |
| | The Debtor's did not possess a beneficial interest in the Direct Purchase Receivables.<br><br>*See* Exhibit A, Hemmer Dep. Vol. II at 173:18-174:4, 174:15-175:3; *see also* Exhibit B, Sub-Advisory Agreement at ¶¶ 1(b), 3(a), 3(b); Exhibit F (Reconciliation), Composite Exhibit G (Bank Statements), and Exhibit I | |
| | Debtor's internal records likewise denote which receivables belong to | |

| | | |
|---|---|---|
| | Tecumseh and which receivables belonged to the Debtor and secured HASelect's loan.<br><br>*See* Exhibit A, Hemmer Dep. Vol. II at 170:24-171:6. | |
| | Tecumseh relayed to its fund administrator the "Bill ID, cost of the receivable, the overhead charge, the total cost, date paid and the type" of receivables "bought since the [time the] last report was generated."<br><br>*See* Email Correspondence attached hereto as **Exhibit H.** | |
| | Tecumseh likewise made this information available to its investors on a regular basis, posting publicly available fund reports detailing, among other things, the "date of purchase" together with the "purchase cost" of each Tecumseh Receivable denoted by its "BillID."<br><br>Belotz Decl. at ¶ 22; *see also* [Reports (tecumsehalts.com)](Reports (tecumsehalts.com)), last visited 8.26.22. | |
| | Tecumseh reported its ownership interest and any resulting capital gains and losses to the Internal Revenue Service.<br><br>Belotz Decl. at ¶ 22. | |
| | The Debtor's bankruptcy schedules do not claim an ownership interest in Direct Purchase Receivables.<br><br>See Exhibit A, Hemmer Dep. Vol. II at 173:18-174:4, 174:15-175:3; see also Debtor's Schedules [Main Case, ECF No. 47]. | |
| | All dollars collected on the Tecumseh Receivables were paid directly to Tecumseh and not to the Debtor.<br><br>Belotz Decl. at ¶ 23; *see also* Hemmer Dep. Vol. II at 186:18-23. | |

Garman Turner Gordon
Attorneys at Law
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

| | |
|---|---|
| Under the Sub-Advisory Agreement, the Debtor received a 20% acquisition fee. The Debtor earned 10% of the acquisition fee immediately, and 10% according to a contingency schedule. The contingency schedule turned on the average investor annual rate of return; the Debtor earned up to 10% if the annual rate of return exceeded 30%.<br><br>See Exhibit A, Sub-Advisory Agreement, Addendum A, ¶ (a) | |

Dated this 26th day of August.

                                          Respectfully submitted,

                                          GARMAN TURNER GORDON LLP

                                          By: _/s/ William M. Noall_
                                          Gerald M. Gordon, Esq.
                                          William M. Noall, Esq.
                                          7251 Amigo St., Suite 210
                                          Las Vegas, Nevada 89119

                                          and

                                          MICHAEL D. NAPOLI, ESQ.
                                          *Pro hac vice*
                                          AKERMAN LLP
                                          2001 Ross Avenue, Suite 3600
                                          Dallas, Texas 75201
                                          Tel: (214) 720-4360 / Fax: (214) 720-8116

                                          ARIEL E. STERN, ESQ.
                                          Nevada Bar No. 8276
                                          AKERMAN LLP
                                          1635 Village Center Circle, Suite 200
                                          Las Vegas, Nevada 89134
                                          Tel: (702) 634-5000 / Fax: (702) 380-8572
                                          Email: ariel.stern@akerman.com

                                          *Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*