Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
        kwyant@shea.law

*Attorneys for HASelect-Medical Receivables
Litigation Finance Fund International SP*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant. | Adversary Case No. 21-01167-abl<br><br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Claimant,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Counter-Defendant. | |

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

66383594;1

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1
2  HASELECT-MEDICAL RECEIVABLES
   LITIGATION FINANCE FUND
   INTERNATIONAL SP,

3                Counter-Claimant,

4  v.

5  TECUMSEH–INFINITY MEDICAL
   RECEIVABLES FUND, LP,
6
7                Counter-Defendant.

8      HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), by

9  and through its undersigned counsel, and Tecumseh-Infinity Medical Receivables Fund, LP

10 ("Tecumseh"), by and through its undersigned counsel (each a "Party" and, collectively, the

11 "Parties"), hereby agree and stipulate, pursuant to Local Rule 7026, to extend discovery deadlines

12 as follows:

13 **A.      Discovery Completed**

14     The following discovery has been completed:

15     1.     On or about January 12, 2022, HASelect served a subpoena on nonparty Three Bell

16 Capital.

17     2.     On or about January 12, 2022, HASelect served a subpoena on nonparty Jonathan

18 Porter.

19     3.     On or about January 17, 2022, Tecumseh served its Initial Disclosures pursuant to

20 FRCP 26 on HASelect.

21     4.     On or about January 18, 2022, HASelect served its Initial Disclosures pursuant to

22 FRCP 26 on Tecumseh.

23     5.     On or about March 10, 2022, HASelect served its First Set of Interrogatories and

24 Requests for Production on Tecumseh.

25     6.     On or about March 29, 2022, Tecumseh served its First Set of Requests for

26 Production on HASelect.

27     7.     On or about April 18, 2022, Tecumseh served its Responses to HASelect's First Set

28 of Interrogatories and Requests for Production.

66383594;1

8. On or about May 18, 2022, HASelect served its Responses to Tecumseh's First Set of Requests for Production.

9. On or about August 29, 2022, Tecumseh served its First Set of Interrogatories and Requests for Admission as well as its Second Set of Requests for Production on HASelect.

10. On or about September 9, 2022, HASelect served its deposition notice for the deposition of Tecumseh.[1]

11. On or about September 9, 2022, HASelect served deposition subpoenas on various nonparties.

**B.      Discovery Remaining**

Discovery in this case has been ongoing and additional discovery remains to be completed, including, but not limited to:

1. Depositions of each party or the party's representative;

2. Depositions of various third parties;

3. Additional written discovery;

4. Meet and confer regarding allegedly deficient discovery responses; and

5. Possible motion practice regarding allegedly deficient discovery responses.

The Parties reserve their right to take additional depositions based on information disclosed in produced documents or obtained in the depositions the Parties have identified.

**C.      Reasons Why Discovery Will Not Be Completed Within the Time Limit of the Existing Deadlines**

This case is complex and involves thousands of accounts receivable purchased from more than 100 different medical providers.  While this Court has already ruled on some of the issues regarding a subset of the accounts receivable at issue, other accounts receivable remain that require further discovery and analysis. The Parties have worked diligently by engaging in discovery from the outset of this case, but the extent of the documents produced in this matter are voluminous and require additional time for review.  Further, although depositions have been noticed, they will likely

---

[1] HASelect subsequently withdrew its deposition notices for Tecumseh, and its principals.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

66383594;1

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1 need to be pushed back to accommodate the Parties as well as non-party deponents' schedules. There

2 are also outstanding issues regarding allegedly deficient discovery responses that will require that

3 the Parties meet and confer, which may also require motion practice.  Further, discovery has been

4 delayed in this matter as a result of the Parties attending a settlement conference to try and resolve

5 this matter without incurring additional attorneys' fees and costs.  As settlement has not occurred,

6 the Parties will need to continue their discovery efforts in this matter.

7          The Parties believe that, given the situation as it presently exists, discovery cannot be

8 accomplished by the represented deadlines in the Parties' joint discovery plan on file herein [ECF

9 No. 49].  This stipulation to extend the existing discovery deadlines is brought in good faith and not

10 for the purpose of delay.  Based on the information presented in this Stipulation, the Parties believe

11 that good cause exists to extend discovery as proposed in order to permit the Parties to ensure that

12 discovery is conducted in a thorough manner.

**D.          Proposed Amended Discovery Schedule**

14          Based on the foregoing, the Parties have agreed to extend the discovery deadlines by

15 approximately ninety (90) days as follows:

16

| Event Deadline | Current Date | Proposed Date |
|---|---|---|
| Close of Fact Discovery | 9/30/2022 | 12/30/2022 |
| Dispositive Motion Deadline | 10/31/2022 | 1/31/2023 |
| Final List of Witnesses and Exhibits | 11/30/2022 | 2/28/2023 |
| Expected trial ready date | 1/3/2023 | 3/31/2023 |

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

66383594;1

1

**E.      Current Trial Date**

2

This matter is presently scheduled to go to trial beginning on April 3, 2023.  The extension

3

of discovery deadlines requested herein will not require any continuance of this trial date.

4

**IT IS SO STIPULATED.**

5

6

**SHEA LARSEN**                                                **AKERMAN LLP**

7

/s/ *Bart K. Larsen, Esq.*                                  By: */s/ Michael D. Napoli, Esq.*
Bart K. Larsen, Esq.                                        MICHAEL D. NAPOLI, ESQ.

8

Nevada Bar No. 8538                                         *Pro hac vice*
Kyle M. Wyant, Esq.                                         2001 Ross Avenue, Suite 3600

9

Nevada Bar No. 14652                                        Dallas, Texas 75201
1731 Village Center Circle, Suite 150                       ARIEL E. STERN, ESQ.

10

Las Vegas, Nevada 89134                                     Nevada Bar No. 8276

11

                                                            1635 Village Center Circle, Suite 200
*Attorneys for HASelect-Medical Receivables*                Las Vegas, Nevada 89134

12

*Litigation Finance Fund International SP*

13

                                                            and

14

                                                            **GARMAN TURNER GORDON LLP**
                                                            GERALD M. GORDON, ESQ.

15

                                                            WILLIAM M. NOALL, ESQ.
                                                            7251 Amigo St., Suite 210

16

                                                            Las Vegas, Nevada 89119

17

                                                            *Attorneys for Tecumseh–Infinity Medical*

18

                                                            *Receivable Fund, LP*

19

20

21

22

23

24

25

26

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

66383594;1

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

### CERTIFICATE OF SERVICE

1.  On September 15, 2022, I served the following document(s): **STIPULATION TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)**

2.  I served the above document(s) by the following means to the persons as listed below:

    ☒  a.  ECF System:

    CLARISSE L. CRISOSTOMO on behalf of ROBERT E. ATKINSON
    clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

    GERALD M GORDON on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    ggordon@gtg.legal, bknotices@gtg.legal

    MICHAEL D. NAPOLI on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    michael.napoli@akerman.com,
    cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras @akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

    ARIEL E. STERN on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    ariel.stern@akerman.com, akermanlas@akerman.com

    ☐  b.  United States mail, postage fully prepaid:

    ☐  c.  Personal Service:

    I personally delivered the document(s) to the persons at these addresses:

    ☐  For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐  For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    ☐  d.  By direct email (as opposed to through the ECF System):
    Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    ☐  e.  By fax transmission:

    Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

66383594;1

1

☐    f.    By messenger:

2

3

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

4

I declare under penalty of perjury that the foregoing is true and correct.

5

Dated: September 15, 2022.

6

By: /s/ *Bart K. Larsen, Esq,*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

66383594;1