Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
          kwyant@shea.law

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant. | Adversary Case No. 21-01167-abl<br><br>**DECLARATION OF BART K. LARSEN, ESQ. IN SUPPORT OF PLAINTIFF HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S OPPOSITION TO TECUMSEH-INFINITY MEDICAL RECEIVABLE FUND, LP'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DIRECT PURCHASE RECEIVABLES** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Plaintiff,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE<br><br>Counter-Defendants. | Hearing Date: October 25, 2022<br>Hearing Time: 1:30 p.m. |

HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,

        Counter-Claimant,

v.

TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,

        Counter-Defendant.

I, Bart K. Larsen, hereby declare as follows:

1. I am over the age of twenty-one (21) years old and am mentally competent. I have personal knowledge of the matters set forth herein except as to those matters stated on information and belief, which I believe to be true, and if called upon as a witness to testify to these facts, I could and would competently and truthfully do so.

2. I have been licensed to practice law before all courts in the state of Nevada since 2003. I am partner in the law firm of Shea Larsen PC, which has served as counsel for HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect") in the chapter 7 case of Infinity Capital Management, Inc. ("Infinity") since approximately September 20, 2021 and in this adversary proceeding since the filing of HASelect's adversary complaint on October 19, 2021.

3. I make this Declaration in support of HASelect's Opposition to Tecumseh-Infinity Medical Receivables Fund, LP's ("Tecumseh") *Motion for Partial Summary Judgment as to Direct Purchase Receivables* [ECF No. 90] (the "Motion").

4. As of the filing of Infinity's chapter 7 petition, Infinity owed in excess of $16 million to HASelect under a series of secured loans for which HASelect held a perfected security interest in substantially all of Infinity's personal property, including its books and records. Such collateral consisted primarily of accounts receivable that Infinity had purchased or funded through transactions with over 100 different medical providers. Immediately upon learning of Infinity's bankruptcy filing, HASelect acted diligently to obtain relief from the automatic stay and to obtain control over its collateral and possession of Infinity's books and records.

5. On or about October 24, 2021, HASelect gained access to Infinity's physical office in Henderson, Nevada and to what was left of Infinity's computer systems and physical files upon which HASelect discovered that a substantial number of records relating to Infinity's business operations and HASelect's collateral were missing or incomplete. Moreover, those records that remained were poorly organized and difficult to access without the use of the proprietary Case Manager software developed by Infinity, which had been rendered unusable prior to Infinity's abandonment of its office.

6. As is thoroughly documents in filings on this Court's docket in a separate adversary proceeding HASelect filed against Infinity's principals, Oliver Hemmers and Anne Pantelas, and their new company, Infinity Health Solutions, LLC ("IHS") (Adversary Case No. 22-01109), HASelect's efforts to obtain control over its collateral and possession of Infinity's books and records have continually been frustrated by Hemmers and Pantelas's attempts to secretly misappropriate and transfer Infinity's business records and intangible property to IHS as well as countless false representations by Hemmers and Pantelas concerning Infinity's dealings with Tecumseh and FTM Limited and their business activities through IHS.

7. In an attempt to circumvent Hemmers and Pantelas efforts to conceal information, HASelect has issued subpoenas for the production of documents to more than 20 different parties through Infinity's chapter 7 case. HASelect has also been diligent in conducting discovery in this adversary proceeding through issuing discovery requests to Tecumseh and subpoenas for the production of documents to various third parties. Yet, substantial gaps remain in HASelect's knowledge of Infinity's business activities, including its relationships and dealings with Tecumseh and FTM Limited and their respective principals, and Infinity's use and handling of loan proceeds received from HASelect and proceeds collected by Infinity from accounts receivable included within HASelect's collateral.

8. As such, additional discovery is needed to ascertain the nature and full extent of the records created and maintained by Infinity in connection with its purchase and funding of the accounts receivable at issue in this adversary proceeding as well as the location and status of all such

records that have not yet been made available to HASelect. Such discovery includes the depositions of Hemmers and Pantelas and, potentially, former employees of Infinity.

