GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
JARED M. SECHRIST
Nevada Bar No. 10439
E-mail: jsechrist@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116
Email: michael.napoli@akerman.com

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical
Receivable Fund, LP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

INFINITY CAPITAL MANAGEMENT, INC.

Debtor.

Case No.:  21-14486-abl
Chapter 7

Adversary Case No. 21-01167-abl

HASELECT-MEDICAL RECEIVABLES
LITIGATION FINANCE FUND
INTERNATIONAL SP,

Plaintiff,

v.

TECUMSEH-INFINITY MEDICAL
RECEIVABLES FUND, LP,

Defendant.

TECUMSEH-INFINITY MEDICAL
RECEIVABLES FUND, LP,

Counter-Claimant,

v.

**TECUMSEH–INFINITY MEDICAL'S
MOTION TO STRIKE THE
DECLARATION OF MICHAEL
GRIFFIN IN SUPPORT OF PLAINTIFF
HASELECT-MEDICAL RECEIVABLES
LITIGATION FINANCE FUND
INTERNATIONAL SP'S OPPOSITION
TO TECUMSEH-INFINITY MEDICAL
RECEIVABLE FUND, LP'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
AS TO DIRECT PURCHASE
RECEIVABLES [ECF 0123]**

Date:  October 25, 2022

Time: 1:30 p.m.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

65410923;9

HASELECT-MEDICAL RECEIVABLES
LITIGATION FINANCE FUND
INTERNATIONAL SP,

                    Counter-Defendant.

HASELECT-MEDICAL RECEIVABLES
LITIGATION FINANCE FUND
INTERNATIONAL SP,

                    Counter-Claimant

v.

TECUMSEH-INFINITY MEDICAL
RECEIVABLES FUND, LP,

                    Counter-Defendant.

Tecumseh–Infinity Medical Receivable Fund, LP ("Tecumseh"), through counsel, submits this *Motion to Strike the Declaration of Michael Griffin in support of HASelect-Medical Receivables Litigation Finance Fund International SP's* ("HASelect") *Opposition* ("Opposition") *to Tecumseh-Infinity Medical Receivables Fund, LP's Motion for Partial Summary Judgment as to Direct Purchase Receivables* ("Motion") [ECF No. 123]

This motion is made and based upon Federal Rule of Bankruptcy Procedure 7056, which makes Fed. R. Civ. P. 56 applicable to this adversary proceeding, Federal Rule of Bankruptcy Procedure 9017, Local Rule of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Nevada 7056,[1] and the following memorandum of points and authorities.

## I.      **INTRODUCTION**

Federal Rule of Civil Procedure 56(c)(2) states, "A party may object that the material cited to

---

[1] Unless otherwise stated, all "Chapter" and "Section" references are to Title 11 of the U.S. Code (the "Bankruptcy Code"), all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and all references to "Local Rules" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada (the "Local Rules").

65410923;9

support or dispute a fact cannot be presented in a form that would be admissible in evidence." And Rule 56(c)(4) specifically addresses the evidentiary standard for declarations, stating "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The Declaration of Michael Griffin ("Griffin Decl.") that HASelect has proffered in support of its Opposition to Tecumseh's Motion is replete with statements that are not relevant[2] regarding the legal issues being prosecuted by HASelect in the *Amended First Amended Adversary Complaint* ("AFAC") [ECF No. 28] and addressed in the Motion, lack foundation and statements that contradict prior Court decisions on key issues between the parties. Accordingly, paragraphs 21, 22, 24, 25 and 26 of the Griffin Declaration do not present admissible evidence and should be stricken and disregarded by this Court.

## II.    STATEMENT OF FACTS[3]

### A.    THE MEYER ACTION

1.    On June 6, 2020, HASelect and Griffin Asset Management, LLC ("GAM") filed a complaint ("Meyer Complaint") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division against Tecumseh, its principal, Chadwick Meyer, Alternative Investment Specialists Limited and FTM Limited ("Meyer Action"). *See* Ex. 5 to HASelect's Opposition.

2.    In the Meyer Complaint, HASelect asserted claims against Tecumseh (and the other defendants) arising from Tecumseh's business dealings with the Debtor. Notably, the Meyer Complaint states as follows:

- ¶ 92: Plaintiffs owned and possessed confidential, proprietary, and trade secret

---

[2] Federal Rule of Evidence 401 provides that "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it could be without the evidence; and (b) the fact is of consequence in determining the action."

