GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
JARED M. SECHRIST
Nevada Bar No. 10439
E-mail: jsechrist@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

MICHAEL D. NAPOLI (*Pro hac vice)*
Email: michael.napoli@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN
Nevada Bar No. 8276
Email: ariel.stern@akerman.com
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.,<br><br>Debtor. | Case No.: 21-14486-abl<br><br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant. | Adversary Case No.: 21-01167-abl<br><br>**SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF TECUMSEH–INFINITY MEDICAL RECEIVABLE FUND, LP MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DIRECT PURCHASE RECEIVABLES** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Claimant,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Counter-Defendant. | Hearing Date: October 25, 2022<br><br>Hearing Time: 1:30 p.m. |

HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,

Counter-Claimant,

v.

TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,

Counter-Defendant.

Pursuant to LR 7056, Defendant and Counterclaimant Tecumseh–Infinity Medical Receivable Fund, LP ("**Tecumseh**") respectfully submits the following supplemental statement of undisputed facts in support of its *Reply in Support of Motion for Partial Summary Judgment as to Direct Purchase Receivables* (the "**Reply**").

| | **TECUMSEH'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE** | **HASELECT'S RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|---|
| | On June 6, 2020, HASelect and Griffin Asset Management, LLC ("GAM") filed a complaint (the "Meyer Complaint") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division against Tecumseh, its principal, Chadwick Meyer, Alternative Investment Specialists Limited and FTM Limited (the "Meyer Action").<br><br>*See* Opposition [ECF No. 122], Ex. 5 (Meyer Complaint) | |
| | In the Meyer Complaint, HASelect asserted claims against Tecumseh (and the other defendants) arising from Tecumseh's business dealings with the Debtor.<br><br>*See* Meyer Complaint, ¶ ¶ 92, 95-96 | |

GARMAN TURNER GORDON LLP
7251 Amigo Street
Suite 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | The Meyer Complaint contains allegations that: (i) HASelect and GAM owned and possessed confidential, proprietary, and trade secret information; and (ii) Tecumseh, Meyer, and FTM misappropriated the confidential, proprietary and trade secret information and used it to try to usurp Plaintiffs' existing and future business; and (iii) the misappropriation of HASelect's confidential, proprietary, and trade secret information by HASelect was intentional, knowing, willful, malicious, and fraudulent.<br><br>*See* Meyer Complaint, ¶ ¶ 92, 95-96 | |
| | On August 12, 2022, HASelect and GAM filed a complaint (the "Clark Complaint") in the United States District Court for the Northern District of Illinois against Simon Clark, another of Tecumseh's principals (the "Clark Action").<br><br>*See* Opposition, Ex. 14. (Clark Complaint) | |
| | The Clark Action arises from HASelect's grievances with Clark concerning Tecumseh's formation and business dealings with the Debtor.<br><br>*See* Clark Complaint | |
| | Through the Meyer Complaint, HASelect sought to enjoin Tecumseh from conducting business with the Debtor and damages.<br><br>*See* Meyer Complaint, pp. 19-20. | |



GARMAN TURNER GORDON LLP
7251 Amigo Street
Suite 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | In furtherance of that goal, HASelect sought a preliminary injunction against Tecumseh, Meyer, and FTM in the Meyer Action to "enjoin Defendants from doing business with nonparty [Infinity]."<br><br>*See* Exhibit J (Court Order Denying Injunctive Relief) | |
| | After a two-day hearing in which testimony was taken, various documents were admitted into evidence, and having heard the arguments of counsel, the Meyer Action court denied HASelect's motion for preliminary injunction in its Order dated February 17, 2021.<br><br>*See* Exhibit J (Court Order Denying Injunctive Relief) | |
| | The Meyer Action court issued the following findings in its February 17, 2021 Order:<br><br>• Defendant Meyer worked for GAM until May 2019. Subsequently, Meyer formed [Tecumseh] to purchase medical receivables in connection with personal injury cases. [Tecumseh] and Infinity entered into a sub-advisory agreement under which Infinity provides portfolio management and administrative services, including negotiating the price of receivables. [Tecumseh] purchases receivables for itself and secures a lien on proceeds from the receivable…<br><br>• As to the interference claim related to Infinity, **it seems that** | |

Garman Turner Gordon LLP
7251 Amigo Street
Suite 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | **the Defendants structured [Tecumseh] to avoid interfering with Infinity's pre-existing contractual obligations with [HASelect]. Significantly, unlike [HASelect] which loans money to Infinity to purchase the medical receivables, <u>[Tecumseh] is not a lender</u>.**<br><br>*See* Exhibit J at 2-3 (emphasis added). | |
| | HASelect subsequently dismissed the Meyer Action without appeal.<br><br>*See* Exhibit K (docket for the Meyer Action) | |
| | HASelect filed its Complaint in this Adversary Proceeding on October 19, 2021, and its Amended First Amended Complaint ("AFAC") [ECF No. 24] in this Adversary Proceeding, the presently operative Complaint, on December 13, 2021. Like the Meyer Complaint, the AFAC includes claims against Tecumseh for declaratory relief, injunctive relief, and damages arising from Tecumseh's business dealings with the Debtor.<br><br>*See* ECF Nos. 1 and 24 | |
| | The purpose of the Sub-Advisory Agreement was to facilitate a sale of the receivables directly between the medical service providers and Tecumseh.<br><br>*See* Exhibit L [Hemmer Dep. Vol. II at 185:15-20]. | |
| | The Debtor was not to acquire an interest in the receivables or to be | |



