Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
         kwyant@shea.law

*Attorneys for HASelect-Medical Receivables
Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br><br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant. | Adversary Case No. 21-01167-abl |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Plaintiff,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP;<br><br>Counter-Defendant. | Hearing Date:   March 2, 2023<br>Hearing Time:  9:30 a.m. |

*(left margin, vertical text)* **SHEA LARSEN** 1731 Village Center Circle, Suite 150 Las Vegas, Nevada 89134 (702) 471-7432

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HASELECT-MEDICAL
RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO CERTAIN 1-F, 1-I, AND 1-J ACCOUNTS**

Pursuant to LR 7056, Plaintiff/Counter-Defendant HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect") submits the following statement of undisputed facts in support of its *Motion for Partial Summary Judgment As to Certain 1-F, 1-I, and 1-J Accounts* as to its superior priority security interest in certain of the accounts receivable that Defendant/Counter-Plaintiff Tecumseh-Infinity Medical Receivables Fund, LP ("Tecumseh") claims to have acquired from Debtor Infinity Capital management, Inc. ("Infinity" or "Debtor"):

| | **HASELECT'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE** | **TECUMSEH'S RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|---|
| 1. | Beginning in February 2019, HASelect made a series of loans to Infinity that were documented through various written loan agreements and promissory notes through which Infinity pledged substantially all of its personal property, including accounts receivable, to HASelect as collateral for such loans. *See* Declaration of Michael Griffin (the "Griffin Declaration") at ¶ 5 [ECF No. 54[1]]. | |
| 2. | HASelect perfected its security interest in all of Infinity's personal property through the filing of a UCC-1 with the Nevada Secretary of State on February 19, 2019. *See id.* at ¶ 6; *see also* UCC-1 filing [ECF No. 57-2]. | |

---

[1] Unless otherwise stated all references to ECF No. shall refer to documents filed on the Court's docket in the instant adversary proceeding.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| | | |
|---|---|---|
| 3. | On or about December 18, 2019, HASelect, which was then doing business under the name HASelect-FTM Medical Receivables Litigation Finance Fund SP, and Infinity entered into a Second Amended & Restated Loan and Security Agreement and Promissory Note (together with all prior and related loan documents, the "MLA"), which amended and superseded all prior written loan agreements and promissory notes entered into between HASelect and Infinity.<br><br>*See* Griffin Declaration, ¶ 7 [ECF No. 54]; *see also* MLA [ECF No. 57-1]. | |
| 4. | HASelect holds a perfected security interest in substantially all of Infinity's personal property (as defined in § 4.1 of the MLA, the "Collateral").<br><br>*See* MLA at § 4.1 [ECF No. 57-1]. | |
| 5. | Pursuant to the MLA, Infinity agreed to use the loan proceeds it received from HASelect to purchase accounts receivable from medical providers.<br><br>*See* MLA at § 3.2 [ECF No. 57-1]. | |
| 6. | Such accounts receivable generally arose from medical treatment or prescription medication provided to individuals who were injured in accidents and had asserted personal injury claims against third parties. These accounts receivable are secured by liens against these personal injury claims and are typically paid at the time the personal injury claims are settled.<br><br>*See* Griffin Declaration, ¶ 11 [ECF No. 54]. | |
| 7. | Infinity purchased these accounts receivable pursuant to contracts it entered into directly with various medical providers.<br><br>*See* Infinity's Amended Schedule G filed in Infinity's chapter 7 case at ECF No. 91; s*ee also* Excerpts from Transcript of November 10, 2021 Rule 2004 Examination of Oliver Hemmers (the "Hemmers Transcript"), pp. 64-65 [ECF No. 57-3]. | |

