| | |
|---|---|
| GARMAN TURNER GORDON LLP<br>GERALD M. GORDON<br>Nevada Bar No. 229<br>E-mail: ggordon@gtg.legal<br>JARED SECHRIST<br>Nevada Bar No. 10439<br>E-mail: jsechrist@gtg.legal<br>7251 Amigo St., Suite 210<br>Las Vegas, Nevada 89119<br>Tel: (725) 777-3000 / Fax: (725) 777-3112<br><br>*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP* | MICHAEL D. NAPOLI, ESQ.<br>*Pro hac vice*<br>AKERMAN LLP<br>2001 Ross Avenue, Suite 3600<br>Dallas, Texas 75201<br>Tel: (214) 720-4360 / Fax: (214) 720-8116<br><br>ARIEL E. STERN, ESQ.<br>Nevada Bar No. 8276<br>AKERMAN LLP<br>1635 Village Center Circle, Suite 200<br>Las Vegas, Nevada 89134<br>Tel: (702) 634-5000 / Fax: (702) 380-8572<br>Email: ariel.stern@akerman.com |

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>    Debtor. | Case No. 21-14486-abl<br><br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>    Plaintiff,<br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>    Defendant. | Adversary Case No. 21-01167-abl<br><br>**MOTION TO PARTIALLY STRIKE PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CERTAIN 1-F, 1-I, AND 1-J ACCOUNTS** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>    Counter-Claimant,<br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br><br>    Counter-Defendants. | Hearing Date: OST Request Pending<br>Time:    OST Request Pending |

|   |
|---|
| ROBERT E. ATKINSON, CHAPTER 7 TRUSTEE,<br><br>     Counter-Claimant,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>     Counter-Defendant. |

Defendant and Counter-plaintiff Tecumseh–Infinity Medical Receivable Fund, LP, ("**Tecumseh**") respectfully submits this Motion to Partially Strike Plaintiff *HASelect-Medical Receivables Litigation Finance Fund International LP* ("**HASelect**") Reply in Support of their *Motion for Partial Summary Judgment as to Certain 1-F, 1-I, and 1-J Accounts* [ECF No. 205] ("**Reply**").

## I.  INTRODUCTION

This Motion is filed in response to HASelect's attempts to introduce in their Reply, for the first time, 2 new legal arguments which were not put forth in their *Motion for Partial Summary Judgment as to Certain 1-F, 1-I, and 1-J Accounts* [ECF No. 170] ("Motion for Partial Summary Judgment"). Starting on page 13 line 11 and ending on page 14 line 17 of the Reply (the "New Legal Arguments") HASelect raises, for the first time, the doctrine of unclean hands as a basis for which HASelect is entitled to partial summary judgment. Nothing in Tecumseh's Opposition to the Summary judgment Motion triggers the HASelect's attempt to bring in the doctrine of unclean hands and a claim of illegality, which arguments are irrelevant and t misleading.

## II.  ARGUMENT

"The purpose of a motion to strike is to avoid the expenditure of time and resources litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Plaintiffs' New Legal Arguments should be stricken on the basis that Plaintiff is improperly using the Reply to introduce the New Legal Arguments, which were not originally pled or brought forth in the Motion for Partial Summary Judgment. Therefore, in the interest of justice, the Court should strike the New Legal Argumentsfrom the Plaintiffs' Reply.

Federal Rule of Civil Procedure 12(f) allows parties to file a motion to strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. See Fed. R. Civ. P. 12(f). In the instant case, Plaintiffs' Reply to Defendants' Opposition for Partial Summary Judgment requests the Court to address impertinent issues unrelated to their original Motion. "Impertinent" means the statements "do not pertain, and are not necessary to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

It was the Plaintiff's responsibility to introduce the New Legal Arguments in its Motion for Partial Summary Judgment, not the Reply. It has long been held that a moving party cannot introduce new issues in a reply brief because the opposing party has no ability to defend against such new issues. "New material does not belong in a reply brief... Certainly the use of new material in a reply brief transgresses against the canons of fair forensics." *See Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 846 (9th Cir. 1976). *See also Levy v. Urbach*, 651 F.2d 1278 at 1280 n.3 (9th Cir. 1981); *Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs"); *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1332 (9th Cir. 1981) ("An issue advanced only in reply provides the appellee no opportunity to meet the contention.").

If parties were permitted to introduce new evidence and argument in a reply, it would only necessitate a sur-reply, sur-sur-reply, and so on, making the briefing process never ending. *See e.g., Alpine Bank v. Hubbell,* 2007 WL 219121, *3 (D. Colo. Jan. 26, 2007) (holding that permitting a party to submit new evidence in connection with a reply brief would only require a "surreply affidavit, followed by a further supplemental response from the moving party, and so on *ad infinitum"*).

The first of the New Legal Arguments charges that the Motion should be sustained because of "Tecumseh's pervasive misconduct in seeking to interfere in HASelect's relationship with Infinity and misappropriate HASelect's collateral…." This is outside the Amended Complaint and not set forth in the Motion for Partial Summary Judgment. As such, it is irrelevant. To state the obvious, Tecumseh disputes and denies the allegation.

Further, and perhaps more importantly, the assertion that the contractual relationship between Infinity and Tecumseh is violative of Nevada law is not simply untimely, but is misleading and legally unfounded. HASelect fails to cite to all relevant portions of Nevada Revised Statutes Chapter 639. The Debtor was **not a** "collection agency" under Nevada law and therefore NRS 649.075 is inapplicable. NRS 649.020 defines a "Collection agency" as "all persons engaging, directly or indirectly, and as a primary or a secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due or asserted to be owed or due to another." In turn NRS 649.010 defines a "Claim" as "any obligation for the payment of its money or its equivalent that is past due." Nothing in the record indicates that the accounts receivable purchased by Tecumseh are past due or that the Debtor's primary/secondary business purpose was to collect on "Claims."

## IV.    CONCLUSION

The New Legal Arguments rely on an intentional misreading of Tecumseh's position in this case, which has been and will continue to be that they purchased the accounts at issue from the original account holders through the Debtor, not that the contractual relationship between Tecumseh and the Debtor was solely for the Debtor to be a collection agency. The New Legal Arguments are a last minute attempt to malign Tecumseh without providing Tecumseh with an opportunity to respond, which is why they must be stricken in the first place.

Accordingly, Tecumseh respectfully requests that the Court Strike the New Legal Arguments from the Plaintiff's Reply.

Dated this 23rd day of March 2023.

GARMAN TURNER GORDON LLP

By: */s/ Jared M. Sechrist*
    GERALD M. GORDON, ESQ.
    JARED M. SECHRIST, ESQ.
    7251 Amigo St., Suite 210
    Las Vegas, Nevada 89119

    MICHAEL D. NAPOLI, ESQ.
    *Pro hac vice*
    AKERMAN LLP
    2001 Ross Avenue, Suite 3600

Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

4