Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:   jshea@shea.law
         blarsen@shea.law
         kwyant@shea.law

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Claimant,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP;<br><br>Counter-Defendant. | Adversary Case No. 21-01167-abl |

|   |   |
|---|---|
| | HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP; |
| | Counter-Claimant, |
| | v. |
| | TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP, |
| | Counter-Defendant. |

**HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S OPPOSITION TO TECUMSEH-INFINITY MEDICAL RECEIVABLE FUND, LP'S MOTION TO PARTIALLY STRIKE PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CERTAIN 1-F, 1-I, AND 1-J ACCOUNTS**

Plaintiff HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), by and through its undersigned counsel, files this Opposition to Tecumseh-Infinity Medical Receivable Fund, LP's ("Tecumseh") *Motion to Partially Strike Plaintiff's Reply in Support of its Motion for Partial Summary Judgment as to Certain 1-F, 1-I, and 1-J Accounts* [ECF No. 219] (the "Motion").

Tecumseh's Motion is flawed because it fails to acknowledge that Tecumseh, in its Opposition to HASelect's Motion for Partial Summary Judgment [ECF No. 197], expressly raised issues regarding its claim to a resulting trust and the equitable nature of the same. The parts of the reply that Tecumseh's Motion seeks to strike is simply a response to the fact that Tecumseh cannot obtain such an equitable remedy because, as set forth in the reply, Tecumseh has not engaged in equitable conduct based on the doctrine of unclean hands. HASelect's reply does not raise any "new" arguments or evidence because arguments and evidence in a reply brief is "not 'new' when [the] reply brief 'addressed the same set of facts supplied in [the] opposition to the motion." *See, e.g.*, *Laub v. Horbaczewski*, 2020 U.S. Dist. LEXIS 158171, *4 (C.D. Cal. June 24, 2020) (citing to *Terrell v. Contra Costa Cnty.*, 232 Fed. App'x 626, 629 n. 2 (9th Cir. 2007)). Here, HASelect's Reply simply responds to Tecumseh's arguments and facts raised in its Opposition—namely, that it

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

believes it is entitled to a resulting trust, and a presumption thereof unless rebutted by HASelect.[1] Further, there is no prejudice to Tecumseh as HASelect has previously asserted the unclean hands defense in its Answer to Tecumseh's Counterclaim and in previous pleadings before this Court.

Lastly, the arguments and evidence supplied in HASelect's reply to rebut Tecumseh's opposition and argument therein were based on Tecumseh's arguments that HASelect failed to rebut any alleged presumption of a resulting trust.[2] Indeed, courts routinely hold that a "moving party can supply evidence in a summary judgment reply when the non-moving party makes arguments based on the lack of evidence." *See, e.g.*, *Meinnert v. Holley*, 2022 U.S. Dist. LEXIS 196597 (D. Nev. Oct. 28, 2022) (refusing to grant a motion to strike exhibits from a reply in support of a motion for summary judgment). Here, Tecumseh expressly stated in its opposition that HASelect did not rebut the presumption of a resulting trust. While HASelect does not agree that any resulting trust arises, it responded via its reply to show that a resulting trust should not be presumed here based on the illegal and inequitable conduct of Tecumseh and Infinity. As such, Tecumseh's Motion to strike parts of HASelect's reply should be denied in its entirety.

DATED this 28th day of March, 2023.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

---

[1] *See* Tecumseh's Opposition [ECF No. 197], pp. 18-20.

[2] *Id.* at 18:26-28.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# CERTIFICATE OF SERVICE

1. On March 28, 2023, I served the following document(s): **HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP'S OPPOSITION TO TECUMSEH-INFINITY MEDICAL RECEIVABLE FUND, LP'S MOTION TO PARTIALLY STRIKE PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CERTAIN 1-F, 1-I, AND 1-J ACCOUNTS**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

   ROBERT E. ATKINSON
   Robert@ch7.vegas, TrusteeECF@ch7.vegas;ecf.alert+atkinson@titlexi.com

   CLARISSE L. CRISOSTOMO on behalf of Trustee ROBERT E. ATKINSON
   clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

   BRADFORD IRELAN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
   birelan@imtexaslaw.com,
   jstephens@imtexaslaw.com;dhall@imtexaslaw.com;ynguyen@imtexaslaw.com

   DAVID MINCIN on behalf of Creditor HEALTHPLUS IMAGING OF TEXAS, LLC
   dmincin@mincinlaw.com, cburke@mincinlaw.com

   MICHAEL D. NAPOLI on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
   michael.napoli@akerman.com,
   cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;masterdocketlit@akerman.com

   TRENT L. RICHARDS on behalf of Creditor THE INJURY SPECIALISTS
   trichards@sagebrushlawyers.com

   ARIEL E. STERN on behalf of Creditor TECUMSEH - INFINITY MEDICAL RECEIVABLES FUND, LP
   ariel.stern@akerman.com, akermanlas@akerman.com

   U.S. TRUSTEE - LV - 7
   USTPRegion17.LV.ECF@usdoj.gov

   MATTHEW C. ZIRZOW on behalf of Debtor INFINITY CAPITAL MANAGEMENT, INC.
   mzirzow@lzlawnv.com,
   carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 28, 2023.

By: /s/ *Bart K. Larsen, Esq,*