Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:   blarsen@shea.law
            kwyant@shea.law

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant. | Adversary Case No. 21-01167-abl<br><br>**AMENDED NOTICE OF DEPOSITION OF TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP PURSUANT TO FRCP 30(B)(6)** |
| TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Counter-Plaintiff,<br><br>v.<br><br>HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP;<br><br>Counter-Defendants. | |

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

PLEASE TAKE NOTICE that on July 19, 2023 at 9:00 a.m. PT, Plaintiff HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect") will take the oral deposition of Defendant Tecumseh-Infinity Medical Receivables Fund, LP ("Tecumseh") pursuant to FRCP 30(b)(6). In accordance with its obligations under FRCP 30(b)(6), Tecumseh shall produce a representative with knowledge and ability to testify regarding the topics for examination outlined below. The deposition will be taken at the offices of Shea Larsen at 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134 before a notary public or other officer authorized to administer oaths. The deposition will be recorded by stenographic means and oral examination will continue from day-to-day until completed.

**TOPICS FOR EXAMINATION**

1. The formation and history of Tecumseh;

2. Tecumseh's business dealings, including but not limited to, its current and past company structure, day-to-day operations, products, and services offered for sale, and competitors;

3. Tecumseh's relationship with Debtor Infinity Capital Management, Inc. ("Infinity"), including but not limited to, Tecumseh and its principal's relationship with Infinity's principals;

4. The relationship between Tecumseh's principals and HASelect;

5. Tecumseh's knowledge of HASelect, its Loan and related documents with Infinity, and HASelect's security interest over all of Infinity's personal property, including but not limited to, accounts receivable;

6. Tecumseh's purchase of accounts receivable, including but not limited to, the Disputed Receivables as referenced in the pleadings filed in this matter;

7. All communications and documents between Tecumseh and Infinity, including but not limited to, communications relating to HASelect's Collateral (as defined in the pleadings filed in this matter as well as the MLA) and the Sub-Advisory Agreement as referenced in the pleadings filed in this matter;

8. Tecumseh's payments regarding the Disputed Receivables, including but not limited

to, Tecumseh's payments to Infinity to purchase the same;

9. The removal of electronic stamps which identified Infinity's existing accounts as HASelect's Collateral;

10. All communications and documents between Tecumseh and HASelect;

11. Tecumseh's business dealings, communications, or documents with Infinity Health Connections and Infinity Health Solutions;

12. All communications and documents between Tecumseh and medical providers from whom Tecumseh claims to have purchased accounts receivable;

13. All communications and documents in any way referencing a resulting trust, constructive trust, or equitable lien relationship between Tecumseh and Infinity;

14. Tecumseh's involvement and knowledge regarding Infinity's bankruptcy planning and filing;

15. Infinity's ownership over the Disputed Accounts, as referenced in the pleadings filed in this matter; and

16. All bank accounts used in Tecumseh and Infinity's business dealings and the source of all monies contained therein.

Dated this <u>30th</u> day of June 2023.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
KYLE M. WYANT, ESQ.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

## CERTIFICATE OF SERVICE

1. On June 30, 2023, I served the following document(s): **AMENDED NOTICE OF DEPOSITION OF TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP PURSUANT TO FRCP 30(B)(6)**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

   CLARISSE L. CRISOSTOMO on behalf of ROBERT E. ATKINSON
   clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

   GERALD M GORDON on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   ggordon@gtg.legal, bknotices@gtg.legal

   MICHAEL D. NAPOLI on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   michael.napoli@akerman.com,
   cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

   ARIEL E. STERN on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
   ariel.stern@akerman.com, akermanlas@akerman.com

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ d. By direct email (as opposed to through the ECF System):
   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐ e. By fax transmission:

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy

of the record of the fax transmission is attached.

☐     f.     By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 30, 2023.

By: /s/ *Bart K. Larsen, Esq,*