GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
JARED M. SECHRIST
Nevada Bar No. 10439
E-mail: jsechrist@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>INFINITY CAPITAL MANAGEMENT, INC.,<br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br>Plaintiff,<br>v.<br>TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP,<br>Defendant. | Adversary Case No. 21-01167-abl<br><br>**OBJECTION TO THE FIRST AMENDED ALTERNATIVE DIRECT TESTIMONY DECLARATION OF MICHAEL GRIFFIN [ECF NO. 272]** |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, *et al.*,<br>Counter-Claimant<br>v.<br>TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP, *et al.*,<br>Counter-Defendants. | Trial Date: August 24, 25, 28, 29, 31, 2023<br>Time:    9:30 a.m. |

Tecumseh–Infinity Medical Receivable Fund, LP ("Tecumseh") by and through counsel, respectfully submits its objections to the First Amended Alternative Direct Testimony Declaration of Michael Griffin [ECF 272] (the "Griffin Declaration") which was filed on August 22, 2023.

## TECUMSEH'S OBJECTIONS

1. Tecumseh objects to paragraph 10 of the Griffin Declaration. In paragraph 10, Mr. Griffin provides testimony as to the standard practices or standards of care as to the investment by hedge funds in medical receivables. This is classic expert testimony. Mr. Griffin was not designated as an expert in this matter as required by Federal Rule 26(a)(2) and has provided none of the required disclosures. He should not be allowed to provide undisclosed expert testimony on the eve of trial. Moreover, Mr. Griffin has not demonstrated that he has the necessary expertise to opine on these matters, has not set out a basis for his opinions and has not demonstrated that they are reliable.

2. Tecumseh objects to paragraph 11 of the Griffin Declaration. In paragraph 11, Mr. Griffin provides testimony as to the standard practices or standards of care as to the investment by hedge funds in medical receivables. This is classic expert testimony. Mr. Griffin was not designated as an expert in this matter as required by Federal Rule 26(a)(2) and has provided none of the required disclosures. He should not be allowed to provide undisclosed expert testimony on the eve of trial. Moreover, Mr. Griffin has not demonstrated that he has the necessary expertise to opine on these matters, has not set out a basis for his opinions and has not demonstrated that they are reliable.

3. Tecumseh objects to paragraph 13 on the grounds that Mr. Griffin's recitation of Endre Dobozy's explanation of the medical receivables business is hearsay. To the extent that it is not offered to prove the matter asserted, it is not relevant.

4. Tecumseh objects to paragraph 14 on the grounds that Mr. Griffin's recitation of representations made by Mr. Dobozy is hearsay if offered to prove the matter asserted and irrelevant if not. Why HASelect elected to enter into a lending relationship with Infinity and what representations HASelect received are not relevant to any issue in this case which concerns whether HASelect's lien attaches to the receivables acquired by Tecumseh.

5. Tecumseh objects to the following phrase in paragraph 19: "based primarily on FTM's representations that it had the ability to raise investment capital from international investors." First, this is irrelevant. Why HASelect elected to enter into a lending relationship with Infinity and what representations HASelect received are not relevant to any issue in this case which concerns whether HASelect's lien attaches to the receivables acquired by Tecumseh. Second, Mr. Griffin fails to identify any such representations. As such, this statement lacks foundation.

6. Tecumseh objects to paragraph 37. Simon Clark's internal responsibilities at GAM or HASelect are not relevant to this case. To the extent, Mr. Griffin suggests that Mr. Clark failed to properly discharge his duties (of which there is no evidence), Mr. Clark's conduct is imputed to GAM and HASelect who were his employers at the time.

