Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
        kwyant@shea.law

*Attorneys for HASelect-Medical Receivables
Litigation Finance Fund International SP*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br><br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant. | Adversary Case No. 21-01167-abl<br><br>**OBJECTION TO THE TRIAL DECLARATION OF CHAD MEYER [ECF NO. 271]** |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, *et al.,*<br><br>Counter-Claimant,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP, *et al.,*<br><br>Counter-Defendants. | |

HASelect-Medical Receivables Litigation Finance Fund International SP's ("HASelect"), by and through its undersigned counsel, respectfully submits its objections to the *Trial Declaration of Chad Meyer* [ECF No. 271] (the "Meyer Declaration") which was filed on August 23, 2023.

## HASELECT'S OBJECTIONS

1. HASelect objects to paragraph 7 of the Meyer Declaration, specifically with respect to Mr. Meyer's allegations and claims regarding an equity interest in Griffin Asset Management, as such statements are not relevant and have no bearing on this case.

2. HASelect objects to paragraph 14 of the Meyer Declaration, specifically with respect to Mr. Meyer's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial.

3. HASelect objects to paragraph 16 of the Meyer Declaration, specifically with respect to Mr. Meyer's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial.

4. HASelect objects to paragraph 17 of the Meyer Declaration, specifically with respect to Mr. Meyer's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Specifically, whether or not "Infinity [was] acting as an agent for Tecumseh and Tecumseh holding the receivables" is a legal conclusion that is not appropriate for such factual testimony. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial.

5. HASelect objects to paragraph 18 of the Meyer Declaration, specifically with respect to Mr. Meyer's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to

this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial.

6. HASelect objects to paragraph 19 of the Meyer Declaration as it is hearsay, attempting to use out of court statements by nonparties for the truth of the matter.

7. HASelect objects to paragraph 20 of the Meyer Declaration as it contains improper legal conclusions as to Infinity's loan agreement with HASelect. HASelect further objects to Mr. Meyer's attempt to interpret documents that he alleges earlier in the same declaration that he claims he "had no specific involvement in the negotiation of the loan" and that any loan documents will speak for themselves. Mr. Meyer's alleged interpretation of loan documents to which he is not a party is improper and outside the scope of his understanding as a lay person.

8. HASelect objects to paragraph 21 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial.

9. HASelect objects to paragraph 22 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial.

10. HASelect objects to paragraph 24 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect further objects to Mr. Meyer's statements as they are in conflict with the law of the case doctrine as this Court has already determined that the parties, at least in part, did not intend to create a trust relationship.

11. HASelect objects to paragraph 25 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to this statement as it conflicts with the Sub-Advisory Agreement, which is a document that will speak for itself.

12. HASelect objects to paragraph 26 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect further objects to this paragraph as it conflicts with the findings already made by this Court in ruling on summary judgment motions in HASelect's favor—i.e., the law of the case doctrine. Further,

HASelect objects to this statement as it conflicts with the Sub-Advisory Agreement, which is a document that will speak for itself.

13.  HASelect objects to paragraph 27 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to this statement as it conflicts with the Sub-Advisory Agreement, which is a document that will speak for itself.

14.  HASelect objects to paragraph 28 of the Meyer Declaration as vague based on its use of the phrase "purchase and sale agreement". This Court is aware of the bills of sale between Infinity and Tecumseh as established in HASelect successfully moving for summary judgment with respect to several receivables that Tecumseh claimed ownership over.

15.  HASelect objects to paragraph 29 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial.

16.  HASelect objects to paragraph 30 (and the subparts thereof) of the Meyer Declaration as the Sub-Advisory Agreement is a document that will speak for itself.

17.  HASelect objects to paragraph 33 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to this paragraph to the extent Mr. Meyer is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Meyer and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d

576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied).

18. HASelect objects to paragraph 34 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial.

19. HASelect objects to paragraph 35 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect further objects to this paragraph as it conflicts with the findings already made by this Court in ruling on summary judgment motions in HASelect's favor—i.e., the law of the case doctrine. As this Court has already found, Infinity did purchase receivables in its own name prior to selling the same to Tecumseh.

20. HASelect objects to paragraph 37 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect further objects to this paragraph as it conflicts with the findings already made by this Court in ruling on summary judgment motions in HASelect's favor—i.e., the law of the case doctrine. As this Court has already found, Infinity did purchase receivables in its own name prior to selling the same to Tecumseh and thus directly acquired an interest in the "Receivables".

