1  Bart K. Larsen, Esq.
   Nevada Bar No. 8538
2  Kyle M. Wyant, Esq.
   Nevada Bar No. 14652
3  **SHEA LARSEN**
   1731 Village Center Circle, Suite 150
4  Las Vegas, Nevada 89134
   Telephone: (702) 471-7432
5  Fax: (702) 926-9683
   Email:  blarsen@shea.law
6          kwyant@shea.law

7  *Attorneys for HASelect-Medical Receivables*
   *Litigation Finance Fund International SP*
8

9              **UNITED STATES BANKRUPTCY COURT**

10                    **DISTRICT OF NEVADA**

11  In re:                                    │  Case No. 21-14486-abl

12  INFINITY CAPITAL MANAGEMENT, INC.         │  Chapter 7

13              Debtor.

14  ───────────────────────────────

15  HASELECT-MEDICAL RECEIVABLES            │  Adversary Case No. 21-01167-abl
    LITIGATION FINANCE FUND
16  INTERNATIONAL SP,

17              Plaintiff,                     │  **OBJECTION TO THE TRIAL**
                                              │  **DECLARATION OF MICHAEL**
18  v.                                        │  **BELOTZ [ECF NO. 273]**

19  TECUMSEH–INFINITY MEDICAL
    RECEIVABLES FUND, LP,
20
               Defendant.
21  ───────────────────────────────

22  HASELECT-MEDICAL RECEIVABLES
    LITIGATION FINANCE FUND
23  INTERNATIONAL SP, *et al.,*

               Counter-Claimant,
24
    v.
25
    TECUMSEH–INFINITY MEDICAL
26  RECEIVABLES FUND, LP, *et al.,*

27              Counter-Defendants.

28

HASelect-Medical Receivables Litigation Finance Fund International SP's ("HASelect"), by and through its undersigned counsel, respectfully submits its objections to the *Trial Declaration of Michael Belotz* [ECF No. 273] (the "Belotz Declaration") which was filed on August 23, 2023.

## HASELECT'S OBJECTIONS

1.      HASelect objects to paragraph 9 of the Belotz Declaration where Mr. Belotz states that "[DNA Partners] did some consulting for GAM but were not paid" as this statement is not relevant and lacks proper foundation.

2.      HASelect objects to paragraph 12 of the Belotz Declaration regarding Infinity providing information to Tecumseh and the timing of the NDA as such statement is not supported by the evidence, as will be shown at trial. Additionally, HASelect objects to statements regarding the emails as those documents will speak for themselves.

3.      HASelect objects to paragraph 13 of the Belotz Declaration regarding Infinity providing information to Tecumseh and the timing of the NDA as such statement is not supported by the evidence, as will be shown at trial. Additionally, HASelect objects to statements regarding the emails as those documents will speak for themselves.

4.      HASelect objects to paragraph 14 of the Belotz Declaration regarding Infinity providing information to Tecumseh and the timing of the NDA as such statement is not supported by the evidence, as will be shown at trial. Additionally, HASelect objects to statements regarding the emails as those documents will speak for themselves.

5.      HASelect objects to paragraph 15 of the Belotz Declaration to the extent it implies that Infinity had the authority to share any data with Tecumseh, an obvious competitor of HASelect.

6.      HASelect objects to paragraph 16 of the Belotz Declaration to the extent that it seeks to rely on inadmissible hearsay of nonparties. HASelect further objects to this paragraph to the extent it implies that Tecumseh was only aware of HASelect's loan based on this inadmissible hearsay.

7.      HASelect objects to paragraph 17 of the Belotz Declaration as it contains improper

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

legal conclusions as to Infinity's loan agreement with HASelect. HASelect further objects to Mr. Belotz's attempt to interpret documents for which he fails to lay the proper foundation and fails to have any personal knowledge regarding the intent and language used in such documents. Additionally, HASelect objects to any interpretation of documents by Mr. Belotz as those documents will speak for themselves.

