GARMAN TURNER GORDON LLP
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
JARED SECHRIST
Nevada Bar No. 10439
E-mail: jsechrist@gtg.legal
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000 / Fax: (725) 777-3112

*Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*

MICHAEL D. NAPOLI, ESQ.
*Pro hac vice*
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 720-4360 / Fax: (214) 720-8116

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 634-5000 / Fax: (702) 380-8572
Email: ariel.stern@akerman.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC. *dba* INFINITY HEALTH CONNECTIONS,<br><br>Debtor. | Case No. 21-14486-abl<br><br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP,<br><br>Defendant. | Adversary Case No. 21-01167-abl<br><br>**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT/COUNTER-DEFENDANT TECUMSEH–INFINITY MEDICAL RECEIVABLE FUND, LP** |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, et al.,<br><br>Counter-Claimant,<br><br>v.<br><br>TECUMSEH–INFINITY MEDICAL RECEIVABLES FUND, LP, et. al.,<br><br>Counter-Defendants. | Hearing Date: May 14, 2024<br>Time: 10:00 A.M. |

4

Garman Turner Gordon LLP ("GTG") hereby submits its motion to withdraw as counsel for Defendant/Counter-defendant Tecumseh–Infinity Medical Receivable Fund, LP ("Tecumseh" and "Defendant"), in the above-captioned adversary proceeding (the "Motion"). This Motion is made and based on the following points and authorities, the declaration of Jared M. Sechrist, Esq. in support of the Motion (the "Sechrist Decl."), the papers and pleadings of which the Court may take judicial notice, and any evidence or oral argument presented at the time of the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Nevada Rules of Professional Conduct Rule 1.16(b), LR IA 11-6(b), and Local Rule 2014.

### II. RELEVANT FACTS

1. Debtor Infinity Capital Management, Inc. ("Infinity") filed its chapter 7 petition on September 14, 2021. [Main Case, ECF No. 1].

2. On October 19, 2021, Adversary Plaintiff HASelect-Medical Receivables Litigation Finance Fund International SP ("HAS") filed Adversary Case No. 21-01167 ("Adversary Case"), naming Tecumseh as a Defendant. [Adversary Case, ECF No. 1].

3. On November 19, 2021, Tecumseh, through its counsel, Akerman LLP ("Akerman"), filed its answer and counterclaim in the Adversary Case. [ECF No. 12]. Michael Napoli and Ariel Stern are both attorneys at Akerman who have appeared in this case on behalf of Tecumseh. Mr. Stern is a Nevada-licensed attorney. Mr. Napoli has appeared pro hac vice (*see* Adversary Case, ECF No. 11 (Order Approving Verified Petition)).

4. On December 9, 2021, GTG also appeared in the Adversary Case on behalf of Tecumseh. [Adversary Case, ECF No. 18].

5. On August 24, 25, 28, 29, and 31, 2023, this Court held a trial in the Adversary Case. GTG and Akerman attorneys represented Tecumseh at the trial.

6. On November 8, 2023, GTG and Akerman, as counsel for Tecumseh, filed Tecumseh's Closing Statement. [Adversary Case, ECF No. 290].

7. Since the conclusion of the trial, GTG's relationship with Tecumseh has deteriorated, including Tecumseh's failure to pay GTG's outstanding invoices. Sechrist Decl. ¶ 6.

8. On April 1, 2024, GTG sent Tecumseh's principal, Chad Meyer, a Notice of Withdrawal with a request that Tecumseh execute the same. As of the filing of this Motion, Tecumseh has not responded to GTG's request.

9. GTG's relationship with Tecumseh is no longer a functional attorney/client relationship. *Id.* ¶ 7.  It is, therefore, not feasible for GTG to represent Tecumseh in this matter.

## III.

## **LEGAL AUTHORITY**

Local Rule IA 11-6, made applicable to this bankruptcy matter pursuant to Local Rule 1001(b)(2) states, in pertinent part, as follows:

> (b) If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.
>
> . . .
>
> (e) Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

Nevada Supreme Court Rule 46 provides that an attorney may withdraw from a matter "at any time before judgment or final determination . . . upon the order of the Court or Judge thereof on the application the attorney . . . ."

Nevada Rule of Professional Conduct 1.16(b) provides, in pertinent part, as follows:

> [A] lawyer may withdraw from representing a client if:
>
> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

. . .

(6) the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client; or

(7) if other good cause exists for terminating the representation.

Here, GTG's relationship with Tecumseh has deteriorated to the point that continued representation is impracticable. Tecumseh has failed to pay GTG's invoices in accordance with the parties' agreed compensation schedule. Tecumseh has not responded to GTG's request to execute a Notice of Withdrawal. And, here, Tecumseh will not be prejudiced by GTG's withdrawal because: i) Tecumseh has local Akerman counsel (Mr. Stern); ii) Mr. Napoli continues to represent Tecumseh in conjunction with his Akerman colleague, Mr. Stern; and iii) this matter has already proceeded through trial. Accordingly, GTG respectfully requests an order from this Court authorizing its withdrawal from representation of Tecumseh.

## IV. **CONCLUSION**

Garman Turner Gordon LLP respectfully requests that the Court grant it leave to withdraw as counsel for the Tecumseh in this case, and grant it such other and further relief as is just and proper.

Dated this 9th day of April 2024.

        GARMAN TURNER GORDON LLP

        By: */s/ Jared M. Sechrist*
            GERALD M. GORDON, ESQ.
            JARED M. SECHRIST, ESQ.
            7251 Amigo St., Suite 210
            Las Vegas, Nevada 89119

            MICHAEL D. NAPOLI, ESQ. (*Pro hac vice*)
            AKERMAN LLP
            2001 Ross Avenue, Suite 3600
            Dallas, Texas 75201

            ARIEL E. STERN, ESQ.
            Nevada Bar No. 8276
            AKERMAN LLP
            1635 Village Center Circle, Suite 200
            Las Vegas, Nevada 89134

            *Attorneys for Tecumseh–Infinity Medical Receivable Fund, LP*