9. Additional discovery is also needed concerning the nature of the transactions between Infinity and the medical providers through whom Infinity purchased and funded the accounts receivable at issue. Such discovery includes the depositions of Hemmers and Pantelas and, potentially, former employees of Infinity as well as the depositions of the principals of Tecumseh and HASelect. HASelect may also need to subpoena documents from and take the depositions of representatives or certain medical providers, including Cuevas Diagnostics, LLC d/b/a Stat Diagnostics, Preva Advanced Surgicare – The Woodlands, LLC, Viking Pain Management, LLC, and possibly others.

10. HASelect is informed and believes that Infinity used one or more file sharing applications in addition to its Case Manager software to transmit information and records to Tecumseh and FTM relating to the accounts receivable in dispute. HASelect has not been provided access to any such applications or the information and records exchanged through those applications, which it believes are directly relevant to the issues raised in Tecumseh's Motion.

11. Additional discovery is also needed concerning the nature and extent of Infinity's dealings with Tecumseh and FTM Limited and their respective principals. As set forth in HASelect's Opposition to the Motion and the supporting declaration of Michael Griffin, two of Tecumseh's principals are former employees of Griffin Asset Management LLC ("GAM"), serves as asset manager to HASelect. Also, FTM Limited was engaged by HASelect to provide subadvisory and fiduciary services in connection with the administration of HASelect's loan to Infinity. As outlined in the Opposition, HASelect has discovered evidence that those former employees and the principals of FTM Limited improperly used confidential and proprietary knowledge they gained through their employment with GAM and dealings with HASelect both in soliciting Infinity and in soliciting investors to whom they were introduced through GAM to fund Tecumseh and otherwise colluded with Infinity and FTM Limited to intentionally harm HASelect by stripping Infinity of the assets that served as HASelect's collateral and interfering in HASelect's relationships with its

investors. Such discovery includes the depositions of Hemmers and Pantelas and, potentially, former employees of Infinity as well as the depositions of the principals of Tecumseh and HASelect. HASelect expects it will also need to subpoena records from and take the depositions Three Bell Capital as well as other third parties.

12. HASelect has received little, if any, information from Tecumseh concerning its own business records relating to the accounts receivable in dispute or its communications with third parties relating to Infinity and the accounts receivable in dispute in this matter. As such, additional discovery is needed to ascertain the nature and extent of those records and communications.

13. The documents submitted in support of HASelect's Opposition to the Motion as Exhibits 6-13, 15-20, 22-24, 28-29, 31-38, and 40 are true and correct copies of either Infinity business records surrendered to HASelect by Infinity following the filing of its chapter 7 case or documents produced to HASelect by third parties in response to subpoenas issued by HASelect.

14. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATED this 30th day of September 2022.

/s/ *Bart K. Larsen, Esq.*
BART K. LARSEN, ESQ

# CERTIFICATE OF SERVICE

1. On September 30, 2022, I served the following document(s): **DECLARATION OF BART K. LARSEN, ESQ. IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

2. I served the above document(s) by the following means to the persons as listed below:

    ☒ a. ECF System:

    CLARISSE L. CRISOSTOMO on behalf of ROBERT E. ATKINSON
    clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

    GERALD M GORDON on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    ggordon@gtg.legal, bknotices@gtg.legal

    GABRIELLE A. HAMM on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    ghamm@Gtg.legal, bknotices@gtg.legal

    MICHAEL D. NAPOLI on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    michael.napoli@akerman.com,
    cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

    ARIEL E. STERN on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
    ariel.stern@akerman.com, akermanlas@akerman.com

    ☐ b. United States mail, postage fully prepaid:

    ☐ c. Personal Service:

    I personally delivered the document(s) to the persons at these addresses:

    ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    ☐ d. By direct email (as opposed to through the ECF System):

    Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    ☐ e. By fax transmission:

    Based upon the written agreement of the parties to accept service by fax transmission or a

court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 30, 2022.

By: /s/ *Bart K. Larsen, Esq,*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432