[3] The facts stated in Tecumseh's Statement of Undisputed Facts In Support of the Motion [ECF No. 94] and in the concurrently filed Reply In Support of Motion are incorporated herein by reference as if set forth at length. Accordingly, Tecumseh states here only those additional facts necessary for the Court to evaluate this Motion.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

65410923;9

information, as alleged above, including, among other things, Plaintiffs' relationship with AIS- FTM and [Debtor], including the terms of [Debtor's] borrowing agreement with Plaintiffs, and the identity of Plaintiffs' investors and potential investors, including the Investment Club.

- ¶ 93: Plaintiffs have taken reasonable measures to keep such information secret and confidential as alleged herein.

- ¶ 94: This confidential, proprietary, and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value form the disclosure or use of the information.

- ¶ 95: In violation of Plaintiffs' rights, Defendants misappropriated the confidential, proprietary and trade secret information in the manner alleged herein and used it to try to usurp Plaintiffs' existing and future business.

- ¶ 96: The misappropriation of Plaintiffs' confidential, proprietary, and trade secret information by Defendants was intentional, knowing, willful, malicious, and fraudulent.

- ¶ 97: Defendants have used and/or disclosed, and if not enjoined, will continue to misappropriate, disclose, and use for their own benefit and to Plaintiffs' detriment, Plaintiffs' trade secret information.

3.    Based on these allegations and others in Meyer Complaint, HASelect sought to enjoin Tecumseh from conducting business with the Debtor and recovery of damages. *See* Meyer Complaint at 19-20.

4.    In furtherance of that goal, HASelect sought a preliminary injunction against the Meyer Action defendants to "enjoin Defendants from doing business with nonparty [Infinity]." **Exhibit J** (Order dated February 17, 2021). "After a two-day hearing in which testimony was taken, various documents were admitted into evidence, and having heard the arguments of counsel," the Meyer Action court denied HASelect's motion for preliminary injunction and made the following findings:

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

65410923;9

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

- "Defendant Meyer worked for GAM until May 2019. Subsequently, Meyer formed [Tecumseh] to purchase medical receivables in connection with personal injury cases. [Tecumseh] and Infinity entered into a sub-advisory agreement under which Infinity provides portfolio management and administrative services, including negotiating the price of receivables. [Tecumseh] purchases receivables for itself and secures a lien on proceeds from the receivable." *Id.* at 2.

- "As to the interference claim related to Infinity, it seems that the Defendants structured [Tecumseh] to avoid interfering with Infinity's pre-existing contractual obligations with [HASelect]. Significantly, unlike [HASelect] which loans money to Infinity to purchase the medical receivables, [Tecumseh] is not a lender. It purchases the receivables itself. Thus, the structure does not run afoul of the MLA's prohibition on Infinity borrowing from anyone other than [HASelect]. Plaintiffs claim that the net effect of [Tecumseh]'s activity is to reduce receivable opportunities for [HASelect], while at the same time causing confusion in the marketplace and reputational damage to Plaintiffs. That, however, does not demonstrate that Infinity breached a specific contractual obligation to Plaintiffs. In closing argument, Plaintiffs pointed to a potential impairment of its collateral (the receivables purchased by Infinity), but there was no evidence of this." *Id.* at 3.

5.      Without any evidence that Tecumseh's business dealings wrongfully interfered with HASelect's, the Meyer Action court denied the preliminary injunction. And having failed to obtain that remedy, HASelect dismissed the Meyer Action without appeal. **Exhibit K** (docket sheet for the Meyer case demonstrating the case was dismissed).

B.      **THE CLARK ACTION**

6.      On August 12, 2022, HASelect and GAM filed a complaint ("Clark Complaint") in the United States District Court for the Northern District of Illinois against Simon Clark, another of Tecumseh's principals ("Clark Action"). Ex. 14 to Opposition.

7.      The Clark Action, like the Meyer Action, arises from HASelect's grievances with Clark concerning Tecumseh's formation and business dealings with the Debtor. *See generally id.*

65410923;9

8.    The Clark Action, however, which remains pending, consists entirely of HASelect's and GAM's unfounded and unproven allegations, as the Clark Action court has not made a single substantive ruling.