GARMAN TURNER GORDON LLP
7251 Amigo Street
Suite 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | part of the chain of title.<br><br>*See* Exhibit L, Hemmer Dep. Vol. II at 186:3-8. | |
| | Tecumseh tied each purchase of a Direct Purchase Receivable to a check or wire transfer from Tecumseh's BofA Account payable to the selling medical service provider.<br><br>*See* Reconciliation, attached as Exhibit F to Tecumseh's Statement of Undisputed Facts [ECF No. 92]; Declaration of Michael Belotz ("Belotz Decl.") [ECF No. 91] at ¶¶ 15-18. | |
| | Tecumseh owned the BofA account and all of the funds within it.<br><br>*See* Composite Exhibit G; Exhibit J, Exhibit L [Hemmer Dep. Vol. II at 188:25-189:15, Hemmer Dep. Vol. II. at 189:13-14] and Exhibit N; *see also* Belotz Decl. at ¶ 11; | |
| | The BofA Account was titled in the name of "Tecumseh-Infinity Medical Receivables Fund, LP," Tecumseh's legal name.<br><br>*See* Composite Exhibit G; Exhibit J, and Exhibit N. | |
| | Funds in the BofA account came from Tecumseh's investors.<br><br>*See* Exhibit N; *see also* Belotz Decl. at ¶ 11 and Belotz Supp. Decl. at ¶¶ 9, 12-13. | |
| | The Debtor did not include the BofA Account on its Schedules.<br><br>*See* Debtor's Schedules [Main | |



GARMAN TURNER GORDON LLP
7251 Amigo Street
Suite 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | Case, ECF No. 47]. | |
| | The Debtor's assumed name was associated with the BofA Account only to allow checks to be deposited in the account.<br><br>*See* Exhibit L [Hemmer Dep. Vol. II at 212:4-23, 215:18-21]; Belotz Supp. Decl. at ¶ 8. | |
| | Debtor's principals signed checks as agents of Tecumseh and were allowed to do so only for Tecumseh's business.<br><br>*See* Exhibit L [Hemmer Dep. Vol. II at 215:22-216:6] | |
| | Debtor's signatures had to be countersigned by a representative of Tecumseh. Therefore, the checks drawn on the BofA Account show the signatures of both Tecumseh and Debtor's principals.<br><br>See Composite Exhibit G, Exhibit L [Hemmer Dep. Vol. II at 215:18-216:11]; *see also* Belotz Decl. at ¶ 11; | |
| | A proper tracing analysis demonstrates that Tecumseh's funds were used to purchase the Direct Purchase Receivables.<br><br>*See* Exhibit O (Tracing Analysis); *see also* Belotz Supp. Decl. at ¶ 11. | |
| | Tecumseh deposited $3.7 million of its investor's money into the BofA Account.<br><br>*See* Exhibit O; *see also* Belotz Supp. Decl. at ¶ 12. | |
| | Tecumseh paid $3.2 million out of the BofA Account to purchase the Direct Purchase Receivables. | |



GARMAN TURNER GORDON LLP
7251 Amigo Street
Suite 210
Las Vegas, NV 89119
725-777-3000

| | | |
|---|---|---|
| | *See* Exhibit F (Reconciliation) | |
| | From July 2020 through September 2021, cumulative Tecumseh Deposits were higher than cumulative Provider Payments in each month. Thus, there were more than sufficient funds deposited by Tecumseh to purchase the receivables.<br><br>*See* Belotz Supp. Decl. at ¶ 18 | |
| | Proceeds of receivables purchased by Tecumseh were deposited into the BofA Account but they represented a relatively minor part of the total funds (approximately 15%) in the account. Deposits related to receivables totaled $696,747.<br><br>*See* Belotz Supp. Decl. at ¶ 14. | |
| | Tecumseh paid the Debtor $723,073 out of the BofA Account in fees and expense reimbursements.<br><br>*See* Belotz Supp. Decl. at ¶ 17. | |
| | Tecumseh distributed $55,580.80 to the Debtor in October 2020 (Check 1001, dated 9/30/2020 cleared 10/1/2020) to enable the Debtor to purchase the Batch 1-G receivables, which are part of the Disputed Receivables, on Tecumseh's behalf.<br><br>*See* Belotz Supp. Decl. at ¶ 18. | |
| | Two of the three purchase and sale agreements relied upon by HASelect and entered by and between the Debtor and the medical providers expressly contemplated | |

Garman Turner Gordon LLP
7251 Amigo Street
Suite 210
Las Vegas, NV 89119
725-777-3000

| | future sales of accounts receivables.<br><br>*See* Opposition, Exhibits 28 and 33, ¶ 3. | |
|---|---|---|

Dated this 24th day of October 2022.

Respectfully submitted,

GARMAN TURNER GORDON LLP

By: */s/ Jared M. Sechrist*
GERALD M. GORDON
Nevada Bar No. 229
JARED M. SECHRIST
Nevada Bar No. 10439
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119

-and-

MICHAEL D. NAPOLI *(Pro hac vice)*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201

ARIEL E. STERN
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*



GARMAN TURNER GORDON LLP
7251 Amigo Street
Suite 210
Las Vegas, NV 89119
725-777-3000