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| | | |
|---|---|---|
| 8. | In addition to the contracts Infinity entered into with the sellers of the accounts receivable, Infinity also received direct assignments of the individual personal injury claimants' rights to recovery. *See* Excerpts from Transcript of November 9, 2021 Rule 2004 Examination of Anne Pantelas (the "<u>Pantelas Transcript</u>"), pp. 66-67 [ECF No. 57-4]. | |
| 9. | To ensure that HASelect received a perfected, first-priority security interest in all accounts receivable purchased by Infinity (as well as all other Collateral), HASelect required that Infinity use part of loan proceeds advanced by HASelect to repay and retire a prior secured debt owed to Law Finance Group, LLC, which had similarly advanced funds to Infinity for the purchase of accounts receivable. *See* Pantelas Transcript, pp. 82-83 [ECF No. 57-4]. | |
| 10. | HASelect also required that Infinity apply an electronic stamp to certain documents associated with its accounts receivable to identify the accounts receivable as HASelect's Collateral. *See* Hemmers Transcript, pp. 108-110 [ECF No. 57-3]; Exhibit 18 to Hemmers Transcript (February 26, 2019 email chain discussing electronic stamping of documents as HASelect collateral). | |
| 11. | From February 2019 through April 2020, HASelect advanced loan proceeds totaling approximately $13.7 million to Infinity, which was obligated under the MLA to use such proceeds to purchase accounts receivable. *See* Griffin Declaration, ¶ 13 [ECF No. 54]. | |

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| | | |
|---|---|---|
| 12. | On or about June 18, 2020, Infinity and Tecumseh entered into a Sub-Advisory Agreement (the "Sub-Advisory Agreement") under which Infinity agreed, among other things, to "assist [Tecumseh] in acquiring an interest in medical receivables in connection with personal injury cases" in exchange for which Tecumseh agreed to pay Infinity a 20% fee at the time of acquisition as well as 15% of the net profit earned on each such account receivable at the time of collection<br><br>*See* Sub-Advisory Agreement [ECF No. 57-5], at Exhibit A, § 1(a) and Exhibit B §§ (a)-(b). | |
| 13. | Upon signing the Sub-Advisory Agreement, Infinity began preparing to transfer accounts receivable in which HASelect held a perfected, first-priority security interest to Tecumseh by, among other things, removing the electronic stamps that identified such accounts receivable as HASelect's Collateral.<br><br>*See* Hemmers Transcript, pp. 61, 110-112 [ECF No. 57-3]; Exhibit 25 to Hemmers Transcript (June 23, 2020 emails from Oliver Hemmers to Endre Debozy confirming removal of electronic stamps). | |
| 14. | Infinity then began selling accounts receivable in which HASelect held a perfected, first-priority security interest to Tecumseh without HASelect's knowledge or consent and in violation of Infinity's contractual obligations under the MLA.<br><br>*See* Hemmers Transcript, pp. 110-114 [ECF No. 57-3] ("Q: And it may have not been clear earlier, but I believe I asked you if any accounts in which HASelect held a security interest were sold to any other party, and I thought you had told me no.  So just -- A: Under the blanket UCC[?]  Q: Yes, under the blanket UCC.  A: Yeah.  In that case the Tecumseh receivables were the only ones that fall in that category."); *see also* Griffin Declaration, ¶ 15 [ECF No. 54]. | |

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| | | |
|---|---|---|
| 15. | Tecumseh has admitted that it "purchased the remaining Tecumseh Receivables from the Debtor.  Attached as Exhibits D-1 to D-11 are purchase orders reflecting the purchase of [the] Tecumseh Receivables from the Debtor."<br><br>Chad Meyer Declaration on file in Infinity's chapter 7 case, ¶ 11 [ECF No. 54]. | |
| 16. | On March 22, 2022, HASelect filed a *Motion for Partial Summary Judgment* [ECF No. 53] (the "Prior Motion") as to certain of the accounts in dispute in this adversary proceeding, which the Court later granted in part and denied part.<br><br>*See* ECF No. 88. | |
| 17. | The Court previously found that, as to the 1-A through 1-E, the 1-G, and 1-H Accounts (as defined in the Prior Motion), Tecumseh purchased these accounts from Infinity following Infinity's acquisition of the same, and Tecumseh was identified as the "Seller" on the Assignments and Bills of Sale relating to each of these batches and that Infinity was to "assign," "sell," and "transfer" to Tecumseh the accounts at issue.<br><br>*See* ECF No. 88; *see also* Assignments and Bills of Sale associated with the 1-A through 1-E, the 1-G, and the 1-H Accounts filed at ECF Nos. 57-8, 57-10, 57-13, 57-16, 57-19, 57-23, and 57-25, respectively. | |
| 18. | In ruling on the Prior Motion, the Court found that there was no reference to any trust relationship between Tecumseh and Infinity in any of the relevant documents at issue in the Prior Motion.<br><br>*See* ECF No. 88. | |
| 19. | Infinity has never identified any property held in trust for any other person, including Tecumseh, in any of its bankruptcy schedules or its statement of financial affairs.<br><br>*See generally* the Docket for Infinity's Chapter 7 Bankruptcy Case, Case No. 21-14486-abl and the bankruptcy schedules and statement of financial affairs on file therein [ECF Nos. 41, 47, 91, 108, and 112]. | |