7. Tecumseh objects to paragraphs 40 through 46 on the grounds of relevancy. The claims of HASelect and GAM for unfair competition and misuse of trade secrets is the subject of pending litigation between and among the parties in Illinois. They are not properly before the Court and have no relevance to any issue in this case. HASelect has presented this analysis as part of its unclean hands defense to Tecumseh's purchase money resulting trust. But, as Tecumseh has argued previously, HASelect is alleging the wrong kind of misconduct. HASelect alleges no more than "misconduct in the abstract, unrelated to the claim to which it is asserted as a defense" that the Ninth Circuit holds does not constitute unclean hands." *Republic Molding Corp. v. B. W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963). For a resulting trust, the misconduct must relate to a misuse of the trust to hide assets from or prevent execution by the beneficiary's (here Tecumseh) creditors. *See In Hayne Fed. Credit Union v. Bailey*, 489 S.E. 2d 472, 476 (S.C. 1997); *also In re Torrez*, 63 B.R. 751, 754 (B.A.P. 9th Cir. 1986), *aff'd on other grounds*, 827 F.2d 1299 (9th Cir. 1987). *In Hayne* for example, a father purchased a home in the name of his son, providing the purchase money. He used his son's name in order to prevent his own creditors from reaching the home. Upon his son's death, the *Hayne* court refused to enforce the resulting trust. The sort of unfair competition claims that HASelect's seeks to assert by Mr. Griffin's testimony are just not relevant to the sort of conduct necessary to prevent a resulting trust. Moreover, these claims as presented are far more prejudicial than relevant in violation of Federal Rule 408.

8. Tecumseh objects to the final sentence of paragraph 46 ("I am informed and believe that PFD currently received [SIC] funding from Tecumseh."). This statement is hearsay and lacks foundation.

9. Tecumseh objects to paragraph 56. First, it is hearsay and without foundation. Mr. Griffin does not explain how he knows any of these facts from his personal knowledge. Second, he is speculating as to the parties' intent. Third, the gist of this testimony is an attempt to make an unfair competition claim against Tecumseh which is not relevant to any issue in this case which concerns whether HASelect's lien attaches to receivables acquired by Tecumseh. The claims of HASelect and GAM for unfair competition and misuse of trade secrets is the subject of pending litigation between and among the parties in Illinois. They are not properly before the Court and have no relevance to any issue in this case. Even if true, they do not amount to the type of misconduct necessary to avoid a resulting trust. *Hayne Fed. Credit Union*, 489 S.E. 2d at 476. Moreover, these claims are presented are far more prejudicial than relevant in violation of Federal Rule 408.

10. Tecumseh objects to paragraphs 59 and 60 which discuss issues between Three Bell and HASelect on grounds of relevancy. Whether or not Three Bell was dissatisfied with GAM's management of HASelect has nothing to do with this case. This testimony appears to be another attempt to suggest that Tecumseh competed unfairly with HASelect. The claims of HASelect and GAM for unfair competition and misuse of trade secrets is the subject of pending litigation between and among the parties in Illinois. They are not properly before the Court and have no relevance to any issue in this case. Even if true, they do not amount to the type of misconduct necessary to avoid a resulting trust. *Hayne Fed. Credit Union*, 489 S.E. 2d at 476. Moreover, these claims are presented are far more prejudicial than relevant in violation of Federal Rule 408.

11. Tecumseh objects to paragraph 67 on the ground that Mr. Griffin has no basis on which to testify as to the state of Infinity's office, its records or its software. He does not assert that he personally observed any of the facts to which he testifies.

12. Tecumseh objects to paragraph 68 on the grounds of relevancy, hearsay and lack of foundation. Whatever Hemmers and Pantelas may have done to misappropriate assets from Infinity

or whatever misrepresentations they may have made – none of which are identified – is not relevant to this case. As Mr. Griffin notes, these allegations are the subject of a separate case which does not involve Tecumseh. None of these allegations have been pled in this case. Mr. Griffin does not assert that he personally observed any fact purportedly documented in the Court's docket in another case. To the extent that he is attempting to recite what evidence exists in another case is hearsay. Also, his testimony is vague and lacks specificity. He merely testifies that there is evidence that Hemmers and Pantelas did "bad" things in another case. He doesn't specify what those may be. Tecumseh should not be put to the effort of attempting to litigate a case to which it is not a party.

13.     Tecumseh objects to the first sentence of paragraph 70 ("Through discovery conducted after the Petition Date, HASelect discovered that Infinity sold and assigned a significant number of Receivables included within HASelect's Collateral to Tecumseh after entering into the Sub-Advisory Agreement"). This statement is hearsay and outside of Mr. Griffin's personal knowledge. Moreover, it is argumentative, speculative and really just Mr. Griffin's opinion on the evidence. At least, he lays no foundation for his purported knowledge. What the evidence will ultimately show and what the facts turn out to be is a decision reserved to this Court. Mr. Griffin's opinion as to the facts or the ultimate questions before the Court is simply irrelevant.