21. HASelect objects to paragraph 38 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect further objects to this paragraph as it conflicts with the findings already made by this Court in ruling on summary judgment motions in HASelect's favor—i.e., the law of the case doctrine. As this Court has already found, Infinity did purchase receivables in its own name prior to selling the same to Tecumseh and thus directly acquired an interest in the "Receivables". HASelect further objects to any reference to any Case Manager system allegedly reviewed to the extent that such documents were not produced during discovery in this matter.

22. HASelect objects to paragraph 39 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect further

objects to this paragraph as it conflicts with the findings already made by this Court in ruling on summary judgment motions in HASelect's favor—i.e., the law of the case doctrine. As this Court has already found, Infinity did purchase receivables in its own name prior to selling the same to Tecumseh and thus directly acquired an interest in the "Receivables". Further, whatever Tecumseh represented to its investors is not relevant as whether the receivables were owned by Infinity is a legal conclusion to be made by this Court.

23. HASelect objects to Paragraph 42 of the Meyer Declaration to the extent it seeks to characterize "ESD Verified HASOverlapDumpWith Income-Final.xlsx", which is a document that will speak for itself. HASelect further objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial.

24. HASelect objects to paragraph 43 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Meyer's statements disguised as legal conclusions regarding the relationship between Infinity and Tecumseh, which is to be decided by this Court as a factfinder.

25. HASelect objects to paragraph 46 of the Meyer declaration to the extent Mr. Meyer's statements are legal conclusions regarding the relationship of Infinity and Tecumseh, which is to be decided by this Court as a factfinder.

26. HASelect objects to paragraph 48 of the Meyer declaration because it does not identify who prepared such spreadsheets and thus lacks foundation. Further, Mr. Meyer is not an expert—but rather a layperson, and any testimony of his is limited as such. He may not testify on any matters requiring specialized knowledge as mandated by Fed. R. Evid. 701.

27. HASelect objects to paragraph 50 of the Meyer declaration because it does not identify who prepared such spreadsheets and thus lacks foundation. Further, Mr. Meyer is not an expert—but rather a layperson, and any testimony of his is limited as such. He may not testify on any matters requiring specialized knowledge as mandated by Fed. R. Evid. 701.

28. HASelect objects to paragraph 51 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect

objects to this statement to the extent it conflicts with any exhibits admitted in this case, which are documents that will speak for themselves. Further, HASelect objects to these statements as they lack proper foundation.

29. HASelect objects to paragraph 53 of the Meyer declaration because it does not identify who prepared such spreadsheets and thus lacks foundation.

30. HASelect objects to paragraph 54 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to this statement to the extent it conflicts with any exhibits admitted in this case, which are documents that will speak for themselves. Further, HASelect objects to these statements as they lack proper foundation.

31. HASelect objects to paragraph 56 of the Meyer declaration because it does not identify who prepared such spreadsheets and thus lacks foundation.

32. HASelect objects to paragraph 54 of the Meyer Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to this statement to the extent it conflicts with any exhibits admitted in this case, which are documents that will speak for themselves. Further, HASelect objects to these statements as they lack proper foundation.

33. HASelect reserves the right to assert additional objections to the proposed documents set forth in the Meyer Declaration as they are sought to be admitted during trial, as well as reserves the right to assert all relevant objections to Mr. Meyer's trial testimony and any other exhibits not referenced in his declaration.

///
///
///
///
///
///

34. For all the forgoing reasons, HASelect respectfully requests that the Court enter an order sustaining HASelect's objections to Mr. Meyer's testimony as set forth herein and strike the objected-to testimony from the record.

Dated this 23rd day of August 2023.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

# CERTIFICATE OF SERVICE

1. On August 23, 2022, I served the following document(s): **OBJECTION TO THE TRIAL DECLARATION OF CHAD MEYER [ECF NO. 271]**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

CLARISSE L. CRISOSTOMO on behalf of ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

GERALD M GORDON on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

GABRIELLE A. HAMM on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ghamm@Gtg.legal, bknotices@gtg.legal

MICHAEL D. NAPOLI on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com, cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

ARIEL E. STERN on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 23, 2022.

By: /s/ *Bart K. Larsen, Esq,*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432