8.      HASelect objects to paragraph 18 of the Belotz Declaration to the extent it seeks to admit inadmissible hearsay. HASelect further objects this paragraph as such statements are not supported by the evidence, as will be shown at trial.

9.      HASelect objects to paragraph 19 of the Belotz Declaration regarding statements as to competing with HASelect as such statements are not supported by the evidence, as will be shown at trial. HASelect further objects to such statements contained in this paragraph to the extent it seeks to make a legal conclusion regarding the relationship between Infinity and Tecumseh, which is more suited for this Court.

10.     HASelect objects to paragraph 20 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitute the law of the case.

11.     HASelect objects to paragraph 21 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitute the law of the case.

12.     HASelect objects to paragraph 22 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity,

which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case.

13.    HASelect objects to paragraph 23 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same.

14.    HASelect objects to paragraph 24 of the Belotz Declaration to the extent it seeks to admit inadmissible hearsay. HASelect further objects this paragraph as such statements are not supported by the evidence, specifically the Sub-Advisory Agreement, as will be shown at trial.

15.    HASelect objects to paragraph 25 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same. HASelect further objects this paragraph as such statements are not supported by the evidence, specifically the Sub-Advisory Agreement, as will be shown at trial.

16.    HASelect objects to paragraph 26 of the Belotz Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to this statement as it conflicts with the Sub-Advisory Agreement, which is a document

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

that will speak for itself.

17.     HASelect objects to paragraph 27 of the Belotz Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to this statement as it conflicts with the Sub-Advisory Agreement, which is a document that will speak for itself.   HASelect further objects to Mr. Belotz's attempt to provide legal opinions and impermissible expert testimony in violation of Fed. R. Evid. 701 and further based on Tecumseh's failure to designate him as such. HASelect further objects to these statements based on improper foundation and lack thereof.

18.     HASelect objects to paragraph 27 of the Belotz Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to this statement as it conflicts with the Sub-Advisory Agreement, which is a document that will speak for itself.

19.     HASelect objects to paragraph 30 (and the subparts thereof) of the Belotz Declaration as the Sub-Advisory Agreement is a document that will speak for itself.

20.     HASelect objects to paragraph 31 of the Belotz Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to the statements in this paragraph as irrelevant. HASelect additionally objects to Mr. Belotz's statements that HASelect did not assert a claim that it held a lien on the receivables as this Court has already found that HASelect had a perfected lien in all of the receivables, and clearly took issue with Tecumseh's underhanded attempts to do anything to compete with HASelect. HASelect further objects as these statements directly conflict with this Court's findings which have acknowledged HASelect's security interest over the receivables as shown by HASelect's stamping of the receivables, which were ultimately removed so that Tecumseh could purchase the same. As will be shown by evidence at trial, Tecumseh was well aware of HASelect's security interest prior to using Infinity to acquire receivables that Tecumseh then bought from Infinity.

21.     HASelect objects to paragraph 32 of the Belotz Declaration to the extent it seeks to admit inadmissible hearsay. HASelect further objects to this paragraph as such statements are not

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

supported by the evidence, specifically the Sub-Advisory Agreement, as will be shown at trial.

22.     HASelect objects to paragraph 33 of the Belotz Declaration to the extent it relies on speculation. Further, HASelect objects to the statements in this paragraph as such statements are not supported by the evidence—indeed, Tecumseh never entered into any agreements with any medical providers or personal injury plaintiff and, moreover, none of the medical providers contracts with Infinity or the liens from personal injury plaintiffs to Infinity even reference Tecumseh or the Sub Advisory Agreement.

23.     HASelect objects to paragraph 34 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same. HASelect further objects this paragraph as such statements are not supported by the evidence, specifically the Sub-Advisory Agreement, as will be shown at trial.

24.     HASelect objects to paragraph 35 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, including, but not limited to, the Sub-Advisory Agreement, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same. HASelect further objects this paragraph as such statements are not supported by the evidence, specifically the Sub-Advisory Agreement, as will be shown at trial.