### C.    THE ADVERSARY PROCEEDING

9.    In the AFAC, HASelect seeks entry of a declaratory judgment determining that HASelect holds a perfected security interest in the accounts receivable the subject of the MPSJ senior to that of Tecumseh.  It is focused on the breadth of the HASelect security interest in Infinity's assets. *See generally* AFAC. The issues raised by the Motion are narrow: i) Did the Debtor ever have an ownership interest in the Direct Purchase Receivables (Mot. at 11); ii) alternatively, did a purchase money resulting trust arise in Tecumseh's favor with respect to the Direct Purchase Receivables at the time of their purchase (Mot. at 12); iii) whether HASelect's lien extends to the Direct Purchase Receivables (Mot. at 15); and iv) whether 11 U.S.C. § 544 can be used to make the Direct Purchase Receivables part of the bankruptcy estate (Mot. at 17).

10.    Tecumseh filed the Motion on August 26, 2022. [ECF No. 90].

11.    HASelect filed the Opposition on September 30, 2022. [ECF No. 122].

12.    HASelect filed the Griffin Decl. in support of the Opposition on September 30, 2022. [ECF No. 123].

13.    In the Griffin Declaration, Griffin made the following statements, which are the basis of this Motion:

- ¶ 21: "Clark continued to serve as HASelect's primary point of contact for Infinity and FTM until he resigned his position with GAM in February 2020 to join another former GAM employee, Chad Meyer, along with Debozy, Dalzell, Hemmers, and Pantelas in establishing Tecumseh to replace HASelect in its role as lender to Infinity."

- ¶ 22: "Meyer was terminated from his position with GAM in May 2019. Unbeknownst to HASelect or GAM at the time, Meyer, Clark, and another individual they met through

GAM, Michael Belotz, formed Tecumseh Alternatives, LLC in August of 2019 as an investment advisory firm modeled after and designed to compete with GAM. Shortly thereafter, Tecumseh Alternatives LLC formed Tecumseh and, upon Clark's resignation, began working with Debozy and Dalzell to solicit Infinity to terminate its relationship with HASelect and to enter into a new financing arrangement with Tecumseh."

- ¶ 24: "During the course of their employment with GAM, Meyer and Clark had access to GAM's confidential and proprietary business information concerning GAM's relationships with investors and potential investors. Such information was not publicly known and was highly valuable to GAM."

- ¶ 25: "While soliciting Infinity to terminate its relationship with HASelect in favor of a new funding relationship with Tecumseh, Meyer and Clark used confidential and proprietary information received through their prior employment with GAM to solicit and obtain investment capital from several parties to whom they had been introduced through their employment with GAM."

- ¶ 26: "HASelect learned in May 2020 of a potential business relationship between Tecumseh and Infinity and later that Tecumseh and Infinity had entered into a sub-advisory agreement under which Tecumseh provided funding to Infinity. However, prior to Infinity's bankruptcy filing, HASelect had only limited information available to it concerning Infinity's dealings with Tecumseh."

## III.    ARGUMENT

A court can strike summary judgment evidence when the evidence is inadmissible, speculative, conclusory, improperly authenticated, or otherwise incompetent. *See Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004*); Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir. 1972); *Newport Elecs., Inc. v. Newport Corp.*, 157 F. Supp. 2d 202, 208 (D. Conn. 2001). A court can strike a declaration if it is not

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

based on personal knowledge, if it sets out facts that would not be admissible in evidence, or if it does not show that the declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). The court should strike any portions of a declaration that do not meet the standards of Federal Rule of Civil Procedure 56(c)(4). *See Akin v. Q-L Invs., Inc.,* 959 F.2d 521, 530–31 (5th Cir. 1992).

Federal Rule of Bankruptcy Procedure 9017 provides that "the Federal Rules of Evidence apply in bankruptcy cases." *See also* Fed. R. Evid. 1101(a), (b) (providing that bankruptcy judges must apply the Federal Rules of Evidence in "proceedings and cases under title 11...."). Thus, "the Federal Rules of Evidence are applicable in adversary proceedings even when the proceeding implicates state substantive law." *In re Denh Nhiet Chu*, No. BAP.NV-07-, 2008 WL 8444805, at *4 (B.A.P. 9th Cir. Mar. 18, 2008) citing *Boone v. Barnes (In re Barnes)*, 266 B.R. 397, 403 (8th Cir.BAP2001).