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| 20. | In ruling on the Prior Motion, the Court found that Tecumseh did not file any UCC-1 financing statements to perfect any interest it claimed in any of the purchased Sold Accounts. *See* ECF No. 88. | |
| --- | --- | --- |
| 21. | The Court granted HASelect's Prior Motion and found that HASelect's perfected security interest in the 1-A through 1-E Accounts, the 1-G Accounts, and 1-H Accounts was superior to any interest claimed by Tecumseh.  The Court also found that HASelect's position as a "lien creditor" under 11 U.S.C. § 544(a) with respect to said accounts was superior to any interest claimed by Tecumseh, any interest held by Tecumseh in said accounts was avoided pursuant to 11 U.S.C. § 544(a), and that HASelect was entitled to immediate ownership and possession of the 1-A through 1-E, the 1-G, and 1-H Accounts and all proceeds thereof. However, the Court denied HASelect's Prior Motion as to the 1-F Accounts, the 1-I Accounts, and the 1-J Accounts based on insufficient evidence. *See* ECF No. 88. | |
| 22. | On September 23, 2021, Infinity produced to counsel for Tecumseh and to chapter 7 trustee Robert Atkinson (the "<u>Trustee</u>") an Excel spreadsheet file named "TIFDumpWithIncome-Final.xlsx" that included a list of the Disputed Accounts (also referred to in other filings as the "Tecumseh Receivables").  The "TIFDumpWithIncome-Final.xlsx" includes the information found in the list of Disputed Accounts filed by Tecumseh in Infinity's chapter 7 case at ECF No. 201-1 along with several categories of protected information and other information that is not included in ECF No. 201-1 as filed. *See* List of Disputed Accounts on file in Infinity's chapter 7 case at ECF No. 201; *see also* <u>Exhibit 12</u> submitted herewith. | |

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| 23. | On September 24, 2021, Infinity produced to counsel for Tecumseh and HASelect and to the Trustee an Excel spreadsheet file named "HASOverlapDumpWithIncome.xlsx" that included a partial list of the Disputed Accounts (also referred to in other filings as the "Tecumseh Receivables"). The "HASOverlapDumpWithIncome-9-24-2021.xlsx" includes the information found in the list of Disputed Accounts filed by Tecumseh in Infinity's chapter 7 case at ECF No. 201-2 along with several categories of protected information and other information that is not included in ECF No. 201-2 as filed. The information in the "HASOverlapDumpWithIncome-9-24-2021.xlsx" file pertaining to the Disputed Accounts is also included in the "TIFDumpWithIncome-Final.xlsx" file. *See* List of Disputed Accounts on file in Infinity's chapter 7 case at ECF No. 201; *see also* <u>Exhibit 13</u> submitted herewith. | |
|---|---|---|
| 24. | On September 22, 2020, Tecumseh issued its sixth Receivables Purchase Order to Infinity (the "<u>1-F Purchase Order</u>") identifying approximately 332 separate accounts receivable (the "<u>1-F Accounts</u>") Tecumseh sought to purchase from Infinity for a total price of $481,023.10, which was comprised of Infinity's costs for the 1-F Accounts of $400,852.58 and a 20% fee to Infinity of $80,170.52. *See* 1-F Purchase Order submitted herewith as <u>Exhibit 1</u> and also on file in Infinity's chapter 7 case at ECF No. 201-9. | |
| 25. | Tecumseh did not send the payment corresponding to the 1-F Purchase Order to Infinity until September 25, 2020 when it wired $481,023.10 to Infinity's Nevada State Bank account ending in 8480 (the "<u>8480 Account</u>"). *See* September 30, 2020 monthly statement for the 8480 Account include in <u>Exhibit 3</u> submitted herewith at Bates No. 268; *see also* Tecumseh's Response to Statement of Undisputed Facts associated with the Prior Motion at, ¶ 31 [ECF No. 75]. | |