14.     Tecumseh objects to the entirety of paragraph 71. This testimony is hearsay and outside of Mr. Griffin's personal knowledge. Moreover, it is argumentative, speculative and really just Mr. Griffin's opinion on the evidence. At least, he lays no foundation for his purported knowledge. What the evidence will ultimately show and what the facts turn out to be is a decision reserved to this Court. Mr. Griffin's opinion as to the facts or the ultimate questions before the Court is simply irrelevant.

15.     Tecumseh objects to the following testimony in paragraph 72: (i) that Tecumseh "hired Li Su … to assist in the technical aspects of transferring HASelect's Collateral from Infinity to Tecumseh" and (ii) that Li Su worked simultaneously for GAM and Tecumseh. This testimony is hearsay and outside of Mr. Griffin's personal knowledge. Moreover, it is argumentative, speculative and really just Mr. Griffin's opinion on the evidence. At least, he lays no foundation

for his purported knowledge. What the evidence will ultimately show and what the facts turn out to be is a decision reserved to this Court. Mr. Griffin's opinion as to the facts or the ultimate questions before the Court is simply irrelevant. In addition, the entire topic is yet another attempt to insert HASelect's and GAM's unfair competition claims into this case. The claims of HASelect and GAM for unfair competition and misuse of trade secrets are the subject of pending litigation between and among the parties in Illinois. They are not properly before the Court and have no relevance to any issue in this case. Even if true, they do not amount to the type of misconduct necessary to avoid a resulting trust. *Hayne Fed. Credit Union*, 489 S.E. 2d at 476. Moreover, these claims are presented are far more prejudicial than relevant in violation of Federal Rule 408.

16. Tecumseh objects to paragraph 73 in its entirety. In this paragraph, Mr. Griffin attempts to testify as to allegations that HASelect has made against Hemmers and Pantelas. As discussed above, these allegations are the subject of separate case to which Tecumseh is not a party and have not been pled in this case. This testimony is hearsay and outside of Mr. Griffin's personal knowledge. Moreover, it is argumentative, speculative and really just Mr. Griffin's opinion on the evidence. At least, he lays no foundation for his purported knowledge. What the evidence will ultimately show and what the facts turn out to be is a decision reserved to this Court. Mr. Griffin's opinion as to the facts or the ultimate questions before the Court is simply irrelevant. Moreover, the entire topic is also irrelevant. None of the allegations have anything to do with Tecumseh. It is just another attempt to insert extraneous disputes into this case.

17. Tecumseh objects to paragraph 74. First, it is hearsay, argumentative, speculative and Mr. Griffin's opinion on the evidence. Whatever the evidence may show as to whether Mr. Clark properly performed his duties while employed by GAM or what if any role he had in Tecumseh's negotiations is something that the Court will determine if it is at all relevant to the case. Mr. Griffin's opinion is irrelevant. Second, this is another attempt by HASelect to interject unrelated disputes into this case. What Mr. Clark did after leaving his employment with GAM and HASelect has nothing to do the pending dispute over HASelect's lien and Tecumseh's receivables. Whether Mr. Clark did a good job or not while employed by GAM or HASelect has even less to do with any issue in this case. Third, the first sentence is very misleading as it suggests that Mr.

Clark joined Tecumseh while still employed by GAM. The parties have stipulated that Mr. Clark resigned from GAM and HASelect in February 2020 and did not join Tecumseh until 2021.

## CONCLUSION

For all of the forgoing reasons, Tecumseh respectfully requests that this Court enter an order sustaining its objections to Mr. Giffin's testimony as set forth herein and striking the objected-to testimony from the record.

Dated this 23rd day of August 2023.

GARMAN TURNER GORDON LLP

By: /s/ Jared Sechrist
GERALD M. GORDON, ESQ.
JARED SECHRIST, ESQ,
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119

-and-

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

72375361;2

# CERTIFICATE OF SERVICE

On August 23, 2023, I served the following document(s):

a.  *Objection to the First Amended Alternative Direct Testimony Declaration of Michael Griffin [ECF NO. 272]*   Dkt. No. 274

I served the above-named document(s) by the following means to the persons as listed below:

☒   ECF System:  See attached ECF Confirmation Sheets.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 23rd day of August 2023.

> */s/ Tonya Binns*
> an employee of
> Garman Turner Gordon LLP