25.     HASelect objects to paragraph 36 of the Belotz Declaration, specifically with

respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, including, but not limited to, the Sub-Advisory Agreement, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same.

26.     HASelect objects to paragraph 37 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, including, but not limited to, the Sub-Advisory Agreement, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same.

27.     HASelect objects to paragraph 39 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, including, but not limited to, the Sub-Advisory Agreement, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same. HASelect further objects to Mr. Belotz's reference to any "Case Manager" system to the extent no documents relating to the same have been produced by Tecumseh in this matter.

28.     HASelect objects to paragraph 40 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity,

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Mr. Belotz's statements are also objectionable under the law of the case doctrine as this Court has already found that, at least with respect to the Series 1-A through 1-E, 1-G, and 1-H receivables were owned by Infinity. Further, it is irrelevant as to what Tecumseh stated to its investors or the IRS and such statements are entirely self-serving.

29.    HASelect objects to paragraph 41 of the Belotz Declaration to the extent it assumes facts not in evidence, namely, that Tecumseh acquired any receivables. Indeed, Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity is a legal conclusion that is central to the issues of this case and simply attempts to displace the role of this Court. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Mr. Belotz's statements are also objectionable under the law of the case doctrine as this Court has already found that, at least with respect to the Series 1-A through 1-E, 1-G, and 1-H receivables were owned by Infinity. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same.

30.    HASelect objects to paragraph 42 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same.

31.    HASelect objects to paragraph 43 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity,

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same.

32.    HASelect objects to paragraph 45 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same.

33.    HASelect objects to paragraph 46 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same.

34.    HASelect objects to paragraph 47 of the Belotz declaration based on improper foundation and lack of any foundation whatsoever.

35.    HASelect objects to paragraph 48 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to

this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same. HASelect further objects to Mr. Belotz's reference to any "Case Manager" system to the extent no documents relating to the same have been produced by Tecumseh in this matter.

36.   HASelect objects to paragraph 48 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same. HASelect further objects to Mr. Belotz's reference to any "internal database" to the extent no documents relating to the same have been produced by Tecumseh in this matter.

37.   HASelect objects to paragraph 49 of the Belotz Declaration to the extent it seeks to rely on inadmissible hearsay from a nonparty put forth for the truth of the matter. HASelect further objects to Mr. Belotz's attempt to rely upon inadmissible hearsay as it directly contradicts prior testimony from Mr. Hemmers under oath, and as such, Mr. Belotz's statements under oath are not supported by the evidence, which will be introduced at trial.

38.   HASelect objects to paragraph 50 of the Belotz Declaration to the extent it asserts a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect also objects to the extent that such reports prepared by "other employees" constitute inadmissible hearsay to which no exception applies. HASelect further objects to Mr.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Belotz's reference to any "analysis" to the extent no documents relating to the same have been produced by Tecumseh in this matter. HASelect also objects to this statement based on improper foundation, or lack thereof entirely.

39.    HASelect objects to paragraph 52 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same. HASelect further objects to the statements by Mr. Belotz in this paragraph to the extent they constitute inadmissible hearsay from a nonparty.

40.    HASelect objects to paragraph 53 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same.

41.    HASelect objects to paragraph 54 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and

acquired an interest in the same.

42.    HASelect objects to paragraph 55 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same. HASelect further objects to the statements by Mr. Belotz in this paragraph to the extent they constitute inadmissible hearsay.

43.    HASelect objects to paragraph 56 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case.

44.    HASelect objects to paragraph 57 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict with this Court's findings previously made in this action which constitutes the law of the case.