Paragraphs 21, 22, 24, 25 and 26 of the Griffin Declaration do not contain admissible evidence; therefore, they should be stricken from the record and/or not considered by the Court in deciding the Motion.

### A.    PARAGRAPHS 24, 25 AND 26 ARE UNCITED AND, THEREFORE, NOT EVIDENCE.

First, HASelect has not cited paragraphs 24, 25 or 26 in the Opposition or in its Statement of Disputed Facts [ECF No. 124]. These paragraphs, therefore, are not evidence at all, let alone admissible evidence, and should be disregarded by this Court. *See Meridian Textiles Inc. v. Topson Downs of California,* No. CV1108351RGKJCX, 2012 WL 12919533, at *3 (C.D. Cal. Nov. 15, 2012) ("It is incumbent on the parties to submit their 'best evidence' in an effective manner, and more importantly, to reference such evidence, rather than relying on that evidence to make itself known.") citing *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (Court may disregard uncited evidence because "Judges are not like pigs, hunting for truffles buried in briefs."). HASelect's failure to cite to these paragraphs begs the question "Why are they included in the declaration?" There is only one conclusion—to confuse the discrete issues presented by the Motion with immaterial and inadmissible evidence.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

65410923;9

**B.    PARAGRAPH 21 CONTAINS INADMISSIBLE EVIDENCE AND IRRELEVANT EVIDENCE.**

Federal Rule of Evidence 602 provides, in pertinent part, that "A witness may testify to a matter *only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter*." FRE 602 (emphasis added). In paragraph 21, Griffin testified that Clark left GAM to join Tecumseh in February 2020. This statement has no relevance to the issues before this Court, but assuming it does, Griffin provides no basis for his personal knowledge regarding Clark's future plans when he left GAM. Similarly, Griffin provides no basis for his conclusion that Tecumseh was formed "to replace HASelect in its role as lender to Infinity."

Perhaps more egregiously, Griffin's statement about the purpose of Tecumseh's formation contradicts the Meyer Action court's ruling that Tecumseh was a purchaser, not a lender, of medical receivables and is barred by claim preclusion from relitigating that issue. *See* Ex. J (Preliminary Injunction Order) at 3.

The three elements essential to establish claim preclusion are:

(1) the identities of the parties are the same as a prior litigation;

(2) the subject matter is the same as the prior litigation, and

(3) there was a prior adjudication of the issue by a court of competent jurisdiction

*Garris v. S. C. Reinsurance Facility*, 333 S. C. 432, 511 S.E.2d 48, 57 (1998); *Johnson v. Greenwood Mills, Inc.*, 317 S. C. 248, 452 S.E.2d 832, 833 (1994); *Pye v. Aycock*, 325 S. C. 426, 480 S.E 2d 455, 458 (Ct. App. 1997). If these conditions are met, a litigant is barred from raising any of the issues which were raised in the prior action as well as any issues which might have been raised then. *Garris*, 511 S.E.2d at 57, *Hilton Head Center of South Carolina, Inc. v Public Service Comm'n*, 294 S.C. 9, 362 S.E.2d 176, 177 (1987).

Here, the parties and issues are the same as in the Meyer Action—with HASelect on the one side and Tecumseh on the other. *See also Pye*, 480 S.E.2d at 458 (stating it is well settled that the

doctrine of claim preclusion has been extended to include privies of the parties to the prior litigation). Without question, the subject matter—HASelect's grievances concerning Tecumseh's business transactions with the Debtor and rights to the identified medical receivables—is the same as in the Meyer Action. *See Murphy v. Owens-Corning Fiberglass Corp.*, 356 S.C. 592, 590 S E.2d 479, 481 (2003) (The "subject of the action" is "the matter or thing, differing both from the wrong and the relief, in regard to which the controversy has arisen, concerning which the wrong has been done; and **this is, ordinarily the property, or the contract and its subject matter, or the thing involved in the dispute**." (emphasis added)).

There was a prior adjudication of the subject matter by a court of competent jurisdiction. As set forth above, Judge Mitchell of the Circuit Court of Cook County, Illinois has already heard two days of testimony and considered the parties' evidence on HASelect's claims against Tecumseh, including whether Tecumseh was a lender or a purchaser of medical receivables, holding Tecumseh was a purchaser.