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| | |
|---|---|
| 26. | The 1-F Accounts identified in the 1-F Accounts Spreadsheet submitted herewith as <u>Exhibit 2</u> were all purchased by Infinity and paid for by Infinity prior to September 25, 2020.<br><br>*See* <u>Exhibit 1</u>; <u>Exhibit 2</u>; <u>Exhibit 3</u> at Bates Nos. 0001, 0004, 0007, 0010, 0013, 0016, 0019, 0022, 0025, 0028, 0039, 0042, 0045, 0047, 0050, 0053, 0056, 0059, 0062, 0065, 0068, 0071, 0074, 0077, 0080, 0083, 0086, 0089, 0092, 0095, 0098, 0101, 0104, 0110, 0113, 0116, 0119, 0122, 0125, 0128, 0131, 0244, 0248, 0252, 0256, and 0265; *see also* Hemmers Transcript, pp. 38-39 [ECF No. 57-3] (Q: "… the Paid Date shown here in column DV, does that represent the date on which Infinity acquired the receivable?" A: "Yeah, that's the date, yeah."). | |
| 27. | On July 21, 2020, Infinity paid $240.00 to Dr. Kevin Hicks, D.O. as confirmed by Infinity's American Express billing statement, which shows a $240.00 payment on July 21, 2020 to Family Practice of Peachtree where a Dr. Hicks practices.<br><br>*Compare* 1-F Accounts Spreadsheet, submitted herewith as <u>Exhibit 2</u>, *with* American Express billing statement, contained in <u>Exhibit 3</u> submitted herewith at Bates No. 265. | |
| 28. | On July 23, 2020, Infinity issued Check No. 7608 from its operating account at Nevada State Bank ending in 6375 (the "<u>Operating Account</u>") to Safeway Psychological Services for the purchase of accounts receivable in the amounts of $844.00, $436.00, $328.00, and $328.00 (among others).  These payments relate to BillIDs 23977, 23978, 24379, and 24443.<br><br>*Compare* 1-F Purchase Order for said BillIDs, pp. 3-4, submitted herewith as <u>Exhibit 1</u> *with* 1-F Accounts Spreadsheet, submitted herewith as <u>Exhibit 2</u> *with* Bates No. 39 contained in <u>Exhibit 3</u> submitted herewith. | |

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| 29. | On July 23, 2020, Infinity issued Check No. 7629 from its Operating Account to the Center for Spine Procedure, which included the purchase of a receivable for $8,048.00. This payment relates to BillID 23992. *Compare* 1-F Purchase Order, p. 12 for said BillID, submitted herewith as <u>Exhibit 1</u> *with* 1-F Accounts Spreadsheet, submitted herewith as <u>Exhibit 2</u> *with* Bates No. 42 contained in <u>Exhibit 3</u> submitted herewith. | |
| 30. | On August 13, 2020, Infinity issued Check No. 7652 from its Operating Account to Perimeter Orthopedics PC, which was for the purchase of accounts receivable in the amounts of $1,240.35, $738.30, and $40.36 (among others). These payments relate to BillIDs 24566, 24567, and 24571. *Compare* 1-F Purchase Order, p. 3-4 for said BillIDs, submitted herewith as <u>Exhibit 1</u> *with* 1-F Accounts Spreadsheet, submitted herewith as <u>Exhibit 2</u> *with* Bates No. 0074 contained in <u>Exhibit 3</u> submitted herewith. | |
| 31. | BillID 24564 was paid by Infinity on July 30, 2020 by Check No. 7630 in the amount of $45,200 to Northside Hospital.  On September 9, 2020, Northside Hospital refunded $7,390.20 of this amount to Infinity, which reduced amount paid by Infinity for BillID 24564 to $37,809.80.  The 1-F Purchase Order confirms that the "Purchase Price" for BillID 24564 was $37,809.80. *See* <u>Exhibit 3</u> at Bates No. 0045. *Compare* 1-F Purchase Order, BillID 24564, submitted herewith as <u>Exhibit 1</u> *with* Check No 7630, Bates No. 0039 contained in <u>Exhibit 3</u> submitted herewith. | |
| 32. | Infinity paid $6,380.50 to South Atlanta MUA Center on July 30, 2020 via a wire transfer from Infinity's Operating Account as payment for BillID 24515. *Compare* 1-F Purchase Order, BillID 24515, submitted herewith as <u>Exhibit 1</u> *with* 1-F Accounts Spreadsheet, submitted herewith as <u>Exhibit 2</u> *with* Bank Statements included with <u>Exhibit 3</u>, Bates No. 0248. | |