45.    HASelect objects to paragraph 58 of the Belotz Declaration, specifically with respect to Mr. Belotz's characterization of the structure of Tecumseh's relationship with Infinity, which is a legal conclusion that is central to the issues of this case. Further, HASelect objects to this paragraph and the statements therein as they are not supported by the evidence, as will be shown at trial. Further, HASelect objects to Mr. Belotz's statements as they are directly in conflict

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

with this Court's findings previously made in this action which constitutes the law of the case. Indeed, this Court has already found that Infinity did purchase the receivables in its own name and acquired an interest in the same. HASelect further objects pursuant to Fed. R. Evid. 701 as Mr. Belotz is a layperson and may not testify on matters requiring scientific or specialized knowledge, which includes the tracing of funds.

46.    HASelect objects to paragraph 59 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied).

47.    HASelect objects to paragraph 60 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the

SHEA LARSEN

1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

48.     HASelect objects to paragraph 61 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion

evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds****….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

49.     HASelect objects to paragraph 62 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds****….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

50.    HASelect objects to paragraph 63 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant **would be necessary to trace the distribution of funds**….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

51.    HASelect objects to paragraph 64 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

52.    HASelect objects to paragraph 65 of the Belotz Declaration to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and

ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant **would be necessary to trace the distribution of funds**….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evi. 701's principles.

53.    HASelect objects to paragraph 66 of the Belotz Declaration as it seeks to rely on inadmissible hearsay. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant **would be necessary to trace the distribution of funds**….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evi. 701's principles.  HASelect further objects to the extent that Mr. Belotz uses estimations and averages rather than specific figures.

54.    HASelect objects to paragraph 67 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

55.    HASelect objects to paragraph 68 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant *would be necessary to trace the distribution of funds*….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

56.    HASelect objects to paragraph 69 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant *would be necessary to trace the distribution of funds*….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should

not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

57.    HASelect objects to paragraph 70 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

58.    HASelect objects to paragraph 71 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

59.    HASelect objects to paragraph 72 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

60.    HASelect objects to paragraph 73 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's

principles.

61.     HASelect objects to paragraph 74 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant **would be necessary to trace the distribution of funds**….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.  HASelect further objects to Mr. Belotz's statements that are legal conclusions, such as, the ownership of funds in the Bank of America Account.

62.     HASelect objects to paragraph 75 of the Belotz Declaration as it lacks proper foundation in its entirety as it does not identify any individual allegedly assisting with such a task, and HASelect further objects to the extent that such individuals were not disclosed as potential witnesses in accordance with Fed. R. Civ. P. 26. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1  such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson

2  may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule

3  702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS

4  117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as

5  to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing

6  commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion

7  evidence from a forensic accountant, he might be able to establish the necessary link with respect

8  to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711,

9  2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually

10  requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that,

11  in the criminal context and ineffective assistance of counsel, "We believe that it should have been

12  obvious…that the assistance of an accountant ***would be necessary to trace the distribution of***

13  ***funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should

14  not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's

15  principles.

16          63.    HASelect objects to paragraph 76 of the Belotz Declaration as it contains

17  inadmissible hearsay. Further, HASelect objects to this paragraph to the extent Mr. Belotz is

18  attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz

19  and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to

20  scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also*

21  *Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D.

22  Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of

23  funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to

24  their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic

25  accountant, he might be able to establish the necessary link with respect to some (but not all) of the

26  disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219,

27  *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance);

28

*United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant **would be necessary to trace the distribution of funds**….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

64.     HASelect objects to paragraph 77 of the Belotz Declaration as it contains inadmissible hearsay. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant **would be necessary to trace the distribution of funds**….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

65.     HASelect objects to paragraph 78 of the Belotz Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect further objects to Mr. Belotz's statements in this paragraph as any documents reference will speak for themselves and is the best evidence of such information. Further, HASelect objects to Mr. Belotz's attempts to provide legal conclusions and invade the factfinding position of this Court. Further,