Finally, HASelect uses paragraph 21 in the Opposition (*see* fn. 36) to introduce the Clark Complaint into evidence to suggest to the Court *allegations* in the Clark Complaint should carry some sort of probative value in demonstrating an issue of material fact precludes summary judgment. But, as discussed, the Clark Action court has not issued a single ruling on any substantive issue and HASelect's allegations asserted therein, which Griffin does nothing to support, are just that—unproven allegations of no evidentiary weight. Griffin's statement in paragraph 21 should, therefore, be stricken.

## C.    PARAGRAPH 22 CONTAINS INADMISSIBLE EVIDENCE.

In paragraph 22, Griffin testifies without identifying any basis for his knowledge that the identified individuals "formed Tecumseh Alternatives, LLC in August 2019 as an investment advisory firm modeled after and designed to compete with GAM. Shortly thereafter, Tecumseh Alternatives LLC formed Tecumseh and, upon Clark's resignation, began working with Debozy and Dalzell to

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

solicit Infinity to terminate its relationship with HASelect and to enter into a new financing arrangement with Tecumseh." Again, assuming any relevance, this statement violates FRE 602's requirement for Griffin to identify the foundation for these statements. Without any foundation, they are inadmissible.

As discussed above, the Meyer Action court already ruled that Tecumseh is a purchaser, not a lender, for medical receivables and that HASelect had no interest in Tecumseh's contractual relationship with the Debtor such that Court intervention was required. By paragraph 22, Griffin attempts to have this Court revisit those issues—the same issues HASelect could not prove and the Meyer Action court ultimately found were irrelevant. This Court should decline to do so and strike Griffin's inadmissible opinions.

### D.    PARAGRAPH 24 CONTAINS INADMISSIBLE EVIDENCE.

In paragraph 24, Griffin states that Meyer and Clark "had access to GAM's confidential and proprietary business information concerning GAM's relationships with investors and potential investors." But Griffin does not offer any foundation for his statement that any of GAM's information was confidential or proprietary. *See* FRE 602. Further, his statement that the information Meyer and Clark had access to was confidential and proprietary is a legal conclusion, which this Court should disregard in considering summary judgment. *See Persian Gulf Inc. v. BP W. Coast Prod. LLC*, No. 15CV1749-JO-AGS, 2022 WL 4830698, at *9 (S.D. Cal. Sept. 30, 2022).

### E.    PARAGRAPH 25 CONTAINS INADMISSIBLE EVIDENCE.

Paragraph 25 is similarly objectionable. Specifically, Griffin opines without support that: i) Meyer and Clark solicited Infinity to terminate its relationship with HASelect in favor of a new funding relationship with Tecumseh; and ii) Meyer and Clark used "proprietary and confidential information received through their prior employment with GAM to solicit and obtain investment capital from several parties to whom they had been introduced through their employment with GAM." Again, Griffin offers no support for his statements. He does not identify any documents or explain how he

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

65410923;9

knows what he is testifying about. These statements are, therefore, inadmissible pursuant to FRE 602.

Moreover, as the Meyer Action court has already determined that Tecumseh's contractual relationship with Infinity did not vest HASelect with any actionable rights, Griffin's opinions concerning Tecumseh's principals' actions and intentions is irrelevant.

Paragraph 25, therefore, should be stricken.

### F.    PARAGRAPH 26 CONTAINS INADMISSIBLE EVIDENCE.

In paragraph 26, Griffin states that, "Tecumseh and Infinity had entered into a sub-advisory agreement under which Tecumseh provided funding to Infinity." But the sub-advisory agreement is a document in writing and Griffin's interpretation of its terms lack foundation. FRE 602. Further, to the extent Griffin's statement implies Tecumseh provided loans to Infinity, it is at odds with Judge Mitchell's findings and is precluded.

…

…

…

…

…

…

…

…

…

…

…

…

…

…

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

65410923;9

IV.    **CONCLUSION**

Based on the foregoing, Tecumseh respectfully requests that this Court strike paragraphs 21, 22, 24, 25 and 26 from the Griffin Declaration.

Dated this 24th day of October, 2022.

Respectfully submitted,

GARMAN TURNER GORDON LLP

By: */s/Jared M. Sechrist*
GERALD M. GORDON, ESQ.
JARED M. SECHRIST, ESQ.
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119

and

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

65410923;9