| | |
|---|---|
| 33. | Infinity paid $10,230.00 to South Atlanta MUA Center via wire transfer on August 10, 2020 as payment for BillID 24613. *Compare* 1-F Purchase Order, p. 4, submitted herewith as <u>Exhibit 1</u> *with* 1-F Accounts Spreadsheet entries associated with BillID 24613; *see also* <u>Exhibit 3</u>, Bates No. 0252. | |
| 34. | On October 12, 2020, Tecumseh issued a ninth Receivables Purchase Order to Infinity (the "<u>1-I Purchase Order</u>") identifying approximately 718 separate accounts receivable (the "<u>1-I Accounts</u>") it sought to purchase from Infinity for a total price of $209,320.99, which was comprised of Infinity's costs for the 1-I Accounts of $174,434.16 and a 20% fee to Infinity of $34,886.83. *See* the 1-I Purchase Order submitted herewith as <u>Exhibit 4</u> and on file in Infinity's chapter 7 case at ECF No. 201-12. | |
| 35. | Tecumseh did not send the payment corresponding to the 1-I Purchase Order to Infinity until October 14, 2020, when it wired $209,320.99 to Infinity's 8480 Account. *See* <u>Exhibit 3</u> at Bates No. 0272; *see also* Tecumseh's Response to Statement of Undisputed Facts to Prior Motion, ¶ 39 [ECF No. 75]. | |
| 36. | The 1-I Accounts identified in the 1-I Accounts Spreadsheet submitted herewith as <u>Exhibit 5</u> were all purchased by Infinity and paid for by Infinity prior to October 14, 2020 with the exception of 29 1-I Accounts (identified in green in the 1-I Accounts Spreadsheet) for which payment was sent to Stat Diagnostics by Infinity via ACH transfer on October 15, 2020. *See* <u>Exhibit 4</u>; <u>Exhibit 5</u>; <u>Exhibit 3</u> at Bates No. 0259; *see also* Hemmers Transcript, pp. 38-39 [ECF No. 57-3] (Q: "… the Paid Date shown here in column DV, does that represent the date on which Infinity acquired the receivable?" A: "Yeah, that's the date, yeah."). | |

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| 37. | On October 5, 2020, Infinity paid a total of $48,854.77 (via two ACH payments of $3,991.68 and $44,863.09) to ExpressCHEX LLC, d/b/a Buena Vista Medical Services. The first payment of $3,991.68 corresponds to Infinity's funding of 101 accounts. Eighty-nine (89) of these accounts are included in the 1-H Accounts on which the Court has already granted summary judgment in favor of HASelect and were funded at a total cost to Infinity of $3,638.18. The remaining 12 accounts, which have a combined face value of $1,178.34, are included in the 1-I accounts and were funded at a total cost of $353.50 (identified in yellow in the 1-I Accounts Spreadsheet). *Compare* Exhibit 3 at Bates No. 0259, *with* Sales Receipt 1091 submitted herewith as Exhibit 8, *with* the list of the 89 1-H Accounts submitted herewith as Exhibit 9 which are duplicated in the 1-I Purchase Order (Exhibit 4) and not included on the 1-I Accounts Spreadsheet as Exhibit 5. | |
| 38. | The second October 5, 2020 ACH payment of $44,863.09 corresponds to Infinity's funding of 659 accounts. Six hundred and seventeen (617) of these accounts, which have a combined face value of $132,141.10, are included in the 1-I Accounts and were funded at a total cost to Infinity of $39,462.33 (identified in blue in the 1-I Accounts Spreadsheet). Forty-one (41) of these accounts are included in the 1-J Accounts and were funded at a total cost to Infinity of $5,198.26 (identified in yellow in the 1-J Accounts Spreadsheet). Finally, a single account funded at a cost to Infinity of $22.50 [BillID 25941] is included in a later purchase order prepared by Tecumseh in or around December 2020 as part of "Series-1/Intake P (A)". *See* Sales Receipt 1095 submitted herewith as Exhibit 10 and *compare with* 1-I Accounts Spreadsheet and 1-J Accounts Spreadsheet submitted herewith as Exhibit 5 and Exhibit 7, respectively. | |