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

66.    HASelect objects to paragraph 79 of the Belotz Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect further objects to Mr. Belotz's statements in this paragraph as any documents reference will speak for themselves and are the best evidence of such information. Further, HASelect objects to Mr. Belotz's attempts to provide legal conclusions and invade the factfinding position of this Court. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court

recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

67.    HASelect objects to paragraph 80 of the Belotz Declaration and the statements therein as they are not supported by the evidence, as will be shown at trial. HASelect further objects to Mr. Belotz's statements in this paragraph as any documents reference will speak for themselves and are the best evidence of such information. Further, HASelect objects to Mr. Belotz's attempts to provide legal conclusions and invade the factfinding position of this Court. Further, HASelect objects to this paragraph to the extent Mr. Belotz is attempting to perform a tracing exercise, which is not proper for a layperson such as Mr. Belotz and, as such, is in violation of Fed. R. Evidence 701 (stating that a layperson may not testify as to scientific, technical, or other specialized knowledge within the scope of Rule 702); *see also Western Alliance Bank v. Jefferson*, No. 2:14-cv-0761, 2016 U.S. Dist. LEXIS 117566, * 6 (D. Ariz. Aug. 30, 2016) (excluding testimony on a motion in limine of a layperson as to the tracing of funds stating that "[t]he court recognizes the difficulties inherent in tracing commingled funds to their sources" and further stating that "[i]f Jefferson had expert opinion evidence from a forensic accountant, he might be able to establish the necessary link with respect to some (but not all) of the disputed transfers."); *Chiteishvili v. Vertifx LLC*, No. CV 17-08711, 2023 U.S. Dist. LEXIS 66219, *20 (C.D. Cal. Feb. 16, 2023) (acknowledging that tracing usually requires expert assistance); *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983) (stating that, in the criminal context and ineffective assistance of

counsel, "We believe that it should have been obvious…that the assistance of an accountant ***would be necessary to trace the distribution of funds***….") (emphasis supplied). Tecumseh failed to disclose any expert in this matter, and should not be allowed to engage in trial by ambush, especially in violation of Fed. R. Evid. 701's principles.

68.    HASelect reserves the right to assert additional objections to the proposed documents set forth in the Belotz Declaration as they are sought to be admitted during trial, as well as reserves the right to assert all relevant objections to Mr. Belotz's trial testimony and any other exhibits not referenced in his declaration.

69.    For all the forgoing reasons, HASelect respectfully requests that the Court enter an order sustaining HASelect's objections to Mr. Belotz's testimony as set forth herein and strike the objected-to testimony from the record.

Dated this <u>23rd</u> day of August 2023.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables*
*Litigation Finance Fund International SP*

**CERTIFICATE OF SERVICE**

1.      On August 23, 2022, I served the following document(s): **OBJECTION TO THE TRIAL DECLARATION OF MICHAEL BELOTZ [ECF NO. 273]**

2.      I served the above document(s) by the following means to the persons as listed below:

☒     a.     ECF System:

CLARISSE L. CRISOSTOMO on behalf of ROBERT E. ATKINSON
clarisse@nv-lawfirm.com, bknotices@nv-lawfirm.com

GERALD M GORDON on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ggordon@gtg.legal, bknotices@gtg.legal

GABRIELLE A. HAMM on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ghamm@Gtg.legal, bknotices@gtg.legal

MICHAEL D. NAPOLI on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
michael.napoli@akerman.com,
cindy.ferguson@akerman.com;catherine.kretzschmar@akerman.com;laura.taveras@akerman.com;masterdocketlit@akerman.com;teresa.barrera@akerman.com

ARIEL E. STERN on behalf of TECUMSEH-INFINITY MEDICAL RECEIVABLES FUND, LP
ariel.stern@akerman.com, akermanlas@akerman.com

☐     b.     United States mail, postage fully prepaid:

☐     c.     Personal Service:

I personally delivered the document(s) to the persons at these addresses:

    ☐     For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐     For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐     d.     By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐     e.     By fax transmission:

SHEA LARSEN<br>1731 Village Center Circle, Suite 150<br>Las Vegas, Nevada 89134<br>(702) 471-7432

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐        f.        By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 23, 2022.

By: /s/ *Bart K. Larsen, Esq,*