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| 39. | On October 9, 2020, Infinity sent an ACH payment in the amount of $106,200.00 from its Operating Account to Stat Diagnostics. This payment corresponds to Infinity's funding of 97 I-I Accounts with a total face value of $714,000.00 (identified in orange in the 1-I Accounts Spreadsheet). | |
| | *Compare* 1-I Accounts Spreadsheet, submitted herewith as <u>Exhibit 5</u> *with* Infinity's Operating Account bank statement for October 30, 2020, Bates No. 259 and included with <u>Exhibit 3</u> submitted herewith. | |
| 40. | On October 15, 2020, Infinity sent another ACH payment in the amount of $24,600.00 from its Operating Account to Stat Diagnostics.  This payment corresponds to Infinity's funding of 29 accounts with a total face value of 164,725.00 (identified in green in the 1-I Accounts Spreadsheet).  While Tecumseh wired funds for its purchase of the 1-I Accounts from Infinity to the 8480 Account on October 14, 2020, Infinity did not use Tecumseh's funds for this payment to Stat Diagnostics.  Rather, Infinity used funds from its Operating Account to make this payment while Tecumseh's funds remained in the 8480 Account until at least October 19, 2020 before being transferred to Infinity's Operating Account. | |
| | *See* 1-I Accounts Spreadsheet submitted as <u>Exhibit 5</u>; *see also* Exhibit 3 at Bates Nos. 0259 and 0273. | |
| 41. | On October 23, 2020, Tecumseh issued a tenth Receivables Purchase Order to Infinity (the "<u>1-J Purchase Order</u>") identifying approximately 125 separate accounts receivable (the "<u>1-J Accounts</u>") it intended to purchase from Infinity for a total price of $136,063.26, which was comprised of Infinity's costs for the 1-I Accounts of $113,386.06 and a 20% fee to Infinity of $22,677.20. | |
| | *See* 1-J Purchase Order submitted herewith as <u>Exhibit 6</u> and on file in Infinity's chapter 7 case at ECF No. 201-13. | |

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| 42. | Tecumseh did not send the payment corresponding to the 1-J Purchase Order to Infinity until October 26, 2020 when it wired $136,063.26 to Infinity's 8480 Account. *See* Exhibit 3 submitted herewith at Bates No. 0272. | |
| 43 | The 1-J Accounts identified in the 1-J Accounts Spreadsheet submitted herewith as Exhibit 7 were all purchased by Infinity and paid for by Infinity prior to October 26, 2020. *See* Exhibit 6; Exhibit 7; Exhibit 3 at Bates Nos. 0173, 0182, 0191, 0198, 0201, 0204, 0207, 2010, 0213, 0261, 0219, 0222, 0225, 0228, 0231, 0234, 0243, and 0259; *see also* Hemmers Transcript, pp. 38-39 [ECF No. 57-3] (Q: "… the Paid Date shown here in column DV, does that represent the date on which Infinity acquired the receivable?" A: "Yeah, that's the date, yeah."). | |
| 44. | On August 18, 2020 Infinity paid to Stat (via Check No. 7655) $1,200 as payment for BillID 25118. *Compare* 1-J Accounts Spreadsheet submitted herewith as Exhibit 7 *with* Bates No. 0243 included within Exhibit 3 *with* 1-J Purchase Order, p. 9, submitted herewith as Exhibit 6. | |
| 45. | On October 6, 2020, Infinity issued Check No. 6701 to Polaris Spine and Surgery Center ("Polaris") in the total amount of $1,188.00, of which $396.00 was paid for BillID 25385. *Compare* Bates Nos. 0173, contained in Exhibit 3 submitted herewith *with* 1-J Purchase Order, p. 6, submitted herewith as Exhibit 6. | |
| 46. | On October 13, 2020, Infinity paid $2,205.52 via ACH transfer to Topple Diagnostics as payment for BillID 26890 ($550.56), BillID 26903 ($552.20), BillID 22876 ($552.20), and BillID 26882 ($550.56). *See* Exhibit 7 and Exhibit 3 at Bates No. 0259; *see also* 1-J Purchase Order (Exhibit 6), pp. 4-5. | |

- 14 -

| | |
|---|---|
| 47. | October 13, 2020, Infinity paid $1,804.50 to the Phoenix City Spine & Joint Center, LLC via ACH transfer as payment for BillIDs 26889 ($450.45), 26902 ($451.80), 26875 ($451.80), and 26881 ($450.45).<br><br>*Compare* 1-J Accounts Spreadsheet submitted herewith as <u>Exhibit 7</u> with Bates No. 0259 included within <u>Exhibit 3</u> *with* 1-J Purchase Order (<u>Exhibit 6</u>), pp. 4-5, for BillIDs 26889, 26902, 26875, and 26881. | |
| 48. | On October 21, 2020, Infinity issued Check No. 6740 as payment for BillID 26682 to the Surgery Center of Roswell in the amount of $19,858.30.  On October 21, 2020, Infinity issued Check No. 6741 in the amount of $4,652.00 to the Center for Spine Procedures as payment for BillIDs 26686 ($1,512.00), 26692 ($1,570.00), and 26693 ($1,570.00).<br><br>*Compare* 1-J Accounts Spreadsheet submitted herewith as <u>Exhibit 7</u> *with* Bates No. 0231 and 0234 included within <u>Exhibit 3</u> *with* 1-J Purchase Order (<u>Exhibit 6</u>), p. 6. | |
| 49. | On or about December 3, 2021, Chapter 7 Trustee Robert E. Atkinson, through his counsel, filed a *Motion to: (I) Approve Sale of Certain Assets; (II) Set Sale/Auction Procedures; and (III) Set Auction Hearing Date* (the "<u>Sale Motion</u>") seeking to sell whatever interest the bankruptcy estate may have in the Tecumseh Receivables (as defined therein) (i.e., the Disputed Accounts, including the Sold Accounts that are the subject of this Motion) as well as all claims and causes of action that the Trustee or bankruptcy may have relating thereto<br><br>*See* ECF No. 145 on file in the Infinity's chapter 7 case. | |
| 50. | On January 21, 2022, the Court entered an order granting Sale Motion, approving the sale of the estate's rights and interests in the Disputed Receivables to HASelect free and clear of all liens and encumbrances except for the respective interests of HASelect and Tecumseh and finding HASelect to be a good faith purchaser pursuant to 11 U.S.C. § 363(m).<br><br>*See* ECF No. 175 on file in the Infinity's chapter 7 case. | |

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

| 51. | HASelect subsequently purchased all of the estate's rights and interests in the Disputed Receivables and all causes of action relating thereto for $100,000.00. *See* ECF Nos. 190 and 191 on file in the Infinity's chapter 7 case. | |

DATED this 13th day of January 2023.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Kyle M. Wyant, Esq.
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

## CERTIFICATE OF SERVICE

1. On January 13, 2023, I served the following document(s): **STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CERTAIN 1-F, 1-I, AND 1-J ACCOUNTS**

2. I served the above document(s) by the following means to the persons as listed below:

☒    a.    ECF System:

CLARISSE L. CRISOSTOMO on behalf of ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

GERALD M GORDON on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

GABRIELLE A. HAMM on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ghamm@Gtg.legal, bknotices@gtg.legal

MICHAEL D. NAPOLI on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

ARIEL E. STERN on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

☐    b.    United States mail, postage fully prepaid:

☐    c.    Personal Service:

I personally delivered the document(s) to the persons at these addresses:

    ☐    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐   f.   By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 13, 2023.

By: /s/ *Bart K. Larsen, Esq,*